BMR:JB
F.#2005R00060

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against –

VINCENT BASCIANO,
    also known as "Vinny
    Gorgeous" and "Vinny
    from the Bronx,"
MICHAEL MANCUSO,
    also known as "Michael the
    Nose,"
ANTHONY INDELICATO,
    also known as "Bruno,"
ANTHONY AIELLO,
    also known as "Ace" and "T,"
ANTHONY DONATO,
    also known as "Little
    Anthony,"
VINCENZO MASI,
    also known as "Vinny,"
FRANK ESPOSITO,
    also known as "Fat Frank,"
    and
EUGENE GALLO,
    also known as "Gene,"

        Defendants.

- - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 05-0060 (S-6) (NGG)
(T. 18, U.S.C., §§ 894(a)(1),
924(c)(1)(A)(iii),
981(a)(1)(C), 1955,
1959(a)(1), 1959(a)(3),
1959(a)(5), 1959(a)(6),
1962(c), 1962(d), 1963, 2 and
3551 et seq.; T. 21, U.S.C.
§ 853(p); T. 28, U.S.C.
§ 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

    At all times relevant to this superseding indictment,

unless otherwise indicated:

The Enterprise

      1.   The members and associates of the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family") constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The Bonanno family engaged in, and its activities affected, interstate and foreign commerce.  The Bonanno family was an organized criminal group that operated in the Eastern District of New York, other parts of the United States and Canada.

      2.   The Bonanno family operated through groups of individuals headed by "captains," who were also referred to as "skippers," "caporegimes" and "capodecinas."  These groups, which were referred to as "crews," "regimes" and "decinas," consisted of "made" members of the Bonanno family, also referred to as "soldiers," "friends of ours," "good fellows" and "buttons," as well as associates of the Bonanno family.

      3.   Each captain was responsible for supervising the criminal activities of his crew and providing crew members and associates with support and protection.  In return, the captain received a share of the earnings of each of the crew's members and associates.

      4.   Above the captains were the three highest-ranking members of the Bonanno family.  The head of the Bonanno family was known as the "boss."  He was assisted by an "underboss" and a

counselor, who was known as the "consigliere."  With the
assistance of the underboss and consigliere, the boss was
responsible for setting policy, resolving disputes between
members and associates of the Bonanno family and members and
associates of other criminal organizations, and approving all
significant actions taken by members and associates of the
Bonanno family, including murder.

     5.   The boss, underboss and consigliere of the Bonanno
family, who were sometimes referred to collectively as the
"administration," supervised, supported, protected and
disciplined the captains, soldiers and associates and regularly
received reports regarding the activities of the members and
associates of the Bonanno family.  In return for their
supervision and protection, the boss, underboss and consigliere
received part of the illegal earnings of each crew.  When a
member of the administration was unable to fulfill his criminal
responsibilities because of incarceration, ill health or other
reason, a member of the Bonanno family was often appointed to
that position in an acting capacity.

     6.   The Bonanno family was part of a nationwide
criminal organization known by various names, including the
"mafia" and "La Cosa Nostra," which operated through entities
known as "families."  The ruling body of this nationwide
organization was known as the "commission," the membership of
which at various times has included the bosses of the five New

York City-based families, to wit: the Bonanno, Colombo, Gambino, Genovese and Luchese organized crime families.  For a period of time, the boss of the Bonanno family was removed from membership within the commission.

    7.    From time to time, the Bonanno family would propose a list of associates to be "made," that is, to become members of the Bonanno family.  The list would be circulated to the other families based in New York City.

The Purposes, Methods and Means of the Enterprise

    8.    The Bonanno family constituted an ongoing organization, whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The principal purpose of the Bonanno family was to generate money for its members and associates.  This purpose was implemented by members and associates of the Bonanno family through various criminal activities, including arson, credit card fraud, drug trafficking, extortion, kidnaping, illegal gambling, interstate transportation of stolen goods, loansharking, and robbery.  The members and associates of the Bonanno family also furthered the enterprise's criminal activities by threatening economic injury and using and threatening to use physical violence, including murder.

