```
                                                                    1

 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3    - - - - - - - - - - - - -     X

 4    UNITED STATES OF AMERICA,     :    CR 05-060

 5                                  :

 6
         -against-                  :
 7                                       United States Courthouse
                                         Brooklyn, New York
 8    VINCENT BASCIANO, et al.,     :

 9                                       July 11, 2006
              Defendant.            :    9:30 o'clock a.m.
10
      - - - - - - - - - - - - -     X
11

12                    TRANSCRIPT OF CONFERENCE
              BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
13                  UNITED STATES DISTRICT JUDGE

14
      APPEARANCES:
15

16    For the Government:           ROSLYNN R. MAUSKOPF
                                    United States Attorney
17                                  BY: WINSTON CHAN
                                    Assistant United States Attorney
18                                  One Pierrepont Plaza
                                    Brooklyn, New York
19

20
      For the Defendants:           EPHRAIM SAVITT, ESQ.
21                                  Attorney for V. Basciano

22
                                    DAVID SCHOEN, ESQ.
23                                  Attorney for M. Mancuso

24
                                    RICHARD REEVE, ESQ.
25                                  Attorney for A. Indelicato
```

GR     OCR     CM     CRR     CSR

```
                        MAURICE SERCARZ, ESQ.
                        MITCHELL DINNERSTEIN, ESQ.
                        Attorneys for A. Donato


                        LEE GINSBERG, ESQ.
                        Attorney for A. Aiello


                        OLIVER STORCH, ESQ.
                        Attorney for V. Masi


Court Reporter:         Gene Rudolph
                        225 Cadman Plaza East
                        Brooklyn, New York
                        (718) 613-2538


Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.
```

THE CLERK: United States versus Basciano, et al.

THE COURT: All right. Appearances for the government.

MR. CHAN: Winston Chan for the United States.

Good morning, Your Honor.

THE COURT: For Vincent Basciano?

MR. SAVITT: Ephraim Savitt.

Good morning, Your Honor.

THE COURT: Good morning.

Good morning, Mr. Basciano.

For Michael Mancuso?

MR. SCHOEN: David Schoen, Your Honor.

```
 1              THE COURT:  Good morning.
 2              Mr. Mancuso, good morning.
 3              Anthony Indelicato?
 4              MR. DINNERSTEIN:  Your Honor, is that Mr. Reeve?  Is
 5     that Mr. Reeve?
 6              THE COURT:  Mr. Reeve.
 7              MR. DINNERSTEIN:  Mr. Reeve is here.  I guess he
 8     went out into the hall.  I went to look for him.  I didn't
 9     find him.  I presume he is --
10              THE COURT:  Let's go on.
11              Where is Mr. Indelicato?
12              Good morning, sir.
13              For Anthony Donato?
14              MR. SERCARZ:  Maurice Sercarz, Your Honor.
15              Good morning.
16              THE COURT:  Good morning.
17              MR. DINNERSTEIN:  And Mitchell Dinnerstein.
18              THE COURT:  Okay.
19              Good morning, Mr. Donato.
20              For Anthony Aiello?
21              MR. GINSBERG:  Lee Ginsberg appearing for
22     Mr. Aiello.
23              THE COURT:  Okay.
24              Mr. Aiello, good morning.
25              And Vincenzo Masi?
```

4

1              MR. STORCH:  Oliver Storch.

2         Good morning, Your Honor.

3              THE COURT:  Good morning, Mr. Masi.

4         All right.  Where were we?

5              MR. DINNERSTEIN:  Mr. Reeve.

6              THE COURT:  Mr. Reeve?

7              MR. REEVE:  Apologies, Your Honor.

8         Good morning.

9              THE COURT:  Welcome to my court.

10        All right.

11             MR. CHAN:  Judge, we are here on a status conference

12   that was scheduled awhile ago, before we had that status

13   conference three or four weeks ago.  The government has no new

14   business for today.

15             THE COURT:  All right.  I'm sure there is something.

16   What's going on?  I want to know, let's put on the record,

17   what the schedule is for the submission of the materials on

18   mitigation for the Attorney General.

