# RICHARD JASPER

**Attorney at Law**
276 FIFTH AVENUE
SUITE 501
NEW YORK, NEW YORK 10001
Phone: (212) 689-3858
Facsimile: (212) 689-0669

January 1, 2008

**BY FACSIMILE (718) 613-2546 AND ECF**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v Vincent Basciano*
03 CR 929 (NGG)
05 CR 060 (NGG)

Dear Judge Garaufis:

I respectfully write this letter to inform the Court, as per my duty as learned counsel in the anticipated death penalty trial for Mr. Basciano, that the Special Administrative Measures ("SAM") and Special Housing Unit ("SHU") confinement, continue to interfere with counsel's ability to provide Mr. Basciano with an adequate defense in his upcoming death penalty trial.[1]

On December 26, 2007, I attempted to visit with Mr. Basciano at the Metropolitan Detention Center ("MDC"). Although, I arrived at the MDC at 1:30pm and filed the appropriate paperwork, Mr. Basciano was not brought to the visiting room until approximately 2:30pm. At

---

[1] Section 10.7(B)2 of the ABA Guidelines for capital counsel states: "Counsel at every stage have an obligation to satisfy themselves independently that the official record of the proceedings is complete and to supplement it as appropriate." Guideline 1.1 provides, "The objective of these Guidelines is to set forth a national standard of practice for the defense of capital cases in order to ensure high quality legal representation for all persons facing the possible imposition or execution of a death sentence by any jurisdiction". In *Wiggins v. Smith*, 539 U.S. 510 (2003), the Supreme Court adopted the ABA standards as the national standard of practice in death penalty cases.

Honorable Nicholas Garaufis
Tuesday, December 28, 2007
Page **2** of **2**

5:00pm, I attempted to contact the correctional staff to escort me from the visiting room to the main lobby.  Due to the fact that Mr. Basciano is in SHU and under SAM restrictions, a SHU lieutenant and two other correctional staff is required to unlock the visiting room, handcuff Mr. Basciano and escort me to the main lobby.  It was not until 8:30pm that the MDC correctional staff located the SHU lieutenant to unlock the visiting room and escort me to the main lobby.

In addition, Mr. Basciano has not received legal mail from my office that was sent on December 21, 2007.  When Mr. Basciano was in general population he received his general and legal correspondence within 4 days of its placement in the mail.  I highlight these particular incidents for the Court, because they are symptomatic of what has occurred since Mr. Basciano's placement in SHU and SAM restrictions and it is obvious that despite the best efforts of Mr. Johnson and Lt. Desmond, the SHU and SAM restrictions continue to interfere in Mr. Basciano's defense.

As learned counsel for Mr. Basciano, my concern is the impending death penalty trial scheduled to begin in August of 2008.  It is critical at this point in the pretrial stage that Mr. Basciano and his counsel devote the available time and resources to trial preparation potential penalty phase preparation.  As highlighted in this letter and articulated in previous motions to the Court, the time devoted to Mr. Basciano's continued presence in the SHU and SAM restrictions constitutes major obstacles in the defense of his capital case.

I thank Your Honor for your courtesy and consideration.

Respectfully submitted,

_____/s/_____
Richard Jasper, Esq.

cc:    Adam Johnson, Esq, Legal Department MDC (via fax)
       All counsel (by ECF)
       Vincent Basciano