UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

                            **MEMORANDUM AND ORDER**

      v.                             03-CR-929 (NGG)
                              05-CR-060 (NGG)

VINCENT BASCIANO,

           Defendant.
-----------------------------------------------------------X

GARAUFIS, United States District Judge.

      On December 24, 2007, Defendant Vincent Basciano ("Basciano" or "Defendant") moved for "clarification" of the court's December 19, 2007 Memorandum and Order granting the Government's Motion for a Protective Order. Specifically, he seeks clarification of the allowable scope of dissemination of the contents of the sealed documents. Basciano also moved to unseal and docket all documents pertaining to that motion. The Government responded on January 4, 2008, and Defendant replied on January 10, 2008. Familiarity with the court's December 19, 2007 decision is assumed. The court deems Defendant's submission to be a motion for reconsideration, which is GRANTED in part and DENIED in part.

      With regard to the question of sealing, the Government has no objection to unsealing its initial memorandum of law, Defendant's opposition brief, and the Government's reply memorandum of law. (See Memorandum of Law In Response to Defendant Vincent Basciano's Motion for Clarification of the Protective Order ("Gov't Br.") at 4.) As the parties agree on this issue, the court orders those documents unsealed and placed on the public docket.

The Government objects, however, to Defendant's request to unseal: (1) the Metropolitan Correctional Center ("MCC") staff affidavits submitted with its briefs, which are compelled statements pursuant to an internal investigation at the MCC, and (2) its December 5, 2007 letter submitted ex parte and under seal. (Id.)

I agree that these items should remain under seal. Having engaged in the balancing test set forth in United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995), I find that the presumption of public access usually accorded to judicial documents is diminished in this case by the countervailing law enforcement privileges and innocent-third-party privacy interests of the MCC staff that are implicated by the affidavits. Furthermore, the Government has provided the affidavits in redacted form to counsel for Defendant and to counsel for Codefendants Anthony Aiello, Anthony Donato, Anthony Indelicato, and Michael Mancuso (collectively "Defendants"). (Gov't Br. at 2.) Thus, Defendants are not prejudiced by the affidavits remaining under seal. In addition, the Government has indicated it has no objection to "limited quotation of the staff affidavits in memoranda of law as necessary" during the pending Brady motion in this case. (Id. at 8 n.3.) This Order endorses that allowance. In the court's view, it is a reasonable solution that allows defense counsel to make use of the affidavits in crafting their arguments, while maintaining the investigative and privacy interests at stake. The court has considered each of Basciano's arguments to the contrary and finds them to be without merit.

As for clarifying the scope of the December 19, 2007 Order, defense counsel specifically asked whether (1) "we are, for example, precluded from disclosing even redacted affidavits to others in the course of our investigation into Cicale's misconduct" and (2) "whether we must file any document that refers to the contents of the affidavits (or any other

2

document filed under seal) under seal, or whether we may file them publicly provided the names of CW-1 and his attorney are redacted." (Defendant's Motion to Clarify Protective Order And To Unseal and Docket Documents at 5.) The answer to those questions is that defense counsel are precluded from disclosing redacted affidavits to unauthorized parties[1] in the course of their investigation into Cicale's alleged misconduct, but need not file under seal documents that refer to the contents of the affidavits so long as such references involve only limited quotations and do not reveal the identities of the MCC staff or any cooperating witnesses. Should defense counsel encounter questions or concerns respecting the disclosure of specific materials subject to these restrictions when preparing documents for filing with the court, they may, of course, present those questions to the court for resolution on notice to the Government.

      Finally, the court has reviewed the December 5, 2007 letter. I conclude that keeping the letter under seal and <u>ex parte</u> is necessary because it involves an ongoing, confidential investigation. Furthermore, maintaining the letter under seal does not impact Defendant's due process rights or hamper his ability to pursue his defense, notwithstanding Basciano's protests to the contrary and his assumptions about the "implicit pronouncements" in the court's December 19, 2007 Order (see Defendant's Reply Memorandum In Support of Motion to Clarify Protective Order and To Unseal and Docket Documents at 8). The court reminds the

---

[1] In its December 19, 2007 Order, the court delineated who on Basciano's defense team is "authorized" to know the identities of the information the Government has disclosed, namely "Defendant, Defendant's counsel, and Defendant's paralegals and investigators." (See December 19, 2007 Memorandum and Order at 8.) Now that the Government has produced the affidavits and the identity of CW-1 and his attorney to counsel for all Defendants, the same rules apply to them. "Unauthorized parties" are those not so delineated.

Government of its ongoing obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), with respect to results of the investigation referenced in the letter.

Accordingly, Defendant's request to unseal the parties' prior submissions is GRANTED, Defendant's request to unseal the MCC affidavits and the December 5, 2007 letter is DENIED, and the court refers Defendant to the foregoing discussion for "clarification" of the court's December 19, 2007 Order.

SO ORDERED.

s/ Nicholas G. Garaufis<br>
NICHOLAS G. GARAUFIS<br>
United States District Judge

Dated: January 11, 2008
     Brooklyn, N.Y.

4