FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 20 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA

MEMORANDUM & ORDER
05-cr-060 (NGG)

-against-

VINCENT BASCIANO,

Defendant.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Vincent Basciano moves for reconsideration of this court's October 14, 2008 decision denying his motion to dismiss the substantive racketeering charge against him on double jeopardy grounds. (Docket Entry # 540, "Memorandum & Order.") He argues that (1) the court mistakenly included discussion of an act outside the 2003 S-8 Indictment in the "time" factor of the Russotti analysis; (2) the court's analysis of the "identity of the persons" factor was incomplete; (3) Basciano was wrongfully denied the opportunity for oral argument; and (4) the court erred by declining to entertain Basciano's suggestions of prosecutorial manipulation.[1] The court DENIES Basciano's motion for reconsideration.

I.  Standard of Review

As the court recently reminded the parties in United States v. Basciano, No. 03-CR-929 (NGG), 2008 WL 905867 (E.D.N.Y. Mar. 31, 2008), "when deciding motions for reconsideration in criminal matters, courts in this district have resolved such motions according to the same principles that apply in the civil context." Id. at *1 (citing United States v. Morrison,

---

[1] The court incorporates by reference all abbreviations defined in the Memorandum & Order.

1

No. 04-CR-699 (DRH), 2007 WL 4326796, at *1 (E.D.N.Y. Dec. 7, 2007)). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Morrison, 2007 WL 4326796, at *1 (citation and internal quotation marks omitted).

II.    Discussion

The court begins by acknowledging an incorrect reference in the Memorandum & Order. To the extent the court referred to the "joker poker" operation as a predicate act under the 2003 S-8 Indictment in its discussion of the Russotti test's "time" factor, the court hereby amends its Memorandum & Order to exclude it from that discussion. In fact, the "joker poker" operation was listed only as a predicate act in the RICO conspiracy charge of the 2003 S-5 Indictment and a separate count, Count Two, in the 2003 S-8 Indictment. (2003 S-5 Indictment at 7 (Racketeering Act Two); 2003 S-8 Indictment at 10). Rather than citing the "joker poker" operation to demonstrate that the "2003 S-8 Indictment extends beyond November 2004 only in one instance," the court intended to reference the illegal gambling operation continuing from January 2004 until December 2004. (Racketeering Act Five, 2003 S-8 Indictment at 8.)[2] In addition, the Memorandum & Order mistakenly read the "joker poker" operation as a 2003 S-8

---

[2] A second predicate act, an illegal sports betting operation, dated back to January 2000 and lasted until November 2004. (Racketeering Act Six, 2003 S-8 Indictment at 9-10).

2

RICO predicate act when it referred to "the epic 26 year enterprise of the 2003 S-8 Indictment." (Memorandum & Order 6-7.) These revisions do not affect the court's determination that November 2004 was the crucial dividing line in its analysis of the "time" factor, with the concentration of events presented in the 2005 Indictment occurring around or after Basciano's November 19, 2004 arrest. (See id.) The court concludes that because its multi-factor analysis of Basciano's double jeopardy claim did not rely on its reference to the "joker poker" operation, the outcome of the Russotti analysis stands unaltered and therefore does not require reconsideration.

Basciano's additional arguments for reconsideration lack merit. He does not argue that the court overlooked controlling precedent, but instead attempts to relitigate issues already presented to and decided by the court. See, e.g., Tellium, Inc. v. Corning, Inc., No. 03-CV-8487 (NRB), 2004 WL 1403297, at *3 (S.D.N.Y. June 22, 2004) (emphasizing that motions for reconsideration do not permit a "second bite at the apple" because "[p]arties must make their best arguments in the first instance.").

First, Basciano argues that the analysis of the "identity of the persons" factor was "incomplete" because the court did not account for every unindicted individual involved in the predicate acts charged in the 2003 S-8 Indictment. (Reconsideration Mot. 3.) However, Basciano does not point to any additional facts from the record that could justify reconsideration of the court's decision. In passing, Basciano contends the Court "failed to account for other individuals who . . . were allegedly involved in the activities charged as predicates in the 2003 S-8 and 2005 S-9 (most notably Cicale, but also Massino)." Id. Basciano appears to suggest that the court erred merely by not referencing Cicale and Massino, but offers no reason why

3

consideration of those individuals and their roles – or any evidence regarding their involvement or that of others – should alter the Russotti analysis.[3] (Reconsideration Mot. 3-4.)

In any event, the court's decision specifically credited "some overlap" as to the identity of the persons in the Russotti analysis, in favor of the defense's view, though "neither party has explained the involvement . . . [of these persons] in context" of their relative importance to the patterns of racketeering presented in each indictment.[4] (Memorandum & Order 8.) Basciano's motion for reconsideration presents no new support for his argument that the identity of persons involved in each RICO count overlapped to such a degree that the patterns of racketeering activity charged in each indictment were one and the same. Because Basciano "present[s] no new factual information or law that requires a different outcome in the underlying motion, reconsideration is inappropriate." Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03 Civ. 5429 (RJS), 2008 WL 4525400, at *5 (S.D.N.Y. Oct. 6, 2008).

