## Law Office of
# George R. Goltzer
200 WEST 57ᵀᴴ STREET, SUITE 900
NEW YORK, NEW YORK 10019

Tel: (212) 608-1260. Fax (212) 980-2968

george@goltzer.com

August 10, 2010

**BY FACSIMILE (718) 613-2546**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

                Re: *United States v Vincent Basciano*,
                    05 Cr. 0060 (NGG),
                    03 Cr. 929 (NGG)

Dear Judge Garaufis:

      We write to Your Honor because the defense has just learned that confidential informant Joseph Barone, a close friend and associate of Dominick Cicale, provided the government with "credible" information that helped to save Your Honor from an assassination plot by Basciano. Undoubtedly, evidence that Basciano, in fact, plotted to kill Your Honor has significant implications for both of his capital and non-capital cases.

      The defense first learned of the information provided by Joseph Barone, through recent news reports regarding Barone's trial. Clearly, as counsel for Basciano we are extremely concerned about our effectiveness to defend Basciano. Under the *ABA Guidelines* counsel at every stage has a continuing duty to investigate issues bearing upon penalty and to seek information that supports mitigation or rebuts aggravation.

Hon. Nicholas G. Garaufis
August 10, 2010
Page 2 of 6

The defense has also learned that Barone wrote to Your Honor on January 31st, 2010, regarding his case. In addition, Barone sought the testimony of Your Honor and Assistant United States Attorney ("AUSA") Greg Andres at his trial in order to establish his "public authority" defense. Furthermore, Barone's letter request for Your Honor's testimony stated in relevant part, that Barone's "effectiveness as a confidential informant was such that he obtained intelligence of an assassination plot against Your Honor and AUSA Greg Andres." Barone's letter further stated, the information provided by Barone "resulted in saving the life of your Honor and AUSA Greg Andres and several lay witnesses." Lastly, Barone's letter indicated that he "provided specific and credible information on the who, what and where on the attempt on your life." (*See* attached ltr. from Muniz Esq. dated June 28, 2010).

At trial, Barone testified that he provided information to the Federal Bureau of Investigation ("FBI") concerning a "hit list" and a plot to kill Your Honor and AUSA Andres. In addition to Barone's letter and testimony, Judge Buchwald required the government to confirm on the record, that Barone provided information to the FBI that helped to save Your Honor's life.

> THE COURT: You conceded in the course of the bail and arguments in this case that Judge Garaufis was a target and that Barone went to the FBI and, in effect, saved him. (*United States v Joseph Barone*, 09 Cr. 91 (NRB) at 1044).
>
> \* \* \* \* \*
>
> THE COURT: When you've conceded that he was, he does get credit for informing the FBI about a plot that involved Judge Garaufis. (*Id*)
>
> \* \* \* \* \*

Hon. Nicholas G. Garaufis
August 10, 2010
Page 3 of 6

> THE COURT: I understand what Presutti said. I'm talking about what the government conceded in the course of the case, which makes it to me outrageous that in your summation that you would say something that is different from what you've told me all along.
>
> MR. ZACH: Judge, I wasn't -- that was certainly not my intention.
>
> THE COURT: Well, it sure came out that way.
>
> MR. ZACH: I thought I phrased it from a way --
>
> THE COURT: Get back up there and tell them the facts.
>
> MR. ZACH: Okay.
>
> THE COURT: Or you let me do it.
>
> MR. ZACH: I'll do it. Judge, can I say something else? I want to say that he gave information that contributed to helping.
>
> THE COURT: Saving the life of a federal judge. He didn't lie on the stand about that.
>
> MR. ZACH: All right.
>
> (In open court)
>
> MR. ZACH: At side bar it was pointed out that through the course of his cooperation, in fact, Mr. Barone did give information that did help save the life of a federal judge, so just so the record is clear. (*United States v Joseph Barone*, 09 Cr. 91 (NRB) at 1045-1046).

This newly discovered information is critical to counsel's preparation for Basciano's upcoming capital case. Consequently, we respectfully request the immediate disclosure of any and all documents and information that relate to the information provided in this

Hon. Nicholas G. Garaufis
August 10, 2010
Page 4 of 6

letter. More specifically, we request that Basciano's attorneys for both his capital and non-capital cases be provided with the following:

1. The January 31st, 2010 letter from Barone to Your Honor regarding his case.

2. Any and all *ex parte* information provided under seal to Your Honor that concerned any alleged plot by Basciano to kill Your Honor and/or AUSA Andres and/or any lay witnesses.

3. Any and all information reduced to writing or not that concerns information provided by Joseph Barone about Basciano, Cicale and any aspect of Basciano's case including but not limited to, a plot to kill Your Honor, a plot to kill AUSA Andres and or any other lay witnesses.

4. Any and all information reduced to writing or not that concerns information provided by Cicale about a meeting with Barone as well as any further information regarding Barone, including but not limited to, a plot to kill Your Honor, a plot to kill AUSA Andres and or any other lay witnesses.

