**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel.  (212) 608-1260
Fax (212) 980-2968
george@goltzer.com

September 18, 2010

**BY ECF & FACSIMILE**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *United States v Vincent Basciano*,
      05 Cr. 0060 (NGG)

Dear Judge Garaufis:

We respectfully submit this letter to address the government's response regarding our request for the immediate disclosure of documents and information critical to the adequate defense of Basciano at his upcoming capital trial.

On August 10th, 2010, we made several requests concerning information provided by confidential informant, Joseph Barone, regarding a plot by Basciano to kill Your Honor and Barone's assistance regarding a "hit list." Our requests are based on the public record of United States v Joseph Barone, Indictment No. 09 Cr 91 (NRB).   Therefore, it is baffling that the government would assert in their response at ¶ 3 that it is "not aware of, and has not located, any information provided by Joseph Barone about a plot to kill Your Honor," particularly in light of following:

- Joseph Barone's letter to Your Honor dated January 2010 stating, "I am the man directly responsible for saving your life [Your Honor]. Not to mention the AUSA's life as well." (*See* ECF Doc. No. 925)

- Joseph Barone's sworn testimony that there was a potential threat against a prosecutor, and that the judge was also on a "hit list." Barone also gave the FBI the whereabouts of the people involved and gave detailed information on the layout of Cicale's house, which the FBI used to make speedy arrests of those involved. (<u>United States v Joseph Barone</u>, Indictment Trial Transcript at 605-608)

- The statements by United States District Court Judge, Naomi Reice Buchwald, regarding Joseph Barone's assistance in saving the life of a federal judge.
    - "You [government] conceded in the course of bail and arguments in this case that judge Garaufis was a target and that **<u>Barone went to the FBI and, in effect saved him</u>**." (<u>United States v Joseph Barone</u>, Trial Transcript at 1044).
    - **<u>"Saving the life of a federal judge. He didn't lie on the stand about that."</u>** (<u>United States v Joseph Barone</u>, Trial Transcript at 1045)

- The statement by Assistant United States Attorney John Thomas Zach that "it was pointed out that through the course of his cooperation, in fact, Mr. Barone did give information that **<u>did help save the life of a federal</u>**

Hon. Nicholas G. Garaufis
Saturday September 18, 2010
Page **3** of **7**

> **judge, so the record is clear**." (<u>United States v Joseph Barone</u>, Trial Transcript at 1046)

Since the government's assertions at ¶ 3 are clearly irreconcilable with the public record, the defense should be entitled to make an independent assessment of all the documents and information specified in our letter.

Additionally, the government in an effort to delay disclosure has glommed together and thrown in the same box Rule 16, <u>Brady/Giglio</u>, and 18 U.S.C. § 3500 material. Rule 16, <u>Brady/Giglio</u> and 18 USC § 3500 are separate rules of disclosure governed by distinct and separate time frames. For instance, the government states at ¶ 5 "to the extent the reports of Barone provide any **<u>Giglio or exculpatory information</u>**, those reports will be provided under separate cover," thus implying that they are in possession of <u>Brady/Giglio</u> material, but will disclose it at a later date.

As we stated in our previous letter, we seek the immediate disclosure of the requested documents so that we may effectively defend Basciano in the context of a complex capital case.[1] The Court should not permit the government to delay disclosure of critical <u>Brady/Giglio</u> material in a capital case, by simply referencing Rule 16 and 18 USC § 3500 in the same sentence. The government's obligation with regard to <u>Brady</u> is

---

[1] As counsel in a capital case we are obliged per ABA Guideline 10.11(A) of the *ABA Guidelines for the Appointment and Performance of Death Counsel in Death Penalty Cases*, "to investigate issues bearing upon penalty and to seek information that supports mitigation or rebuts the prosecution's case in aggravation." Furthermore, as per ABA Guideline 10.11(G) we are required to "consider whether any portion of the defense case will open the door to the prosecution's presentation of otherwise inadmissible aggravating evidence. Counsel should pursue all appropriate means (e.g., motions in limine) to ensure that the defense case concerning penalty is constricted as little as possible by this consideration, and should make a full record in order to support any subsequent challenges."

automatic and pertains to materials or information with respect to guilt or punishment. A delay in the disclosure of Brady has been held to violate Brady on the ground that the disclosure was too late to be used effectively by the defendant. Leka v. Portuondo, 257 F.3d 89, 100-103 (2d Cir. 2001) (disclosure of identity of witness on "eve of trial" violated Brady because defense did not have opportunity to use information effectively); St. Germain v. United States, 2004 WL 1171-403 at 10-18 (SDNY 2004) (granting new trial where disclosure made immediately prior to trial).

