**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel. (212) 608-1260
Fax (212) 980-2968
gcorge@goltzer.com

September 30, 2010

**BY FACSIMILE (718) 613-2546**
Hon. Nicholas G. Garaufis
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: *United States v. Vincent Basciano*
> *05 Cr. 60 (S-9) (NGG)*

Dear Judge Garaufis:

We respectfully submit this letter to request that Your Honor refrain from ruling on the pending motions in Basciano's case, while the defense prepares a motion to recuse the Court.

In light of the Attorney General's decision to continue to proceed as a death penalty case, the defense continues to prepare for a potential penalty phase. As a result, the letter authored to Attorney General Holder by Your Honor is a powerful and compelling piece of mitigation evidence. In the Court's letter, the classic mitigation point is made, life without the possibility of release is appropriate under the circumstances of Basciano's case. It is our position that we have a right to present Your Honor's letter dated May 13, 2010, in furtherance of an argument against the death penalty. Moreover,

Hon. Nicholas G. Garaufis
September 30, 2010
Page 2 of 4

we have a right to present Your Honor's letter to rebut the government's non-statutory aggravating factor of future dangerousness.

The Supreme Court has established the extremely broad right of a capital defendant, under the Eighth Amendment, to present and have the jury consider all relevant mitigating evidence at a capital sentencing hearing. See Lockett v. Ohio, 438 U.S. 586 (1978) (capital sentencer may "not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death"); Green v. Georgia, 442 U.S. 95 (1979) (state hearsay rule could not be invoked to bar relevant mitigating evidence); Eddings v. Oklahoma, 455 U.S. 104 (1982) ("The sentencer . . . may determine the weight to be given relevant mitigating evidence. But they may not give it no weight by excluding such evidence from their consideration"); Tennard v. Dretke, 542 U.S. 274 (2004) (rejecting view that evidence needs to have some nexus to the crime to be mitigating; "[r]elevant mitigating evidence is evidence which tends logically to prove or disprove some fact or circumstance which a fact-finder could reasonably deem to have mitigating value"); Skipper v. South Carolina, 476 U.S. 1 (1986); Hitchcock v. Dugger, 481 U.S. 393 (1987); Penry v. Lynaugh, 492 U.S. 302 (1989); Penry v. Johnson, 532 U.S. 782 (2001). Payne v. Tennessee, 501 U.S. 808, 822 (1991) ("virtually no limits are placed on the relevant mitigating evidence a capital defendant may introduce concerning his own circumstances"); Ayers v. Belmonte, 127 S.Ct. 464, 478 (2006) (describing a jury's penalty-phase task as weighing "the finite

Hon. Nicholas G. Garaufis
September 30, 2010
Page 3 of 4

aggravators against the potentially infinite mitigators"). Furthermore, the Federal Death Penalty Act reflects this broad right. It provides a catch-all provision requiring the jury to consider "[o]ther factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence." 18 U.S.C. § 3592(a)(8).

Additionally, the defense must consider the appropriateness of a recusal motion based upon the recent revelations concerning, former confidential informant, Joseph Barone.[1]

---

[1] The *ABA Guidelines for The Appointment and Performance of Defense Counsel in Death Penalty Cases* require that counsel consider all legal claims potentially available. *ABA Guideline* 10.8 states the following:

THE DUTY TO ASSERT LEGAL CLAIMS
A. Counsel at every stage of the case, exercising professional judgment in accordance with these Guidelines, should:

1. consider all legal claims potentially available; and

2. thoroughly investigate the basis for each potential claim before reaching a conclusion as to whether it should be asserted; and

3. evaluate each potential claim in light of:

    a. the unique characteristics of death penalty law and practice; and

    b. the near certainty that all available avenues of post-conviction relief will be pursued in the event of conviction and imposition of a death sentence; and

    c. the importance of protecting the client s rights against later contentions by the government that the claim has been waived, defaulted, not exhausted, or otherwise forfeited; and

Hon. Nicholas G. Garaufis
September 30, 2010
Page 4 of 4

Accordingly, we bring this specific issue to Your Honor at the earliest possible juncture in the case.

We thank Your Honor for your courtesy and consideration.

Respectfully submitted,

_____/s/_____
George Goltzer
Richard Jasper
Ying Stafford
*Attorneys for Vincent Basciano*

cc:  All counsel (via email and fax)
     Vincent Basciano

---

    d. any other professionally appropriate costs and benefits to the assertion of the claim.

B. Counsel who decide to assert a particular legal claim should:

  1. present the claim as forcefully as possible, tailoring the presentation to the particular facts and circumstances in the client's case and the applicable law in the particular jurisdiction; and

  2. ensure that a full record is made of all legal proceedings in connection with the claim.

C. Counsel at all stages of the case should keep under consideration the possible advantages to the client of:

  1. asserting legal claims whose basis has only recently become known or available to counsel; and

  2. supplementing claims previously made with additional factual or legal information.