

**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel. (212) 608-1260
Fax (212) 980-2968
george@goltzer.com

September 17, 2010

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 1120
Via telefax: 718/613-2546

Re: *United States v. Vincent Basciano*; 05 Cr. 0060 (NGG)

Dear Judge Garaufis:

Please accept this letter in response to Chambers' inquiry to defense counsel, whether the letter from Mr. Basciano, dated August 25, 2010 and stamped by the Clerk's office on September 14, 2010 ought be docketed publicly on "ECF".

The defense respectfully objects to making public, or disclosing to the government, any portion of the letter beginning at the final paragraph of page 2 (beginning with the word "Also"), to the end of the letter. If the Court overrules the defense objection, we urge that nothing be publicized or disclosed until the Attorney General of the United States completes his reconsideration of capital authorization of this case.

The portion of the letter that we request be held under seal pertains to legal issues and strategic judgments that Mr. Basciano is afraid his attorneys will not adequately address. To that extent, defense counsel view the letter as a complaint or concern about representation by appointed counsel, a matter that generally is treated by Courts in *ex parte* proceedings. Defense counsel request that this letter be treated in that context and in that way.

If and when defense counsel deem it strategically appropriate and advisable, they will fully address the issues raised in the missive. It is our view that the issues have been raised by our client prematurely on an incomplete record. Indeed, we are in the process of finalizing a reply to the government's recent response to our requests for discovery of matters alluded to by Mr. Basciano in his letter. To the extent that Mr. Basciano may have provided a premature glimpse into legal

discussions within the defense camp, they ought not be made public or disclosed to the government. Such disclosure would, we urge, violate Mr. Basciano's right to the effective assistance of counsel within the meaning of the Fifth, Sixth and Eighth Amendments to the United States Constitution. And it is counsel, after all, who are entrusted with the strategic judgments of when and how to raise pre-trial legal motions, not the client. *See, Taylor v. Illinois,* 484 U.S. 400, 418 (1988) ("The adversary process could not function effectively if every tactical decision required client approval."); *Jones v. Barnes,* 463 U.S. 745, 753-754 (1983) (Counsel need not pursue legal issues if it seems strategically unwise to raise them.).

We are also concerned that placing the letter on the public docket will invite undue pre-trial publicity over matters of defense strategy and internal discussions which ought remain private. The issue of Mr. Basciano's concerns over his appointed counsel raising issues fully is not a matter for public speculation. Rather, it is a private matter between Mr. Basciano, the Court and counsel unless and until defense counsel file documents as part of the record of this case in an effort to preserve and protect Mr. Basciano's constitutional rights.

We have endeavored to respond to Chambers' inquiry as quickly as possible and request that this letter be maintained under seal, along with Mr. Basciano's. Thank you again for your consideration of this matter. We remain

Respectfully,

George R. Goltzer
Richard Jasper
Ying Stafford

GRG/ms

2