9-21-10



Dear Judge Garaufis,

In Response to Mr. Goltzers letter to the court on September 17, 2010, objecting to making my letter dated September 14, 2010, public or disclosing to the government the contents of that letter, serve Mr. Goltzers self interest not mine.

With regard to Mr. Goltzer's concern regarding the Attorney general that he raised in paragraph two (2) of his letter. Mr. Goltzer is already aware that I wrote the Attorney General a fifteen page letter and also sent the Attorney General our latest Rule 33, this past May.

Mr. Goltzer is aware that I wrote that letter after the court wrote the Attorney General (A.G) asking the A.G to reconsider the death penalty because of financial concerns.

Mr. Goltzer is also aware that I stated in that letter my thoughts regarding the courts concerns; "that it had nothing to do with money". And I wrote that prior to having knowledge of the Barone letter. Mr. Goltzer wrote the A.G and asked for a copy of that letter. Mr. Goltzer should be asking the court if the A.G. sent a courtesy copy to the court and whether the court disclosed the Barone letter to the government. And if it did when?

In paragraph three of the Goltzer letter he states that my letter of September 14, 2010 "pertains to legal issues and strategic judgments that Mr. Basciano is afraid his attorneys will not adequately address."

I specifically stated in my letter that the Barone letter" has implications in both the 03 cr 929

AND 05 CR 0060 CASES. I will not ADDRESS those implications in this letter. My attorneys IN the '03 AND '05 CASES ASSURED me they would"

The issue that I DID ADDRESS in my letter on pages 4+5 WAS previously DISCUSSED with MR. Goltzer! I HAD told MR. Goltzer my thoughts on why the court wrote the A.G. I Also expressed my concerns that he (Goltzer) would not ADDRESS the APPEARANCE AND the timing of the Barone letter AND the courts letter to the A.G. the way I DID in my letter. MR. Goltzer specifically told me "Your Right I will not write that"

IN paragraph 4+5 of the Goltzer letter his concerns ARE; that I may have provided A premature glimpse into legal discussions within the Defense camp; those discussions ought not be made public or Disclosed to the government; that Disclosure would violate my Right to the effective Assistance of Counsel within the meaning of the Fifth, Sixth AND Eighth Amendments; that strategic judgments of when AND how to Raise pre-trial legal motions should be left to the Attorneys not "the client" Goltzer cites Talyor v. Ilinois, 484 U.S. 400, 418 1988 ("The ADVERSARY process could not function effectively if every tactical Decision Required client Approval"). Goltzer Also cites Jones v. Barnes, 463 U.S 745, 753-754 (1983) (Counsel Need not pursue legal issues if it seems strategically unwise to Raise them.).

First of All the basic context of my letter Dated September 14, 2010 talks about the "Appearance" AND "Actual bias towards me" by the court. That isn't the first time the court or the government has heard those allegations from the Defense. The only

Difference is that the Barone letter gives the Defense what we thought all along: actual bias. Recusal is in-order now before the court decides any motions currently before the court.

Another Recusal motion based on the Barone letter should not be any surprise to the "public" or the "government." They both should be anticipating it.

Since Mr. Goltzer has already made those "implications" in a letter he faxed the court on August 10, 2010 and was also sent ECF, which stated: the Barone letter "has significant implications for both of his capital and non-capital cases." See Document 922 filed 8/13/10.

Mr. Goltzers concerns that my letter of September 14, 2010 if disclosed would violate my fifth, sixth and Eighth Amendments with regard to effective assistance of counsel and "to raise pre-trial legal motions should be left to the attorneys"; that counsel need not pursue legal issues if it seems strategically unwise to raise them" and that "strategic judgments of when and how to raise pre-trial legal motions" should be left to the attorneys not the client. Were written to protect Mr. Goltzer and to avoid the real issue; not writing certain motions that need to be written now. I.E. Recusal and another habeas.

Mr. Goltzer does not mention the additional rights granted by the fourteenth Amendment, such as the right to conduct his or her own defense as necessary to a fair trial under the due process clause. 422 U.S. 806, 821. Schwartz, Constitutional law § 7.11 (2d. ed. 1979)

By now Mr. Goltzer should have read this entire record. If he had he would realize that in approximately August or October 2006, (I do not have my legal

work to cite the exact excerpt), After the government did not except the Defense explanation that the list was a Santeria list, Mr Kousouros (Defense counsel) stated that we might have to consider Recusal. The court declared that before it decides any motions, if the Defense is going to submit a Recusal motion, that shall be decided first.

