UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

    -against-

VINCENT BASCIANO,

                      Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

05-CR-060 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant has moved the court to recuse itself from his pending death-penalty trial. ("Defendant's Motion" (Docket Entry # 944).) This motion follows several unsuccessful motions for recusal, two of which have been affirmed by the Court of Appeals for the Second Circuit. See United States v. Basciano, 08-1699-cr, 2010 WL 2802566, at *3-4 (2d Cir. July 16, 2010); In re Basciano, 542 F.3d 950, 956-58 (2d Cir. 2008). For the reasons set forth below, Defendant's Motion is denied.

I.    **BACKGROUND**

    A.    **Barone Letter**

On January 31, 2010, Joseph Barone, a defendant in a criminal trial in the Southern District of New York, wrote this court a letter that stated, "I am the man, who is directly responsible for saving your life. . . . I risked my life everyday for years working inside the Bonanno family. . . . My good friend at that time is the star witness against Vincent Vinny Gorgeous Basciano for the prosecution. . . . He was the captain Dominick Cicale." (Docket Entry # 925.) Aside from this vague and unsubstantiated assertion that Barone somehow saved my life, the rest of the letter recounts Barone's legal troubles and health problems, which are of no consequence to Defendant's case. On August 10, 2010, Defendant requested that this letter

1

be published (Docket Entry # 924), and the letter was placed upon the public docket on August 13, 2010. (Docket Entry # 925.)

Defendant argues that he was prejudiced by the court's receipt of, and failure to disclose, the contents of the Barone letter. First, Defendant asserts that he became time-barred from "bringing another Rule 33 application, based on new evidence, as of July 30, 2010." (Defendant's Motion at 4.) Defendant argues, without providing any explanation, that because of Barone's self-proclaimed status as "best friend" to Cicale, a witness at Basciano's previous trials, the government must have received "material information from Barone that both impeached Cicale and implicated him in crimes he denied under oath." (Id.)

Defendant argues that recusal is necessary because, by receiving the Barone letter, "the court gained personal knowledge of a disputed evidentiary fact." (Id. at 5.) Defendant argues that recusal is necessary pursuant to 28 U.S.C. § 455(a), which provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and 28 U.S.C. § 455 (b)(1), which provides that a judge shall recuse himself in a proceeding "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." (Id.) Defendant argues that the Barone letter "seemingly corroborated Basciano's alleged intent to have the Court, and Assistant United States Attorney and three cooperating witnesses murdered." (Id. at 7.) Because he believes the time for bringing an additional motion under Federal Rule of Criminal Procedure 33 has expired, Defendant contends he has "lost the opportunity to contest the assertion in the letter that the list tended to prove that there was ever a real plot to harm the people." (Id.) Consequently, Defendant concludes that "a reasonable person would reasonably infer that the Court's receipt

and subsequent withholding of the Barone letter manifests an outward appearance of partiality. (Id.)

B.   **The Court's Letter to the Attorney General**

On May 13, 2010, this court wrote a letter to the Attorney General of the United States asking that he review whether or not the Government should continue to pursue the death penalty against Defendant in light of the Defendant's being sentenced to life imprisonment and designated to the Administrative Maximum Facility of the Florence Federal Correctional Complex subsequent to the Attorney General's death-penalty authorization. ((Docket Entry # 889) at 1.) On September 28, 2010, the United States Attorney for the Eastern District of New York advised the court that the Government would continue to seek the death penalty against Defendant. (Docket Entry # 938.)

Defendant argues that this court's letter to the Attorney General requires recusal because Defendant plans to introduce the letter at the penalty phase of the capital trial, should the trial get to that stage, and introduction of this letter would transform this judge into a witness in violation of Federal Rule of Evidence 605. (Defendant's Motion at 9.) Defendant contends that the letter is "a critical piece of mitigation evidence" because it expresses "the court's view that life without parole is appropriate under the specific circumstances." (Id. at 11.) Defendant further asserts that the letter is properly admissible at the penalty phase. (Id. at 13.)

II.  **DISCUSSION**

A.   **Recusal Standard**

Consistent with a defendant's right to a fair trial, a district judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a)(1). The test to determine whether a judge's impartiality might reasonably be questioned

is whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the facts, would reasonably question the judge's impartiality." United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotations omitted). Section 455(b)(1) of Title 28 of the United States Code provides that a judge shall recuse himself in a proceeding "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The decision whether to grant or deny a recusal motion is left to the discretion of the district court. United States v. Muyet, 994 F.Supp. 550, 554 (S.D.N.Y. 1998).

This motion follows several unsuccessful attempts by Defendant to recuse the court. This court has previously found that "Basciano's repeated replacing of attorneys and his statement to his wife that he needed to 'get a different judge,' suggested that one of Basciano's objectives was to engineer this court's recusal." United States v. Basciano, 03-cr-929 (NGG), 2008 WL 794945, at *11 (E.D.N.Y. March 24, 2008). In determining whether recusal is warranted, the court must examine the "unique circumstances" of the case. See Yousef, 327 F.3d at 106.

