UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA

    -against-

VINCENT BASCIANO,

                   Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**05-CR-060 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 10 and September 18, 2010, Defendant wrote the court requesting "immediate disclosure" of discovery materials relating to Joseph Barone and the alleged "hit list." (Docket Entry ## 922, 937.) In a letter to the court and in testimony as a defendant in a criminal trial in the Southern District of New York, Joseph Barone claimed responsibility for saving my life by foiling an alleged murder plot. (Docket Entry # 925.) Defendant requested "the immediate disclosure of any and all documents and information that relate to the information provided in [the Barone] letter." (Docket Entry # 922 at 3-4.) Defendant has also renewed his motion for a bill of particulars "concerning the alleged 'hit list.'" (Id. at 4.) The Government has argued that Defendant's request should be denied because Barone did not in fact provide any information to the Government about a "hit list" that is material to Defendant's case. (Docket Entry # 946.) Further, the Government has represented that "to the extent Barone's source file contains any discoverable material on any other subject, the government will provide that material to defense counsel." (Id. at 7.) For the forgoing reasons, Defendant's motions are granted in part and denied in part.

1

I.  **DISCUSSION**

   A.  **Requests for Production of Evidence**

"There is no general constitutional right to discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559 (1997). Rather, discovery by a criminal defendant is limited to that provided for in Federal Rules of Criminal Procedure 16 and 17, 18 U.S.C. § 3500 ("§ 3500"), and that required by due process, as set forth in Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny.

Defendant requests that the Government produce the following information:

2.) Any and all ex parte information provided under seal to Your Honor that concerned any alleged plot by Basciano to kill Your Honor and/or AUSA Andres and/or any lay witnesses.

3.) Any and all information reduced to writing or not that concerns information provided by Joseph Barone about Basciano, Cicale and any aspect of Basciano's case including but not limited to, a plot to kill Your Honor, a plot to kill AUSA Andres and or any other lay witnesses.

4.) Any and all information reduced to writing or not that concerns information provided by Cicale about a meeting with Barone as well as any further information regarding Barone, including but not limited to, a plot to kill Your Honor, a plot to kill AUSA Andres and any other lay witnesses

5.) Any and all information reduced to writing or not that concerns information provided by Cicale and/or Barone, including but not limited to, information regarding Nicholas Cirillo, Randolph Pizzolo, Frank Santoro or any other charged or uncharged crime related to Basciano's capital and non-capital cases.

6.) The ex parte minutes of the in camera proffer by the government to Magistrate Levy that convinced the Magistrate that the list authored by Basciano was in fact a hit list.

7.) The FBI informant file on Joseph Barone produced in camera to Judge Buchwald.

(Docket Entry # 992 at 4.)

"Rule 16 defines the government's obligation to disclose various information that the government intends to introduce at trial or that is material to the preparation of the defense." United States v. Delia, 944 F.2d 1010, 1017-18 (2d Cir. 1991). Rule 16 does not make much, if any, of the evidence Defendant requests subject to disclosure. Rule 16(a)(2) provides that "discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" and "discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500" are not subject to disclosure. Fed. R. Crim. Pro. 16(a)(2). "Rule 16(a)(2) would seem to allow the government, subject to other disclosure obligations, to refuse to produce interview notes made by government agents in connection with investigating this case." United States v. Rajaratnam, 09-cr-1184, 2010 WL 1691745, at *1 (S.D.N.Y. Apr. 27, 2010). To the extent that the information requested by Defendant fits under either of the two categories of information that are not subject to discovery pursuant to Rule 16(a)(2), Defendant's request is denied. This includes statements made by Barone and Cicale in interviews conducted by the government as well as notes and other materials created by investigators and prosecutors in relation to the case against Defendant. However, to the extent that there are any documents or objects requested that are subject to disclosure under 16(a)(1)(E), but not barred by Rule 16(a)(2), the Government shall disclose that information to Defendant. Since the Government has represented that it intends to comply with its obligations under Rule 16 (Docket Entry # 946 at 7,) the court will not compel disclosure of specific information or perform in camera review at this time. Accordingly, Defendant's motion for disclosure under Rule 16 is granted in part and denied in part.

