**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel. (212) 608-1260
Fax (212) 980-2968
george@goltzer.com

November 15, 2010

**BY ECF &**
**FACSIMILE (718) 613-2546**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  United States v Vincent Basciano,
     05 Cr. 0060 (NGG)

Dear Judge Garaufis:

We write the Court to correct the record in regard to the government's recent letter concerning Basciano's current conditions of confinement.  Furthermore, we respectfully request that the Court order that Basciano be transferred back to the Metropolitan Detention Center ("MDC") in Brooklyn.  Basciano's continued confinement in unit 10 South of the Metropolitan Correctional Center ("MCC") is unjustified and is interfering with the adequate defense and preparation of his upcoming capital case.

In an attempt to justify Basciano's continued confinement at the MCC, the government filed a letter dated November 5th, 2010. (*See* ECF Doc. No. 967). Unfortunately, the government's November 5th letter is, among other things, misleading. The government in their letter stretched certain facts, in order to make it appear to the Court, that Basciano is passing messages and would have breached his Special

Administrative Measures ("SAM") had those restrictions not expired in September 2010. Therefore, we write to the Court, to correct the record concerning a very serious matter - Basciano's alleged "future dangerousness" - and to argue that given the past and present circumstances, Basciano should be transferred back to the MDC.

### Background of Basciano's Transfer to Unit 10 South

In or about March 2010, prior to a status conference, counsel for the government and the defense discussed the possibility of removing the SAM restrictions imposed upon Basciano. On or about July 23rd, 2010, the MDC transferred Basciano to the 10 South Unit of the MCC. The defendant was advised by the Bureau of Prison officials ("BOP"), at the MDC, that he was being transferred pending an "investigation," and that he would be transferred back to the MDC, "if the infraction was minor," and, if the BOP found that Basciano, "did not violate" the SAM restrictions. Subsequently, defense counsel was advised by the government that any potential removal of the SAM restrictions would depend upon the outcome of the BOP's "investigation."[1] Ultimately, Basciano was charged with the minor infraction of the possession of "unauthorized magazines."[2] On or about September 7th, 2010, the government, during a conference call, informed defense

---

[1] Thus, in the interim, defense counsel and the defendant did not burden the Court with the myriad of issues that arose after Basciano was transferred to the MCC. For instance, Basciano was deprived of his legal materials for weeks. Basciano was then allowed one box of legal materials in his cell and not permitted contact legal visit with his attorneys.

[2] The government would have the Court and the public believe, that Basciano was reprimanded for possession of pornographic material. However, the fact is, the pornographic material supposedly retrieved by BOP officials from the MDC discovery room, was a single pornographic DVD, not as the government characterized in their letter, "pornographic and other DVD's." As stated previously, Basciano was not charged or reprimanded for possession of any pornographic material - he was reprimanded for possession of magazines not on his approved list of reading materials none of them pornographic in nature.

Hon. Nicholas G. Garaufis
November 15, 2010
Page **3** of **6**

counsel that the BOP investigation had been completed, and as a result the government felt it appropriate to remove the SAM restrictions, with the proviso that Basciano would agree to continued monitoring of his social visits, and telephone calls. During that conference call, defense counsel agreed on behalf of the defendant, to the continued monitoring of Basciano's social visits and telephone calls, should the government remove Basciano's SAM restrictions. It is true, Basciano did "change course" and he would not to agree to monitored visits after the SAM restrictions expired. Shortly thereafter, the government informed defense counsel because, Basciano would not agree to monitored visits they would apply for renewal of the SAM restrictions.

In the interim, Basciano was handed a letter from an MCC lieutenant, immediately upon viewing the letter Basciano gave the letter back to the same lieutenant, because he thought it "suspicious," since, it was from an unknown person and contained a bizarre message concerning "Fat Paulie." Basciano was later informed by MCC personnel that the letter was given to him by "mistake." However, Basciano remained concerned that MCC officials were trying to "set him up," because of his past experience in the 10 South Unit of the MCC, wherein a cooperating witness attempted and was nearly successful in framing Basciano in a fake murder plot. Consequently, Basciano requested that his attorneys immediately be provided a copy of the letter. The undersigned counsel made a request for a copy of the letter, but we were informed by the MCC, that a subpoena may be necessary but the MCC agreed to keep us apprised of the matter.