    9.    Although the primary purpose of the Bonanno family was to generate money for its members and associates, the members and associates at times used the resources of the Bonanno family

to settle personal grievances and vendettas, sometimes with the approval of higher-ranking members of the Bonanno family.  For those purposes, members and associates of the enterprise were asked and expected to carry out, among other crimes, acts of violence, including murder and assault.

10.   The members and associates of the Bonanno family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the location of proceeds of those activities.  That conduct included a commitment to murdering persons, particularly members or associates of organized crime families, who were perceived as potential witnesses against members and associates of the enterprise.

11.   Members and associates of the Bonanno family often coordinated street-level criminal activity, such as drug trafficking, illegal gambling, loansharking, extortion, and robbery, with members and associates of other organized crime families.

<u>The Defendants</u>

12.   At various times, the defendant VINCENT BASCIANO, also known as "Vinny Gorgeous" and "Vinny from the Bronx," was an acting boss, a captain, a soldier and an associate within the Bonanno family.  The defendant VINCENT BASCIANO became the acting boss of the Bonanno family following the January 20, 2004 arrest and incarceration of Bonanno family acting boss Anthony Urso, who became the Bonanno family acting boss following the January 9,

2003 arrest and incarceration of Bonnano family official boss
Joseph Massino.

13.   At various times, the defendant MICHAEL MANCUSO,
also known as "Michael the Nose," was an acting boss, an acting
underboss, a captain, a soldier and an associate within the
Bonanno family.  MICHAEL MANCUSO became the acting boss of the
Bonanno family following the November 19, 2004 arrest and
incarceration of Bonanno family acting boss VINCENT BASCIANO.

14.   At various times, the defendant ANTHONY
INDELICATO, also known as "Bruno," was a captain, a soldier and
an associate within the Bonanno family.  At various times,
defendants ANTHONY AIELLO, also known as "Ace" and "T," and
ANTHONY DONATO, also known as "Little Anthony," were soldiers and
associates within the Bonanno family.

15.   At various times, the defendants VINCENZO MASI,
also known as "Vinny," FRANK ESPOSITO, also known as "Fat Frank,"
and EUGENE GALLO, also known as "Gene," were associates within
the Bonanno family.

VINCENT BASCIANO's Post-Arrest<br>
<u>Participation in the Affairs of the Bonanno Family</u>

16.   On or about November 19, 2004, the defendant
VINCENT BASCIANO was arrested based on a separate indictment and
incarcerated at the Metropolitan Detention Center in Brooklyn,
New York ("MDC").

17.   Following his November 19, 2004 incarceration, the
defendant VINCENT BASCIANO used a relative on his visiting list

and a criminal defense attorney to send messages from prison to members and associates of the Bonanno family regarding the maintenance and ongoing operation of the Bonanno family.   Prior to his November 19, 2004 incarceration, BASCIANO used the criminal defense attorney and a private investigator to send messages regarding the maintenance and ongoing operation of the Bonnano family to the official boss of the Bonnano family, Joseph Massino, who was incarcerated at the MDC.

18.   On or about November 23, 2004, the defendant VINCENT BASCIANO saw Joseph Massino, the official boss of the Bonanno family, at the federal district courthouse in Brooklyn, New York.   At that time, BASCIANO proposed the murder of a federal law enforcement official involved in investigating and prosecuting members and associates of the Bonanno family, including BASCIANO.

19.   On or about December 3, 2004, the defendant VINCENT BASCIANO met Massino at the MDC.   BASCIANO discussed, among other things, the murder of Randolph Pizzolo, also known as "Randy."   BASCIANO reported that certain members and associates of the Bonanno family, acting at his direction, had murdered Pizzolo.

20.   Pizzolo's body was found on December 1, 2004 in the Greenpoint section of Brooklyn, New York.   Pizzolo's body had multiple gun shot wounds.   Pizzolo was an associate of the Bonanno family.

21.   Following the December 3, 2004 encounter with the defendant VINCENT BASCIANO, Massino reported to federal law enforcement officials the substance of BASCIANO's comments regarding the proposed murder of a federal law enforcement official and the murder of Pizzolo.