19             MR. CHAN:  Your Honor, the deadline is August 21st

20   for the defendants who have not yet submitted their mitigation

21   submissions to the government.  The government estimates that

22   it would take us about a month or so to develop a

23   recommendation within our office and to submit it to the

24   Department of Justice and they take generally about two or

25   three months to give us an answer.  We are estimating that

1   about January we will have decisions on all the defendants.
2   　　　　　THE COURT:  Mr. Basciano has submitted, is that
3   right?
4   　　　　　MR. CHAN:  That is correct.
5   　　　　　MR. SAVITT:  Yes, Your Honor.
6   　　　　　We may supplement, however.
7   　　　　　THE COURT:  You have until August 21st.
8   　　　　　MR. CHAN:  That's right.
9   　　　　　THE COURT:  Then as to Mr. Mancuso, Mr. Schoen?
10  　　　　　MR. SCHOEN:  Mr. Lewis is working on that aspect of
11  the case, Your Honor.  He had a conflict with another court
12  today.  He wasn't able to be here.
13  　　　　　THE COURT:  All right.  You will be ready by that
14  date?
15  　　　　　MR. SCHOEN:  I certainly hope so, Your Honor.
16  　　　　　THE COURT:  I hope so too.
17  　　　　　And let's see.  Who else?  Mr. Indelicato?
18  　　　　　MR. REEVE:  Yes, Your Honor.  We would hope to
19  comply with that schedule as well.
20  　　　　　THE COURT:  Okay.  Mr. Dinnerstein?
21  　　　　　MR. DINNERSTEIN:  Yes, Your Honor.  We expect to be
22  able to comply with the August 21st date, Your Honor.
23  　　　　　THE COURT:  Okay.  And Mr. Ginsberg?
24  　　　　　MR. GINSBERG:  Yes, Your Honor.  We have made our
25  submission already, quite long ago.

1           THE COURT:  You have?

2           MR. GINSBERG:  Yes.

3           THE COURT:  We have Mr. Aiello and Mr. Basciano's
4    done.

5           The other three were the later indicted, I guess it
6    is, for the defendants on the death eligible charge remain to
7    be submitted and there may be supplements.

8           MR. SAVITT:  Yes, Your Honor.

9           THE COURT:  Then you are going to take about a
10   month, do you think?

11          MR. CHAN:  That's correct.

12          THE COURT:  All right.  I need to be able to plan.
13   Have I given you a date for a trial yet?

14          MR. CHAN:  You have; April 16th.

15          THE COURT:  2007.

16          What we may do, everything depends on whether the
17   Attorney General decides to seek the death penalty against one
18   or more of the defendants who are death eligible.  In that
19   case it is likely there will be a motion for severance and I
20   will deal with that.

21          But should the Attorney General not seek the death
22   penalty, I would expect to try all the defendants together
23   because I don't have time to do it any other way.  There is
24   plenty of room in the courtroom.

25          So just everyone put down on your schedule, on your

1   calendar, that we are going to try this case in April of 2007.
2           About how long do you think the case will take to
3   try?
4           MR. CHAN:  About two-and-a-half months.
5           THE COURT:  Two-and-a-half months.
6           You are going to seek an anonymous, semi-sequestered
7   jury?
8           MR. CHAN:  Yes, Your Honor.
9           THE COURT:  Assuming that I grant your motion in
10  that regard, that would take us into August.
11          Would that include jury selection?
12          MR. CHAN:  I don't think so.  I think jury selection
13  in this case would take an extra long time because it would
14  have to be -- I guess we are assuming it is not a death
15  penalty.
16          THE COURT:  I am assuming it is not a death penalty.
17          MR. CHAN:  Then it would include jury selection.
18          THE COURT:  So we are talking about into July,
19  basically.
20          Okay.  Just block out the months of mid-April
21  through mid-July.  Don't plan any long European vacations or
22  any short European vacations during that period.
23          All right.  That gives us a sense.  Then we will
24  rearrange matters with the calendar, depending upon how the
25  Attorney General comes down on the issue at hand.