Second, Basciano argues that he was wrongfully deprived of the opportunity for oral argument in violation of this court's Individual Rules, which state: "Oral argument on all criminal motions will be heard on a date set by the Court." Individual Rules of Judge Nicholas G. Garaufis, IV.D. In the civil context, the law is clear that there is no right to oral argument

---

[3] In fact, Basciano's moving brief made no reference to Cicale or Massino in evaluating this factor. (Mot. 15.) On reply, Basciano provided only the cursory observation that "Cicale, Indelicato, and Aiello feature prominently in both sets of crimes." (Reply 6.) Basciano's recitation of names is plainly inadequate to warrant reconsideration, particularly where he neglected to raise any issue as to these persons in the first instance. See Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (a motion for reconsideration is appropriate when a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion.") (emphasis added).

[4] Basciano complains that the "lack of clarity as to the record" indicates that he should have been afforded an opportunity to supplement his motion papers with evidence. (Reconsideration Mot. 3.) Basciano was availed the opportunity to present the necessary law and facts to the court in his original motion. He offers no legal basis for reconsideration on this ground.

4

because "the decision whether or not to hold an oral hearing on a motion to dismiss lies in the sound discretion of the trial court." Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998). There is no dispute that "[m]otions may be decided wholly on the papers, and usually are." Id. at 315 (citing World Brilliance Corp. v. Bethlehem Steel Co., 342 F.2d 362, 366 (2d. Cir. 1965). Basciano offers no authority to propose a different rule in the criminal context. Basciano's disagreement with the court's exercise of its discretion fails to state a legal basis for reconsideration.

Third, Basciano attempts to revive his argument that "strong circumstantial evidence" shows "prosecutors stepped over the line and divided a single unit of prosecution in two for tactical reasons." (Reconsideration Mot. 6.) Basciano again implies prosecutorial misconduct has occurred in this case without actually asserting a claim to that effect. His argument does not present any new law or facts to call into question the court's reliance on the Russotti test over an exploration into the prosecutor's motives for bringing this second substantive RICO prosecution against Basciano. As discussed in the Memorandum & Order, "[t]he Double Jeopardy Clause neither forbids successive prosecutions for different offenses nor requires the government to join all possible charges arising from a course of conduct in a single indictment." (Memorandum & Order 13, citing United States v. Sessa, 125 F.3d 68, 73 (2d Cir. 1997)). In fact, Basciano "agree[s] that [his] arrest and incarceration appear to be the principal factors that drove the prosecutors' decision to bring a separate RICO charge in the 2005 case," the defining features highlighted in the court's Russotti analysis. (Reconsideration Mot. 9.) Basciano fails to show that the current charges place him in double jeopardy, and fails to show how the history of this prosecution has otherwise violated Basciano's rights.

While the Second Circuit has counseled against "undue prosecutorial zeal in invoking RICO," Basciano presents no legal basis for his critique of the prosecutor's actions in this case and his extraordinary demand that the court hold a "hearing to explore how and why the government arrived at the two indictments." United States v. Russotti, 717 F.2d 27, 34 n.4 (2d. Cir. 1983) (citing United States v. Huber, 603 F.2d 387, 395-96 (2d Cir. 1979)); (Reconsideration Mot. at 7). While constitutional constraints apply, "the United States Attorneys are charged with taking care that the laws are faithfully executed, there is a 'presumption of regularity support[ing] their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" United States v. Sanchez, 517 F.3d 651, 671 (2d Cir. 2008). There is no evidence to the contrary here. "Generalized allegations of improper motive do not disturb the presumption of regularity," and cannot be sufficient to merit evidentiary hearings. Id. For these reasons, the court did not indulge Basciano's "free-wheeling theories of sinister prosecutorial motives" in the original Memorandum & Order. (Memorandum & Order 13-14, n.4). Consequently, there is no valid basis for the court to reconsider its decision on this ground.

Lastly, to the extent Basciano further expresses his disagreement with the court's decision under the Russotti factors, he raises no argument warranting reconsideration. Reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.'" Morales v. Quintiles Transnational Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (quoting Enzo Biochem, Inc. v. Johnson & Johnson, 866 F.Supp. 122, 123 (S.D.N.Y. 1994).

III. Conclusion

For the reasons set forth above, Basciano's motion for reconsideration is DENIED.[5] To the extent the court referenced the "joker poker" operation as a predicate act under the 2003 S-8 Indictment in its discussion of the "time" factor in the Russotti analysis, the Memorandum & Order is AMENDED to exclude the "joker poker" operation from that discussion.

SO ORDERED.

Dated: Brooklyn, New York
January 15, 2009

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[5] The Government also seeks a preemptive certification that any interlocutory appeal taken by Defendant on double jeopardy grounds would be "frivolous" and, therefore, insufficient to invoke a stay of the pending trial date. (Docket Entry # 560, Gov't Opp. 3-4.) Under the "dual jurisdiction" rule, "a district court may retain jurisdiction to proceed with a trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, where the appeal is found to be frivolous." United States v. Salerno, 868 F.2d 524, 539 (2d Cir. 1989). Because Basciano has not appealed this court's double jeopardy decision, the court declines to rule at this time whether such an appeal would be frivolous. Should Basciano exercise his right to appeal, the court will entertain submissions on this question.

7