5. Any and all information reduced to writing or not that concerns information provided by Cicale and/or Barone, including but not limited to, information regarding Nicholas Cirillo, Randolph Pizzolo, Frank Santoro or any other charged or uncharged crime related to Basciano's capital and non-capital cases.

6. The *ex parte* minutes of the *in camera* proffer by the government to Magistrate Levy that convinced the Magistrate that the list authored by Basciano was in fact a hit list.[1]

7. The FBI informant file on Joseph Barone produced *in camera* to Judge Buchwald. (*See* attached order by Judge Buchwald dated June 23, 2010).

8. We renew our application for a bill of particulars concerning the alleged "hit list." (Def. Resp. Mem. In Support of Bill of Particulars Doc # 543 at 10)

---

[1] "The statements described in the *in camera* proffer strongly indicate that the handwritten list of five names was intended to serve as a hit list. The government has presented convincing evidence that it has conducted an extensive investigation of the reliability of this witness and his statements. I therefore agree that the government has demonstrated that Basciano would present a significant security risk if returned to the general population." (Levy R&R at 12-13)

Hon. Nicholas G. Garaufis
August 10, 2010
Page 5 of 6

The urgency of this disclosure is based upon the necessity to fully and thoroughly investigate aggravating factors that could lead to a potential sentence of death. Again, because of the possibility that Basciano will be sentenced to death, we as counsel for Basciano must be vigilant about litigating all potential issues at all levels in Basciano's case. More importantly, it is our obligation as per the *ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* to assert legal claims.[2] Thus the requested documents are critical to counsel's ability to determine any

---

[2] **Guideline 10.8 The Duty to Assert Legal Claims**

A. Counsel at every stage of the case, exercising professional judgment in accordance with these Guidelines, should:

    1. consider all legal claims potentially available; and

    2. thoroughly investigate the basis for each potential claim before reaching a conclusion as to whether it should be asserted; and

    3. evaluate each potential claim in light of:

        a. the unique characteristics of death penalty law and practice; and

        b. the near certainty that all available avenues of post-conviction relief will be pursued in the event of conviction and imposition of a death sentence; and

        c. the importance of protecting the client's rights against later contentions by the government that the claim has been waived, defaulted, not exhausted, or otherwise forfeited; and

        d. any other professionally appropriate costs and benefits to the assertion of the claim.

B. Counsel who decide to assert a particular legal claim should:

Hon. Nicholas G. Garaufis
August 10, 2010
Page 6 of 6

and all potential legal claims that must be made on Basciano's behalf. Furthermore, we request that Your Honor refrain from deciding Basciano's pending Rule 33 motion in connection with his 03 case until his attorneys have been provided with the requested documents.

We thank Your Honor for your courtesy and consideration.

Respectfully submitted,

_____/S/_____
George Goltzer
Richard Jasper
Ying Stafford
*Attorneys for Vincent Basciano
under Indict. No. 05 Cr. 060 (NGG)*

Michael K. Bachrach
Randall Unger
*Attorneys for Vincent Basciano
under Indict. No. 03 Cr. 929 (NGG)*

cc:   All Counsel (By Fax)
      Vincent Basciano

---

    1. present the claim as forcefully as possible, tailoring the presentation to the particular facts and circumstances in the client's case and the applicable law in the particular jurisdiction; and

    2. ensure that a full record is made of all legal proceedings in connection with the claim.

C. Counsel at all stages of the case should keep under consideration the possible advantages to the client of:

    1. asserting legal claims whose basis has only recently become known or available to counsel; and

    2. supplementing claims previously made with additional factual or legal information.

## LAW OFFICE OF JOSÉ A. MUÑIZ, P.C.
### ATTORNEYS AND COUNSELORS AT LAW
277 BROADWAY, SUITE 106, NEW YORK, NEW YORK 10007
(212) 964-3736   FAX (212) 227-0397
Jamlaw305@aol.com

June 28, 2010

By fax # 718-254-6550

Judge Nicolas G. Garaufis
Unites States District Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY., 11201

RE: **United States vs. Joseph Barone 09 cr. 0091 (NRB)**

Dear Judge Garaufis:

    I am enclosing for you a subpoena Decus Tecum for the above entitled case. I understand that Mr. Barone forwarded you a letter on January 31, 2010 regarding his case.

    I write this letter pursuant to and in compliance with 28 U.S.C. section 604 of the guide to Judiciary Policies and Procedures, Vol. I Ch. 11 (Subpoena regulations). In particular, Section 6, Contents and timeless of a request for testimony of a Judge.

    The trial of Mr. Barone will start on July 19, 2010 before the Honorable Noemi Reice Buchwald. Your expected testimony, if allowed by Judge Buchwald, would be scheduled for July 22 or 23, 2010. Mr. Barone is charged with murder for hire. In Judge Buchwald recent Decision of June 25, 2010, she suppressed the evidence recovered from Mr. Barone's residence and automobile, which included two fire arms and a bullet proof vest.