Given that Your Honor has scheduled Basciano's trial to begin February 14th 2011, any further delay of the documents and information requested in our August 10th letter, including our renewed request for a bill of particulars concerning the "List," would effectively violate Basciano's right to due process, because he will be deprived of the ability to investigate, and, in turn, make informed decisions regarding his case. Basciano has consistently and repeatedly disavowed any plan or intent to murder the individuals on the "List." Basciano's only knowledge of the "List" is that he authored it for a Santeria ritual. To date, Basciano is unaware of the identity of the person supposedly solicited; specifically when the alleged solicitation took place; and specifically where the alleged solicitation took place. The assumption that Basciano is aware of the information sought in the bill of particulars regarding Joseph Barone and more importantly the "List" is fatally flawed. That assumption presupposes guilt, and misses a fundamental mistake because, it is a Santeria list, and not as the government and Magistrate Levy presumed a "hit list." And its explosive nature as characterized by the government is obvious. Once more, to assume Basciano is aware of the particulars requested regarding Joseph Barone and the "List," is to presume Basciano's guilt. As was noted in United States v Algeria,

1991 WL 238223 at 12-12 (S.D.N.Y, 1991), if a defendant is to be "presumed innocent, it must be assumed that he is ignorant of the facts on which the pleader founds his charges." Thus, the issue on a motion for a bill of particulars is not what the defendant knows or should know, but what the government intends to prove.

Without this information, we cannot adequately prepare to defend against the allegation concerning the "List" or make appropriate motions *in limine*. In particular, counsel must decide the appropriate motions to be made in connection with the Second Circuit's decision regarding Basciano's mandamus petition. The Second Circuit noted in their decision denying Basciano's mandamus petition the following:

> The petitioner also insists that we direct the district judge to recuse himself because of the possibility that the admission of the list into evidence in a trial presided over by the judge may prejudice the jury. We decline to address this argument for lack of ripeness. (United States v. Basciano, 542 F.3d 950, 961 (2008).
>
>     *    *    *
>
> The district court may wish to consider ruling on the admissibility of the "hit list" *in limine* so as to explore, before trial begins, all available options including, but not limited to, disallowing the use of the list, recusal, or redacting the potentially prejudicial portions. (United States v. Basciano, 542 F.3d 950, at footnote 7 (2008).

As Your Honor is aware, we have a motion pending before the Court to admit the "List" to demonstrate the bad faith of the government's investigation. However, it is critical that the defense immediately be provided with the materials requested regarding Joseph Barone and the "List," so that we are able to incorporate/supplement all of the relevant facts in our motion. Additionally, depending upon Your Honor's ruling regarding the

Hon. Nicholas G. Garaufis
Saturday September 18, 2010
Page **6** of **7**

admissibility of the "List," we may decide to challenge that decision in the court of appeals.

Equally as important is counsel's ability to defend the government's allegations concerning the "List" at the guilt and/or penalty phase of Basciano's capital trial. Although, the government has not indicted Basciano in connection with the "List," they have made it clear they intend to rely on the "List" to justify Basciano's execution. In a previous letter, the government disclosed that they intend to rely on the "Solicitation to murder the individuals on the List" to prove four non-statutory aggravating factors that the government will exploit to justify a verdict of death in Basciano's case. Specifically, the government indicated that they will rely on the "List" to prove the following: ¶ C.1.(b):  Continuing Pattern Of Violence; ¶ C.1.(e): Specific Threats of Violence While In Prison; ¶ C. 3:   Obstruction of Justice; and ¶ C.5: Participation in Additional Uncharged Homicides, Attempted Homicides or Other Serious Crimes of Violence. (*See* ECF Doc. No. 528). Thus, as capital counsel, we must zealously pursue and investigate any and all information in the possession of the government that supports mitigation or rebuts the prosecution's case in aggravation. It is simply not possible to fulfill our obligation as capital counsel without the requested materials and the opportunity to investigate prior to trial.

Hon. Nicholas G. Garaufis
Saturday September 18, 2010
Page **7** of **7**

Accordingly, we respectfully request the Court grant our request for the documents and information specified in our August 10th letter.

We thank you for your courtesy and consideration.

                                                Respectfully submitted,

                                                _____/S/_____
                                                George Goltzer
                                                Richard Jasper
                                                Ying Stafford
                                                *Attorneys for Vincent Basciano*