Mr. Goltzers excuse "that the issues have been Raised by our client prematurely on an incomplete Record" is completely specious. (See paragraph four of the Goltzer letter)

Mr. Goltzer and my Defense team are completely aware that because the court did not turn over the Barone letter or muniz letter, (Barones Attorney who publicly acknowledged that his client Joe Barone was a confidential informant for the FBI for eighteen years, in a letter to the court on June 28th 2010), I was time barred from bringing another Rule 33 and furthermore I was prevented from supplementing my Rule 33 (that the court most Recently Denied) and Direct Appeal that were not due when the court received the Barone letter on February 2 2010.

By asking the court to decide motions currently before the court and subsequent to those decisions, than move for the courts recusal is unfair to me and the court. If the court were to Rule against me Regarding our current motions and then Mr. Goltzer decides to write a Recusal motion it will "appear" that our recusal motion was written because the court ruled against the Defense. Which is what the court and the second circuit said in the past. (I don't have my legal work for the direct quotes). I do not want to be in that position.

As far as Mr. Goltzer citing Taylor v. Illinois; consulting me regarding "every tactical decision" is unfair.

I want to be consulted about the very important issues and decisions that will ultimately effect my life.

Consciously or unconsciously the court violated my Due process Rights by not turning over the Barone and Muniz letter. I was not allowed to supplement a current Rule 33 that was pending before the court or supplement my Direct Appeal that was not turned into the second circuit yet.

Furthermore as of July 30, 2010, approximately two weeks before the court turned over the Barone letter I was time barred from bringing another Rule 33 based on information both the court and the government never turned over to the Defense.

On June 28th 2010 when the Court received the muniz letter the Defense still had approximately one and a half months to file a new Rule 33 regarding this explosive information that the court sat on.

The Defense is approximately five months from the start of my next trial. Mr. Goltzer's Delay in writing another Recusal motion based on this information is not "premature" it is over-Due.

Mr. Goltzers Response that recusal is premature proves his fundamental lack of understanding of a fulsome Record regarding recusal issues and the effect it would have had on both my Rule 33 and Direct Appeal. Especially since the second circuit seemed to have highlighted how the court actually protected my rights. The Barone letter and events that followed would have proved otherwise.

In conclusion, if Mr. Goltzer does not write a recusal motion, this letter to the court would indicate that he should have. And the examples I cite in this letter are only a portion of what needs to be put into

A Recusal motion based on actual bias along with all the legalese to support those arguments. Mr. Goltzer, Mr Jasper and Ms. Stafford are much more adept at making those arguments than I am.

On another note. My letters to the court that are sent from MCC take an inordinate amount of time to get to your honor. From MDC my letters usually have gotten to your honor within several days. The court might want to inquire if my legal mail goes to the FBI the way my social mail does than to its destination. If it has is the FBI or the govt. reading my legal mail?

On yet another note. I have spent approximately 56 months in the hole (SHU) since my arrest on Nov. 19th 2004. I am still of sound mind and body. My letters do not give away any defense secrets. I only allude to future arguments by touching briefly about the subjects of my argument without revealing the core of what those arguments will be. Unless they are apparent like the subject I addressed in this letter; recusal.

I do not take pleasure writing the judge or disparaging my attorney. However if I could handle complete solitude, sleep deprivation, not making weekly phone calls, not seeing some of my children for five years who now have children of their own I haven't seen and being under the conditions I am in I expect my attorneys to fight for me the way I have fought and will continue to fight. They should not feel intimidated by the court and feel they are beholden to the court because the court signs their paychecks. As professionals they are supposed to make all the proper arguments. Not make excuses for not making the argument. I expect no less from them and neither should the court.

Thank You Respectfully Yours

[signature]

Vincent J. Basciano

Vincent J. Basciano 30694-054
New York Metropolitan Correction Center
150 Park Row
New York, New York 10007

Legal Mail

Legal Mail

NEW YORK NY 100
30 SEP 2010 PM 12 L




Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

USMS

Legal Mail

11201$1818







I Gave this letter to be mailed out to
At. Delaney on 9-23-10 at approx 1:50 pm