In reviewing the court's denial of one of Defendant's previous recusal motions, the Court of Appeals found that this court's "careful eliding of the [decision to deny the recusal motion], coupled with [the court's] exemplary attention to Basciano's rights throughout the [previous] trial, would not permit any objective, disinterested observer to entertain significant doubt as to whether justice was done in this case without recusal." Basciano, 2010 WL 2802566, at *3. The Court of Appeals further found that "due process demands that even such a defendant be afforded a fair trial, but . . . no objective observer fully informed of the circumstances of Basciano's case could entertain any doubt that he received just that." Id. at *4. This motion to

4

recuse is brought in a different matter than the previous motions to recuse addressed by the Court of Appeals; however, this court's handling of previous cases involving Defendant would no doubt inform a reasonable person's assessment of whether this court's impartiality could reasonably be questioned here.

### B.    Barone Letter

Defendant's motion to recuse based upon the Barone letter is meritless. The section of the Barone letter at issue in this case consists solely of the bald and unsubstantiated assertion that Barone somehow saved this judge's life, without providing any additional facts. Defendant has failed to show that the Barone letter is at all relevant, that Defendant is in fact time-barred from bringing claims related to the letter, or that the Court's failure to turn over the letter until Defendant requested it raises any inference of wrongdoing under the circumstance. Therefore, the fact that this court did not provide the parties with a copy of the Barone letter is not a fact that would lead "a reasonable person, knowing all the facts, [to] reasonably question the judge's impartiality." See Yousef, 327 F.3d at 169. Furthermore, if this court's knowledge of an alleged death threat against this judge did not constitute grounds for recusal, see Basciano, 2010 WL 2802566, at *3-4, then an ambiguous and dubious letter from a third party claiming some responsibility for foiling that alleged death threat certainly does constitute "personal knowledge of disputed evidentiary facts concerning the proceeding" sufficient to satisfy 28 U.S.C. § 455(b)(1). Accordingly, Defendant's motion to recuse based on the Barone letter is DENIED.

### C.    The Court's Letter to the Attorney General

This court need not address the issue of whether introduction of this court's letter would violate Federal Rule of Evidence 605, because admitting the letter would not be appropriate at any stage of the trial. While the issue of the admissibility of this evidence would be more

5

appropriately presented through a motion in limine, since Defendant has raised the evidentiary issue as a basis for his motion to recuse, the court will rule on the evidentiary issue here.

First, the court's letter is not relevant mitigating evidence. At the penalty phase of a capital-punishment trial, a defendant "may present any information relevant to a mitigating factor." 18 U.S.C. § 3593(c). The standard for relevance in the context of mitigating evidence introduced in the penalty phase of a death-penalty trial is not different "than in any other context, and thus the general evidentiary standard – any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tennard v. Dretke, 542 U.S. 274, 284 (2004). The purpose for which the Defendant seeks to introduce the court's letter is to argue that it is the opinion of the court that "life without parole is appropriate under the specific circumstances." (Defendant's Motion at 11.) The opinions of this court, and the court disputes that any were expressed, would not be relevant to the penalty phase unless they were entered as the opinions of an expert witness. However, in capital-punishment cases,

> "it is the jury alone that is charged with the responsibility of speaking for the community in deciding whether a particular defendant deserves to live or to die. . . . No Expert opinions on the issue of sentence are warranted, whether from local prosecutors . . . their Justice Department counterparts, capital defense bar representatives, newspaper editorial boards, victims' rights groups, or even the trial judge."

United States v. Fell, 571 F.3d 264, 279 (2d Cir. 2009) (Raggi, J., concurring) (emphasis added). Thus, the court's letter is not relevant and not properly admissible given the unique role of the jury during the penalty phase of a death-penalty trial.

Even if the letter were relevant, it is not admissible because its relevance would be far outweighed by the likelihood of creating "unfair prejudice" or "misleading the jury." 18 U.S.C. § 3593(c) ("information is admissible regardless of its admissibility under the rules governing

6

admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice . . . or misleading the jury.") This court's letter has little, if any, relevance, but there is a significant risk that, if admitted, it would be given undue weight by the jurors, creating unfair prejudice or misleading the jury. This same calculus would apply to the admission of this court's letter or testimony even if this court recused itself and the case were heard by a different judge. Consequently, the letter to the Attorney General will not be admitted at this trial. Thus, Defendant's motion to recuse on this ground is also DENIED.

### III.  CONCULSION

For the forgoing reasons Defendant's recusal motion is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       November _1_, 2010

NICHOLAS G. GARAUFIS
United States District Judge