3

"After a witness called by the United States has testified on direct examination," § 3500 requires the Government, on motion of the defendant, to produce "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). The government has represented to the court that it does not intend to call Barone as a witness at Defendant's trial (Docket Entry # 946 at 1 n.1); thus, § 3500 would not require disclosure of statements by Barone. To the extent that any of the materials requested are statements made by Cicale or another witness that the Government intends to call at trial, the Government will be required to make available "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). Section 3500 does not authorize the court to order the pretrial disclosure of witness statements. United States v. Coppa, 267 F.3d 132, 145-46 (2d Cir. 2001). Accordingly, to the extent that Defendant requests § 3500 material at this time, the request is denied without prejudice.

Pursuant to Brady and Giglio, the Government has an obligation to disclose both exculpatory evidence and evidence that impeaches the credibility of Government witnesses. This applies with respect to both guilt and punishment. Coppa, 267 F.3d at 139. Brady and Giglio material must be provided to Defendant in "time for its effective use" at trial. Id. at 144 (citing Brady, 373 U.S. at 87). Given the sensitive nature of this case, earlier than normal Brady and Giglio disclosure may be appropriate. However, "[u]nless counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987). Furthermore, "[d]efense counsel has no constitutional right to conduct his own search of the State's files to argue relevance." Id. In this case, Defendant has not established a reasonable basis for the Court

4

to conclude that the materials requested contain Brady or Giglio material, or even if there is any such material, that Defendant's rights are at risk of being violated if it is not disclosed soon, such that this court should perform in camera review and compel the Government to make disclosures. Furthermore, the Government has represented that it will provide Brady and Giglio material, to the extent that any is available, to the Defendant, consistent with its obligations. (Docket Entry # 946 at 1 n.1, 7; Docket Entry # 936.) Consequently, Defendant's request for production of discovery based upon Brady or Giglio is also denied without prejudice.

### B. Renewed Request for a Bill of Particulars

The court has already carefully considered a motion by Defendant for a bill of particulars in this case that made fifty-five distinct requests for clarification of allegations in the Indictment. (See Docket Entry # 593.) In its early opinion, the court denied with prejudice Defendant's motion for a bill of particulars with regard to the alleged "hit list": a handwritten list with the names of five individuals, including me, that Defendant allegedly wanted murdered. (Id. at 21.)

Defendant's renewal of his application for a bill of particulars (Docket Entry # 922) cites his earlier memorandum that argued that a bill of particulars is necessary because "defendant is in the dark as to the most basic facts about this alleged incident – who, what, when and where" (Docket Entry # 543 at 10.) In denying the bill of particulars as to the alleged "hit list," this court found that,

> [g]iven the extensive litigation surrounding the List, the information voluntarily provided by the Government, and the explanation of the List advanced by Basciano, Basciano's claim that he remains "in the dark as to the most basic facts" surrounding this allegation is absurd. To the extent Basciano seeks the identity of the Government's inmate information, his request seeks discovery outside the proper scope of a bill of particulars and is also denied due to [] security concerns.

(Docket Entry # 593 at 22.)

5

Defendant asserts that Barone's dubious claim that he saved my life constitutes "evidence that Basciano, in fact, plotted to kill Your Honor" and this "has significant implications for both of his capital and non-capital cases;" thus, "[t]his newly discovered information is critical to counsel's preparation for Basciano's upcoming capital case." (Docket Entry # 922 at 3.) Defendant presents no grounds upon which Barone's claims, even if true, would significantly change the Government's allegations of a hit list such that the court should reconsider its previous denial, with prejudice, of a motion for a bill of particulars. Barone's allegations add little, if anything, to the alleged plot. Thus, the court's earlier finding that sufficient details of the alleged plot have already been disclosed stands. Accordingly, Defendant's request for a bill of particulars is denied with prejudice.

## II. CONCLUSION

For the above stated reasons Defendant's motion for the production of evidence and renewed motion for a bill of particulars are GRANTED in part and DENIED in part.

SO ORDERED.                                              s/Nicholas G. Garaufis

Dated: Brooklyn, New York                                NICHOLAS G. GARAUFIS
       November 9, 2010                                  United States District Judge