Accordingly, we find it troubling, that the government would now use this letter and a minor infraction to convince the Court that Basciano was attempting to pass

messages and potentially violate his SAM restrictions, seemingly without any basis in fact, and therefore must remain at the MCC. To date, the defense or the defendant has not been provided with the results of any investigation concerning the letter. The results of any investigation concerning the letter are clearly important because it bears upon "future dangerousness." As Your Honor is aware, the reliability of any arguments concerning future dangerousness is **<u>always</u>** an issue in a capital case.

   Firstly, the letter is post marked July 2010 and was sent to the MDC then forwarded to the MCC while Basciano was under SAM restrictions. Presumably, the letter proceeded through the proper channels (i.e. the Federal Bureau of Investigations and the Special Investigative Services at the both the MDC and MCC) because, Basciano was in fact, under SAM restrictions at the time. Thus, it is specious to say that almost three months later this dubious letter, amazingly ended up at the doorstep of Basciano's prison cell, just when the SAM restrictions had expired. Thus, the circumstances of the letter are illogical and specious and should be discounted by this Court. Likewise, the allegation by the government that Basciano attempted to pass messages in return for pornographic material is irreconcilable with the actual events. As stated previously, the government offered to remove Basciano's SAM restrictions at the conclusion of the BOP's investigation regarding the incident at the MDC. The only logical inference is, the BOP investigation concluded Basciano was not attempting to pass messages through the MDC discovery room. Moreover, the only charge Basciano received at the conclusion of the investigation was for the possession of "unauthorized magazines." Additionally, throughout the past year counsel has been in contact with the government regarding the potential of removing Basciano's SAM restrictions not once during those

communications was counsel informed that Basciano was making "efforts to communicate in coded language with his adult sons." Again, that would not make sense given that the government was open to discussion of removing Basciano's SAM restrictions.

### Request That Basciano Be Transferred Back To The MDC

Given this recent incident concerning the letter presented to Basciano, and the past incident regarding Dominick Cicale and his nearly successful attempt to frame Basciano in a fake murder plot at the MCC, we respectfully request that the Court transfer Basciano back to the MDC. Almost immediately after the incident concerning Dominick Cicale and the fake murder plot became public the government transferred Basciano to the MDC. Basciano has remained at the MDC without incident for the past three years. It is evident that the recent incident was a minor infraction. Moreover, the government makes reference to Basciano's 90-day suspension at the MCC due at to the possession of contraband tweezers. However, the government fails to mention that Basciano was permitted tweezers while he was housed at MDC. Upon Basciano's transfer to the MCC, the tweezers were accounted for in his inmate personal property record by the MCC lieutenant, thus supporting the contention that certain MCC personnel possess animus toward Basciano. (*See* attached BP-A0383). More importantly, Basciano's confinement in 10 South at the MCC is interfering with trial preparation. Counsel is unable to meet with Basciano in a contact room to review potential motions and/or evidence and Basciano is not permitted full access to his legal materials.[3]

---

[3] The lack of room for Basciano legal materials will present a particular problem as we get closer to trial, especially when reviewing and discussing potential jurors for selection.

Hon. Nicholas G. Garaufis
November 15, 2010
Page **6** of **6**

Conclusion

Subsequently, we respectfully request Basciano be transferred back to the MDC because, his continued confinement at the in Unit 10 South of the MCC is unjustified and interfering with preparation for his upcoming capital case.

                                        Respectfully submitted,

                                        _____/S/_____
                                        George Goltzer
                                        Richard Jasper
                                        Ying Stafford
                                        *Attorneys for Vincent Basciano*

Enclosure    (Not filed ECF)
cc:          All Counsel (By ECF)
              Vincent Basciano