22.   On January 3, 2005 and January 7, 2005, the defendant VINCENT BASCIANO met with Massino at the MDC.   Prior to those meetings, Massino gave his consent to federal law enforcement officials to record these conversations, and the conversations between BASCIANO and Massino on January 3 and 7, 2005 were recorded.

23.   During the two January 2005 meetings, the defendant VINCENT BASCIANO and Massino spoke about, among other things, the threat on the federal law enforcement official, the murder of Pizzolo and the ongoing and future operation of the Bonanno family.

24.   During the January 3, 2005 conversation, the defendant VINCENT BASCIANO explained his justification for ordering the murder of Pizzolo.   In response to the question "Why didn't you just chase him?", BASCIANO stated:   "You want to know why?  Because he is a f-----g dangerous kid that don't f-----g listen."  Later in the conversation, BASCIANO further discussed the murder of Pizzolo: "I thought this kid would have been a good wake-up call for everybody."

## COUNT ONE
(Racketeering)

25.   The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

26.   In or about and between February 1997 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VINCENT BASCIANO, also known as "Vinny Gorgeous" and "Vinny from the Bronx," ANTHONY AIELLO, also known as "Ace" and "T," ANTHONY INDELICATO, also known as "Bruno," VINCENZO MASI, also known as "Vinny," FRANK ESPOSITO, also known as "Fat Frank," and EUGENE GALLO, also known as "Gene," together with others, being persons employed by and associated with the Bonanno family, an enterprise that engaged in, and the activities of which affected, interstate commerce, knowingly and intentionally conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
(Murder/Murder Conspiracy)

27.   The defendants named below committed the following acts, either one of which alone constitutes racketeering act one:

A.   <u>Conspiracy to Murder Randolph Pizzolo</u>

28.   In or about and between November 2004 and December 1, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VINCENT BASCIANO and ANTHONY AIELLO, together with others, knowingly and intentionally conspired to cause the death of Randolph Pizzolo, also known as "Randy," in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.   <u>Murder of Randolph Pizzolo</u>

29.   On or about December 1, 2004, within the Eastern District of New York, the defendants VINCENT BASCIANO and ANTHONY AIELLO, together with others, with intent to cause the death of Randolph Pizzolo, also known as "Randy," caused his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

<u>RACKETEERING ACT TWO</u>
(Murder/Murder Conspiracy)

30.   The defendants named below committed the following acts, either one of which alone constitutes racketeering act two:

A.   <u>Conspiracy to Murder Frank Santoro</u>

31.   In or about and between January 1, 2001 and February 15, 2001, both dates being approximate and inclusive, within the Southern District of New York, the defendant ANTHONY INDELICATO, together with others, knowingly and intentionally conspired to cause the death of Frank Santoro, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.   <u>Murder of Frank Santoro</u>

32.  On or about February 15, 2001, within the Southern District of New York, the defendant ANTHONY INDELICATO, together with others, with intent to cause the death of Frank Santoro, caused his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

<u>RACKETEERING ACT THREE</u>
(Solicitation to Murder)

33.  On or about November 23, 2004, within the Eastern District of New York, the defendant VINCENT BASCIANO knowingly and intentionally solicited, requested, importuned and otherwise attempted to cause another person to cause the death of a federal law enforcement official whose identity is known to the grand jury, with intent that such other person cause the death of the federal law enforcement official in violation of New York Penal Law Section 125.25(1), in violation of New York Penal Law Section 100.10.

<u>RACKETEERING ACT FOUR</u>
(Solicitation to Murder/Murder Conspiracy)

34.  The defendant named below committed the following acts, either one of which alone constitutes racketeering act four:

A.   <u>Conspiracy to Murder Patrick DeFilippo</u>

35.  In or about and between August 2003 and November 19, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants

VINCENT BASCIANO and ANTHONY INDELICATO, together with others, knowingly and intentionally conspired to cause the death of Patrick DeFilippo, also known as "Patty from the Bronx," in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.   Solicitation to Murder Patrick DeFilippo

36.   In or about and between August 2003 and November 19, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VINCENT BASCIANO, together with others, knowingly and intentionally solicited, requested, importuned and otherwise attempted to cause another person to cause the death of Patrick DeFilippo, also known as "Patty from the Bronx," with intent that such other person cause the death of Patrick DeFilippo in violation of New York Penal Law Section 125.25(1), in violation of New York Penal Law Sections 100.10 and 20.00.