1           Okay.  Is there anything from the defense, any
2  clarification anyone needs, any questions that have come up
3  that we can deal with today?
4           MR. GINSBERG:  Clarification, Your Honor.
5           THE COURT:  Yes?
6           MR. GINSBERG:  A while back there was a matter
7  pending before Your Honor that had been brought on by
8  Mr. Cicale's lawyers regarding the New York City Police
9  Department homicide file.  There will be some litigation
10 begun.  There were some letters written back and forth.  It is
11 not clear to me from the letters whether Your Honor actually
12 had received the file because the legal counsel for the New
13 York City Police Department become involved.
14          In any event, it is my intention, with the Court's
15 permission, to pick up where that left off.  I just didn't
16 want to have a letter writing campaign.  I thought it would be
17 easier if I just raised it with the Court, ask permission to
18 essentially intervene, although I would still have the same
19 right that Mr. Cicale had at the time.  I would like to make a
20 submission to the Court and then eventually the Court can
21 schedule either a hearing on the matter or make a
22 determination on the papers.
23          THE COURT:  Why don't you make a written submission
24 so the government can respond.  I think I have some of those
25 records that have been provided to me by the New York City

1   Police Department.  To the extent that you believe you have
2   the right to, or need for any of these materials, you should
3   bring that to my attention in writing.  Then we will have
4   whatever back and forth we need to have.  I will make a
5   decision.
6           MR. GINSBERG:  That's fine.
7           THE COURT:  I'm sure I didn't make a decision on
8   Mr. Cicale's application.
9           MR. GINSBERG:  No, I believe you didn't.
10          THE COURT:  It became moot.
11          MR. GINSBERG:  Yes.  It was sort of a two-pronged
12  determination.  One, whether it would be turned over to the
13  defense or, if not, short of that, whether the Court would
14  then review the material and make a determination.
15          THE COURT:  In camera.
16          MR. CHAN:  I think for the record, Judge, when that
17  motion was originally filed it was litigated.  We submitted to
18  you the file itself for your review and then --
19          THE COURT:  Then I had --
20          MR. CHAN:  -- circumstances changed and there was no
21  reason to rule on it.
22          THE COURT:  Okay.  That's fine.  I am happy to
23  consider whatever you submit.
24          MR. GINSBERG:  Thank you.
25          THE COURT:  Okay.

1      MR. SCHOEN:  The Court made a comment earlier that
2  it intends to try all of the defendants together absent some
3  distinction between defendants with respect to the death
4  penalty.  I just want to make the point, I didn't want my
5  silence to be acquiescence in that as a general ruling.  We
6  probably will be making a severance motion on other grounds.
7      THE COURT:  That's fine.
8      MR. SCHOEN:  I didn't want to hear later that you
9  were quiet at the time when I told you and we will try them
10 together.
11     THE COURT:  I am not prejudging any motion that you
12 might desire to make and we have plenty of time, obviously.  I
13 just wanted you to know that it is my predisposition, all
14 things being equal, that I try all of the defendants together
15 on one indictment, as long as I don't have more than seven or
16 eight.  There are six here.  So that's how I intend to handle
17 it, assuming there is no certification for the death penalty
18 by the Attorney General.  That presupposes a lot, but I have
19 to be able to plan since I have a number of these cases to
20 calendar for trial.
21     Okay.  Does anybody have anything else for today?
22     I guess --
23     MR. STORCH:  One minor housekeeping matter, Your
24 Honor.  That's the reconsidering issue in terms of separations
25 that are occurring with the Metropolitan Detention Center.

1  It's come to my attention that the MDC, on information and
2  belief, they are not the ones who are separating the
3  defendants, Your Honor.  I believe Mr. Seigel on behalf of the
4  government last time indicated that he thought it was the
5  institution that had somehow on their own instituted some sort
6  of separation.  I have been told that it's actually coming
7  from the government.
8        I would just put it in writing, I guess, so perhaps
9  the government can respond and perhaps Your Honor can rule on
10 this.  It has just become impossible to visit clients and have
11 a meaningful legal visit, forget about even codefendant
12 meetings.  Just there are so many permutations of so many
13 various steps, Your Honor.  Even if we go to the jail at 9:00
14 o'clock in the morning sometimes, Your Honor, we have to wait
15 until 5:00 in the afternoon.  It is just -- just becomes an
16 impossible task to even have a basic legal visit.
17       I would just ask that the government really review
18 which separations they deem necessary and perhaps on their own
19 sort of lift these separations.
20       THE COURT:  Yes.  Are you aware --
21       MR. CHAN:  I am.  Mr. Seigel has informed me that he
22 is discussing with the MDC about which separations can or
23 cannot be lifted at this time.  They are in negotiations about
24 that currently.
25       THE COURT:  He is in negotiation with the MDC?