    Mr. Barone has submitted a Public Authority Defense, pursuant to Rule 12.3. Partial to that defense is Mr. Barone's service to the government for the past 18 years; and in particular, to the FBI. He has provided crucial intelligence on various "Mafia" crime families. This resulted in numerous arrests, and several of those arrests decided to become cooperators. Also, his effectiveness was such that he obtained intelligence of an assassination plot against your Honor and AUSA Greg Andres. This information resulted in saving the life of your Honor and AUSA Greg Andres and several lay witnesses.

    Your testimony is sought because I am unsure if the defense will get the FBI 302s on the assassination attempt by Mr. Basciano on your Honor and AUSA Greg Andres. Apparently, the prosecution has provided Judge Buchwald with the full file on Mr. Barone's cooperation with the FBI for in camera inspection. But, because I am unsure as to what these 302s will say about Mr. Barone and what amount of credit, if any, is given to him, I must prepare the Subpoena for your Honor.

08/10/2010 05:23 2125890559 RICHARD JASPER LAW PAGE 09
Case 1:05-cr-00060-NGG   Document 924   Filed 08/13/10   Page 8 of 10
Case 1:09-cr-00091-NRB   Document 65-2   Filed 06/28/10   Page 2 of 2

Page 2
Judge Nicholas G. Garaufis
June 28, 2010

    Mr. Barone provided specific and credible intelligence of the who, what, and where of the attempt on your life. Mr. Barone has been charged with murder for hire. His Public Authority Defense, includes, but is not limited to, the followings:

1. His long and valuable service to the FBI;
2. That any purported crime he committed or conspired was sanctioned overtly or implicitly, and/or acquiesced in by the FBI;
3. That the charged crime is nothing more than "Mafia Puffery" to maintain his cover on the street and increase his visibility to the Mafia and value to the FBI;
4. Mr. Barone's long history of service to the government, including his valuable assistance in stopping the attempted assassination of your Honor; is more consistent with Mr. Barone's innocence in the pending charges, before Justice Buchwald;
5. Depending on whether the government, through the 302s and FBI witnesses and whether they acknowledge the full extent and breath of Mr. Barone's substantial assistance in stopping the assassination; your Honor's testimony would be crucial and at a minimum, needed for rebuttal purposes.

    I am mindful of your Honor's valuable time and case load and I have spoken with AUSA John T. Zach about the possibility of entering into a stipulation regarding your testimony; but, I have not been given a definite answer by Mr. Zach.

    As such, I respectfully submit the enclosed subpoena along with this letter explaining my reasons, as per the statute.

    If you have any questions, please feel free to call my office.

                                     RESPECTFULLY SUBMITTED,

                                     *Jose A. Muniz*
                                   JOSE A. MUNIZ, ESQ.

cc:   Honorable Naomi Reice Buchwald
       AUSA John T. Zach (By fax)
       Joseph Barone

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

   - v. -                      :

ANTHONY V. PILIERO and           :
JOSEPH S. BARONE,
                                        :

          Defendants.
                                    :
- - - - - - - - - - - - - - - - - - - x

**ORDER**

S1 09 Cr. 91 (NRB)

     In order to enable the Government to comply with its disclosure obligations, and for the reasons stated by the Government on the record in open court on June 25, 2010, it is hereby

     ORDERED that:

     1. The Federal Bureau of Investigation ("FBI") is directed, forthwith, to provide unredacted copies of the FBI informant files relating to Joseph S. Barone and another confidential informant (the "Case Files") to Assistant United States Attorneys John Zach and Steve Kwok, United States Attorney's Office, Southern District of New York. Prior to receipt of the Case Files, the Government will have reviewed the Case Files and designated those documents the Government has deemed necessary to be disclosed to defense counsel pursuant to applicable law.

     2. Upon receipt of the Case Files, AUSAs Zach and Kwok are directed to deliver them to chambers for in camera review by the Court, and any member of its staff, for documents

that should be provided to defense counsel pursuant to applicable law.

3. The Court will maintain the Case Files securely within chambers and ensure that no additional copies of the Case Files be made.

4. In the event that the Court deems that certain materials in the Case Files -- beyond those materials that the Government has already agreed to provide to defense counsel -- are required to be disclosed to defense counsel pursuant to applicable law, the Court will so notify the Government and afford the Government an opportunity to be heard before ordering the release of any additional materials contained in the Case Files.

5. Subsequent to the Court's review of the Case Files, the Case Files will be returned to the United States Attorney's Office, Southern District of New York, which will promptly provide defense counsel with the materials designated for disclosure by the Government and any additional documents ordered by the Court to be disclosed, and will then promptly return the Case Files to the FBI.

Dated:    New York, New York
          June 23, 2010

                                    _____
                                    THE HONORABLE NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE
                                    SOUTHERN DISTRICT OF NEW YORK