RACKETEERING ACT FIVE
(Extortionate Collection of Credit - John Doe #1)

37.   The defendants named below committed the following acts, either one of which alone constitutes racketeering act five:

A.   Extortionate Collection of Credit Conspiracy

38.   On or about and between October 1, 2004 and November 12, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO, VINCENZO MASI, FRANK ESPOSITO and EUGENE GALLO, together with others, knowingly and intentionally

conspired to use extortionate means to collect extensions of credit from John Doe #1, an individual whose identity is known to the grand jury, in violation of Title 18, United States Code, Section 894(a)(1).

      B.   Extortionate Collection of Credit

      39.  On or about and between October 1, 2004 and November 12, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO, VINCENZO MASI, FRANK ESPOSITO and EUGENE GALLO, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect extensions of credit from John Doe #1, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

RACKETEERING ACT SIX
(Extortionate Collection of Credit - John Doe #2)

      40.  The defendants named below committed the following acts, either one of which alone constitutes racketeering act six:

      A.   Extortionate Collection of Credit Conspiracy

      41.  In or about and between September 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO and VINCENZO MASI, together with others, knowingly and intentionally conspired to use extortionate means to collect extensions of credit from John Doe #2, an individual whose

identity is known to the grand jury, in violation of Title 18, United States Code, Section 894(a)(1).

B.    Extortionate Collection of Credit

42.   In or about and between September 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO and VINCENZO MASI, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect extensions of credit from John Doe #2, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

RACKETEERING ACT SEVEN
(Extortionate Collection of Credit - John Doe #3)

43.   The defendants named below committed the following acts, either one of which alone constitutes racketeering act seven:

A.    Extortionate Collection of Credit Conspiracy

44.   In or about and between September 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO and VINCENZO MASI, together with others, knowingly and intentionally conspired to use extortionate means to collect extensions of credit from John Doe #3, an individual whose identity is known to the grand jury, in violation of Title 18, United States Code, Section 894(a)(1).

B.  <u>Extortionate Collection of Credit</u>

45.  In or about and between September 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO and VINCENZO MASI, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect extensions of credit from John Doe #3, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

<u>RACKETEERING ACT EIGHT</u>
(Illegal Gambling – Bookmaking Operation)

46.  The defendants named below committed the following acts, either one of which alone constitutes racketeering act eight:

A.  <u>Federal Gambling Law</u>

47.  In or about and between 1999 and November 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANK ESPOSITO and EUGENE GALLO, together with others, knowingly and intentionally conducted, financed, managed, supervised, directed and owned all or part of an illegal gambling business, to wit: a gambling business involving bookmaking, which operated in violation of the laws of New York State, to wit: New York Penal Law Sections 225.05, 225.10(1) and 20.00, which involved five or more people who conducted, financed, managed, supervised, directed and owned all or part of the business and which remained

in substantially continuous operation for a period in excess of thirty days and had a gross revenue of at least $2,000 in any single day, in violation of Title 18, United States Code, Sections 1955 and 2.

       B.   State Gambling Law

       48.  In or about and between 1999 and November 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANK ESPOSITO and EUGENE GALLO, together with others, knowingly and intentionally advanced and profited from unlawful gambling activity by engaging in bookmaking by receiving and accepting, in any one day, more than five bets totaling more than five thousand dollars, in violation of New York Penal Law Sections 225.10(1) and 20.00.