Case 1:05-cr-00060-NGG   Document 266   Filed 02/16/07   Page 12 of 14

12

1          MR. CHAN:  Correct.

2          THE COURT:  Okay.

3          MR. CHAN:  Or discussion, I should say, as opposed
4  to negotiation.

5          THE COURT:  Call it what you will.

6          How soon will we know so that I don't have to -- I
7  am trying to minimize paperwork.  The federal government has a
8  Paperwork Reduction Act.  Have you ever heard of that?

9          MR. CHAN:  Yes.

10         THE COURT:  It only applies --

11         MR. CHAN:  Vaguely.

12         THE COURT:  It applies to the executive branch and
13 when I was with the executive branch I was very much aware of
14 the Paperwork Reduction Act.  I am thinking of implementing it
15 sua sponte here.  One way of implementing it is to ask you to
16 demur for just a moment while the government finds out how
17 much of these separations need to remain in effect and how
18 many of them don't.  Then if you could inform the parties and
19 the Court, if that's not satisfactory to any of the parties,
20 they can then contact me.

21         MR. CHAN:  Yes, Your Honor.

22         THE COURT:  All right.  How soon will I know?

23         MR. CHAN:  One week.

24         THE COURT:  One week.

25         Wait a week, please.  If it still hasn't worked out

1  in such a way that you can efficiently fulfill your
2  responsibilities to your client, you can let me know that.
3              MR. STORCH:  Thank you, Your Honor.
4              THE COURT:  Okay.  Is there anything further for
5  today?
6              MR. CHAN:  The government asks that time be excluded
7  between now -- and we actually don't have another
8  date -- between now and the trial date, but I suppose we
9  should set a trial date.
10             THE COURT:  We are not even at a point for motions
11 because we are waiting on the Attorney General.
12             Well, August 21st -- why don't we set a date in
13 September.  September 14th, at 9:30.  It is a Thursday.  Are
14 you all available?
15             MR. SERCARZ:  Your Honor, for Anthony Donato,
16 Maurice Sercarz.
17             I am starting a trial September 11th, but if
18 Mr. Dinnerstein can cover, I don't see any need --
19             THE COURT:  That's fine.
20             MR. DINNERSTEIN:  I expect, Your Honor, to be here
21 on September 14th.
22             THE COURT:  Okay.  Let's handle it that way.  The
23 matter will still be under review by either
24 the -- certification will be under review by either the US
25 Attorney in Brooklyn or it may have been sent over to the

1  Attorney General and we can have a status report.

2      I would also like to know at that time what the
3  Attorney General's potential schedule is because I am working
4  back from April and that, assuming that we work back from
5  April, a decision in January is going to put the squeeze on us
6  for trial and I really would like to get matters moving.

7      MR. CHAN: Yes, Your Honor.

8      THE COURT: I understand there are many of these
9  cases down there, but this case has a -- this is an '05 case.
10 We are in '06. By that time it will be '07. I need to move
11 the case.

12     All right. Please be prepared to let me know what
13 they -- what the expectation is of when the Attorney General
14 will have a response.

15     MR. CHAN: Yes, Your Honor.

16     THE COURT: All right. Anything further for today?

17     MR. SAVITT: No, Your Honor.

18     THE COURT: I am going to exclude the time between
19 today and September 14, 2006 in the interests of justice as
20 this has been designated a complex case and in view of the
21 fact that there is a pending certification question as to the
22 death penalty.

23     Have a nice day.

24     (Matter concludes.)

25