RACKETEERING ACT NINE
(Illegal Gambling – Bookmaking Operation)

       49.  The defendants named below committed the following acts, either one of which alone constitutes racketeering act nine:

       A.   Federal Gambling Law

       50.  In or about and between January 2004 and January 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO and VINCENZO MASI, together with others, knowingly and intentionally conducted, financed, managed, supervised, directed and owned all or part of an illegal gambling business,

to wit: a gambling business involving bookmaking, which operated in violation of the laws of New York State, to wit: New York Penal Law Sections 225.05, 225.10(1) and 20.00, which involved five or more people who conducted, financed, managed, supervised, directed and owned all or part of the business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of at least $2,000 in any single day, in violation of Title 18, United States Code, Sections 1955 and 2.

B.   State Gambling Law

51.   In or about and between January 2004 and January 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO and VINCENZO MASI, together with others, knowingly and intentionally advanced and profited from unlawful gambling activity by engaging in bookmaking by receiving and accepting, in any one day, more than five bets totaling more than five thousand dollars, in violation of New York Penal Law Sections 225.10(1) and 20.00.

RACKETEERING ACT TEN
(Robbery Conspiracy - John Doe #4)

52.   In or about and between August 2004 and November 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO and VINCENZO MASI, together with others, knowingly and intentionally conspired to forcibly steal property, to wit:

money, from John Doe #4, an individual whose identity is known to the grand jury, while aided by another person actually present, in violation of New York Penal Law Sections 160.10(1) and 105.10.

### RACKETEERING ACT ELEVEN
(Robbery Conspiracy – John Doe #5)

53.   In or about and between January 2004 and July 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO and VINCENZO MASI, together with others, knowingly and intentionally conspired to forcibly steal property, to wit: money, from John Doe #5, an individual whose identity is known to the grand jury, while aided by another person actually present, in violation of New York Penal Law Sections 160.10(1) and 105.10.

### RACKETEERING ACT TWELVE
(Robbery Conspiracy - Cafe Vienna)

54.   In or about and between February 1997 and March 5, 1997, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANTHONY AIELLO, together with others, knowingly and intentionally conspired to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, in that the defendant ANTHONY AIELLO and others agreed to commit a robbery of the Cafe Vienna, located at 66-11 Forest Avenue,

Queens, New York, its employees and patrons, in violation of
Title 18, United States Code, Section 1951(a).

   (Title 18, United States Code, Sections 1962(c), 1963
and 3551 et seq.)

COUNT TWO<br>(Racketeering Conspiracy)

   55. The allegations contained in paragraphs 1 through
24 are realleged and incorporated as if fully set forth in this
paragraph.

   56. In or about and between February 1997 and June
2005, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
ANTHONY AIELLO, also known as "Ace" and "T," VINCENZO MASI, also
known as "Vinny," FRANK ESPOSITO, also known as "Fat Frank," and
EUGENE GALLO, also known as "Gene," together with others, being
persons employed by and associated with the Bonanno family, an
enterprise that engaged in, and the activities of which affected,
interstate commerce, knowingly and intentionally conspired to
violate Title 18, United States Code, Section 1962(c), that is,
to conduct and participate, directly and indirectly, in the
conduct of the affairs of the enterprise through a pattern of
racketeering activity, as defined in Title 18, United States
Code, Sections 1961(1) and 1961(5).

   57. The pattern of racketeering activity through which
the above-named defendants, together with others, agreed to
conduct the affairs of the enterprise consisted of the acts set

forth in paragraphs 27 through 29 and 37 through 54 of Count One, as Racketeering Acts 1 and 5 through 12, which are realleged and incorporated as if fully set forth herein.  The defendants agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Conspiracy to Commit Murder in Aid of Racketeering)

58.  The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

59.  The Bonanno family enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder, extortion and gambling, in violation of New York State Penal Law, acts indictable under Title 18, United States Code, Sections 892, 893 and 894 (the making, financing, and collecting of extortionate extensions of credit), acts indictable under Title 18, United States Code, Section 1951 (extortion), acts indictable under Title 18, United States Code, Section 1955 (gambling), and acts involving narcotics trafficking in violation of Title 21, United States Code, Sections 841 and 846.

60.  In or about and between November 2004 and December 1, 2004, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants
VINCENT BASCIANO, also known as "Vinny Gorgeous" and "Vinny from
the Bronx," MICHAEL MANCUSO, also known as "Michael the Nose,"
and ANTHONY AIELLO, also known as "Ace" and "T," together with
others, for the purpose of gaining entrance to and maintaining
and increasing position in the Bonanno Family, an enterprise
engaged in racketeering activity, knowingly and intentionally
conspired to murder Randolph Pizzolo, also known as "Randy," in
violation of New York Penal Law Sections 125.25(1) and 105.15.

    (Title 18, United States Code, Sections 1959(a)(5) and
3551 et seq.)

COUNT FOUR
(Murder in Aid of Racketeering)

    61.  The allegations contained in paragraphs 1 through
24 and 59 are realleged and incorporated as if fully set forth in
this paragraph.

    62.  On or about December 1, 2004, within the Eastern
District of New York and elsewhere, the defendants VINCENT
BASCIANO, also known as "Vinny Gorgeous" and "Vinny from the
Bronx," MICHAEL MANCUSO, also known as "Michael the Nose," and
ANTHONY AIELLO, also known as "Ace" and "T," together with
others, for the purpose of gaining entrance to and maintaining
and increasing position in the Bonanno Family, an enterprise

engaged in racketeering activity, knowingly and intentionally murdered Randolph Pizzolo, also known as "Randy," in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

<u>COUNT FIVE</u>
(Using, Carrying and Possessing a Firearm)

63.   The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

64.   On or about December 1, 2004, within the Eastern District of New York, the defendants VINCENT BASCIANO, also known as "Vinny Gorgeous" and "Vinny from the Bronx," MICHAEL MANCUSO, also known as "Michael the Nose," and ANTHONY AIELLO, also known as "Ace" and "T," together with others, knowingly and intentionally used and carried a firearm during and in relation to crimes of violence, to wit: the crimes charged in Counts Three and Four, and knowingly and intentionally possessed such firearm, which firearm was discharged in furtherance of such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SIX
### (Conspiracy to Commit Murder in Aid of Racketeering)

65.   The allegations contained in paragraphs 1 through 24 and 59 are realleged and incorporated as if fully set forth in this paragraph.

66.   On or about and between January 1, 2001 and February 15, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANTHONY DONATO, also known as "Little Anthony," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the Bonanno Family, an enterprise engaged in racketeering activity, knowingly and intentionally conspired to murder Frank Santoro, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT SEVEN
### (Murder in Aid of Racketeering)

67.   The allegations contained in paragraphs 1 through 24 and 59 are realleged and incorporated as if fully set forth in this paragraph.

68.   On or about February 15, 2001, within the Eastern District of New York and elsewhere, the defendant ANTHONY DONATO, also known as "Little Anthony," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the Bonanno Family, an enterprise engaged in

racketeering activity, knowingly and intentionally murdered Frank Santoro, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT EIGHT
(Using, Carrying and Possessing a Firearm)

69.   The allegations contained in paragraphs 1 through 24 and 59 are realleged and incorporated as if fully set forth in this paragraph.

70.   On or about February 15, 2001, within the Southern District of New York, the defendant ANTHONY DONATO, also known as "Little Anthony," together with others, knowingly and intentionally used and carried a firearm during and in relation to crimes of violence, to wit: the crimes charged in Counts Six and Seven, and knowingly and intentionally possessed such firearm, which firearm was discharged in furtherance of such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT NINE
(Conspiracy to Commit Murder in Aid of Racketeering)

71.   The allegations contained in paragraphs 1 through 24 and 59 are realleged and incorporated as if fully set forth in this paragraph.

72.   In or about and between August 2003 and November
19, 2004, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
VINCENT BASCIANO, also known as "Vinny Gorgeous" and "Vinny from
the Bronx," and ANTHONY INDELICATO, also known as "Bruno,"
together with others, for the purpose of gaining entrance to and
maintaining and increasing position in the Bonanno Family, an
enterprise engaged in racketeering activity, knowingly and
intentionally conspired to murder Patrick DeFilippo, also known
as "Patty from the Bronx," in violation of New York Penal Law
Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and
3551 et seq.)

### COUNT TEN
(Assault in Aid of Racketeering)

73.   The allegations contained in paragraphs 1 through
24 and 59 are realleged and incorporated as if fully set forth in
this paragraph.

74.   On or about November 12, 2004, within the Eastern
District of New York and elsewhere, the defendants ANTHONY
AIELLO, also known as "Ace" and "T", and VINCENZO MASI, also
known as "Vinny," together with others, for the purpose of
gaining entrance to and maintaining and increasing position in
the Bonanno Family, an enterprise engaged in racketeering
activity, knowingly and intentionally assaulted John Doe #1 with
a dangerous weapon and with intent to cause serious bodily

injury, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT ELEVEN
(Extortionate Collection of Credit Conspiracy – John Doe #1)

75. The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

76. On or about and between October 1, 2004 and November 12, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO, also known as "Ace" and "T," VINCENZO MASI, also known as "Vinny," FRANK ESPOSITO, also known as "Fat Frank," and EUGENE GALLO, also known as "Gene," together with others, knowingly and intentionally conspired to use extortionate means to collect extensions of credit from John Doe #1.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

### COUNT TWELVE
(Extortionate Collection of Credit – John Doe #1)

77. The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

78. On or about and between October 1, 2004 and November 12, 2004, both dates being approximate and inclusive,

within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO, also known as "Ace" and "T," VINCENZO MASI, also known as "Vinny," FRANK ESPOSITO, also known as "Fat Frank," and EUGENE GALLO, also known as "Gene," together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect extensions of credit from John Doe #1.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 <u>et</u> <u>seq</u>.)

COUNT THIRTEEN
(Extortionate Collection of Credit Conspiracy – John Doe #2)

79.   The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

80.   In or about and between September 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO, also known as "Ace" and "T," and VINCENZO MASI, also known as "Vinny," together with others, knowingly and intentionally conspired to use extortionate means to collect extensions of credit from John Doe #2.

(Title 18, United States Code, Sections 894(a)(1) and 3551 <u>et</u> <u>seq</u>.)

COUNT FOURTEEN
(Extortionate Collection of Credit – John Doe #2)

81.  The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

82.  In or about and between September 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO, also known as "Ace" and "T," and VINCENZO MASI, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect extensions of credit from John Doe #2.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

COUNT FIFTEEN
(Extortionate Collection of Credit Conspiracy – John Doe #3)

83.  The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

84.  In or about and between September 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO, also known as "Ace" and "T," and VINCENZO MASI, also known as "Vinny," together with others, knowingly and

intentionally conspired to use extortionate means to collect extensions of credit from John Doe #3.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

## COUNT SIXTEEN
(Extortionate Collection of Credit - John Doe #3)

85.  The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

86.  In or about and between September 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO, also known as "Ace" and "T," and VINCENZO MASI, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect extensions of credit from John Doe #3.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Illegal Gambling - Bookmaking Operation)

87.  The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

88.  In or about and between 1999 and November 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANK

ESPOSITO, also known as "Fat Frank," and EUGENE GALLO, also known as "Gene," together with others, knowingly and intentionally conducted, financed, managed, supervised, directed and owned all or part of an illegal gambling business, to wit: a gambling business involving bookmaking, which operated in violation of the laws of the State of New York, to wit: New York Penal Law Sections 225.05, 225.10(1) and 20.00, which involved five or more people who conducted, financed, managed, supervised, directed and owned all or part of the business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of at least $2,000 in any single day.

(Title 18, United States Code, Sections 1955, 2 and 3551 et seq.)

COUNT EIGHTEEN
(Illegal Gambling – Bookmaking Operation)

89.  The allegations contained in paragraphs 1 through 24 are realleged and incorporated as if fully set forth in this paragraph.

90.  In or about and between January 2004 and January 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ANTHONY AIELLO, also known as "Ace" and "T," and VINCENZO MASI, also known as "Vinny," together with others, knowingly and intentionally conducted, financed, managed, supervised, directed and owned all or part of an illegal gambling business, to wit: a

gambling business involving bookmaking, which operated in violation of the laws of the State of New York, to wit: New York Penal Law Sections 225.05, 225.10(1) and 20.00, which involved five or more people who conducted, financed, managed, supervised, directed and owned all or part of the business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of at least $2,000 in any single day.

(Title 18, United States Code, Sections 1955, 2 and 3551 et seq.)

## Criminal Forfeiture Allegation for Counts One and Two

91.   The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963, which requires any person convicted of such offense to forfeit:

a.   any interest the defendants have acquired or maintained in violation of Title 18, United States Code, Section 1962;

b.   any interest in, security of, claims against or property or contractual right of any kind affording a source of influence over any enterprise which the defendants have established, operated, controlled, conducted, and participated in

the conduct of, in violation of Title 18, United States Code,
Section 1962;

        c.   any property constituting, or derived from,
any proceeds obtained, directly or indirectly, from racketeering
activity or unlawful debt collection, in violation of Title 18,
United States Code, Section 1962, including but not limited to
the following: (1) $24,669 in United States currency seized from
the residence of FRANK ESPOSITO, 163-07 87 Street, Howard Beach,
New York on November 2, 2005; and (2) the real property located
at 163-07 87 Street, Howard Beach, New York.

        92.   If any of the property described above, as a
result of any act or omission of a defendant –

        (a)   cannot be located upon the exercise of due
        diligence;

        (b)   has been transferred, or sold to or deposited
        with a third party;

        (c)   has been placed beyond the jurisdiction of the
        Court;

        (d)   has been substantially diminished in value; or

        (e)   has been commingled with other property which
        cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18,
United States Code, Section 1963(m), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1963)

Criminal Forfeiture Allegation for Count Seventeen

93.   The United States hereby gives notice to the defendants charged in Count Seventeen that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1955, Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit: (1) any property, including money, used in violation of Title 18, United States Code, Section 1955; and (2) any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, including but not limited to, the following: (1) $24,669 in United States currency seized from the residence of FRANK ESPOSITO, 163-07 87 Street, Howard Beach, New York on November 2, 2005; and (2) the real property located at 163-07 87 Street, Howard Beach, New York.

94.   If any of the property described above, as a result of any act or omission of a defendant –

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred, or sold to or deposited with a third party;

       (c)    has been placed beyond the jurisdiction of the

Court;

       (d)    has been substantially diminished in value; or

       (e)    has been commingled with other property which

cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 1963(m) or Title 21, United States

Code, Section 853(p), to seek forfeiture of any other property of

such defendants up to the value of the forfeitable property

described in this forfeiture allegation.

       (Title 18, United States Code, Section 1955(d); Title

28, United States Code, Section 2461(c); Title 18, United States

Code, Section 981(a)(1)(C); Title 21, United States Code, Section

853(p))

                        A TRUE BILL

                        FOREPERSON

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY

FORM DBD-34

CR. No.

# UNITED STATES DISTRICT COURT

*EASTERN District of* NEW YORK

**CRIMINAL** *Division*

THE UNITED STATES OF AMERICA

*vs.*

VINCENT BASCIANO, *also known as "Vinny Gorgeous" and "Vinny from the Bronx,"* MICHAEL MANCUSO, *also known as "Michael the Nose,"* ANTHONY INDELICATO, *also known as "Bruno,"* ANTHONY AIELLO, *also known as "Ace" and "T,"* ANTHONY DONATO, *also known as "Little Anthony,"* VINCENZO MASI, *also known as "Vinny,"* FRANK ESPOSITO, *also known as "Fat Frank," and* EUGENE GALLO, *also known as "Gene,"*

**Defendants.**

# INDICTMENT

(T. 18, U.S.C., §§ 894(a)(1), 924(c)(1)(A)(iii), 981(a)(1)(C), 1955, 1959(a)(1), 1959(a)(3), 1959(a)(5), 1959(a)(6), 1962(c), 1962(d), 1963, 2 and 3551 et seq.; T. 21, U.S.C. § 853(p); T. 28, U.S.C. § 2461(c))

**CR. NO.**

A true bill.

_____
Foreman

Filed in open court this _____

of _____ A.D. 20 _____ day,

_____
Clerk

Bail, $ _____

*AUSA JOHN BURETTA, (718) 254-6314*