**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel. (212) 608-1260
Fax (212) 980-2968
george@goltzer.com

November 15, 2010

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201
**Via Facsimile**: 718/613-2546
**and ECF**

Re: *United States v. Vincent Basciano*; 05 Cr. 60 (NGG)

Dear Judge Garaufis:

This letter is respectfully submitted in compliance with Your Honor's November 11, 2010 Order (ECF Document 970), which directs Defendant to "show cause why the defense should be permitted to make filings *ex parte* and under seal for the purpose of putting evidence and arguments into the record. If the defense would like to proceed with its application to file *ex parte* and under seal it shall submit a memorandum of law on the public docket by November 17, 2010." (Order at page 2).

The Court noted that "[D]efendant argues for an extraordinary procedure, in which this court would open its docket to *ex parte* and under seal filings by defendant himself and his counsel for the purpose of putting alleged facts and arguments into the record, which the prosecution would have no ability to contest, presumably for consideration in post trial motions and on appeal." (*Id.* at 2),

The defense does not argue for the right to have the record salted with *ex parte* filings to be used for post trial consideration. Mr. Basciano's letter of October 17, 2010 was included as an exhibit for my own missive of October 22, 2010. My letter was submitted for two reasons, to

apply for a subpoena and to address a concern of Mr. Basciano about defense counsel and his possible need for "*Curcio*" counsel. It is true that counsel is in a sensitive position and wishes to protect Mr. Basiano's right to counsel with a complete record, as we must.

Defense counsel urges that neither counsel's nor the letter exhibit be made public at all and be maintained under seal. The letters contain confidential defense information. The present disclosure of that information will possibly result in the loss of the witness, particularly if the matter is reported in the press. Pubic disclosure will prejudice the defense.

Requests by counsel for subpoenas are routinely made under seal and kept under seal. Rule 17(b) of the Federal Rules of Criminal Procedure provides that indigent defendants make an *ex parte* application and that "the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness' fees and the necessity of the witness' presence for an adequate defense. Even an application for a subpoena of a witness for sentence, after a defendant pleads guilty, calls for an *ex parte* application. *United States v. Abreu,* 202 F.3d 386 (1st Cir. 2000) (court found it was error for the district court to conclude that an application to subpoena witness for sentencing could not be presented "*ex parte*"); *United States v. Tomison,* 969 F.Supp. 587 (E.D. Cal. 1997 (criminal procedure rule governing *subpoena duces tecum* should be interpreted to provide for *ex parte* application in situations in which defendant seeks pretrial production of documents from third party and cannot make required showing of relevancy, admissibility, and specificity without revealing trial strategy); *United States v. Beckford,* 964 F.Supp. 1010 (E.D. Va. 1997)(rule governing subpoena *duces tecum* permits indigent defendants to apply *ex parte* for subpoena returnable at trial, and for service and funding essential to effectuate compulsory process).

The Sixth Amendment guarantees a defendant to "have compulsory process for obtaining witnesses in his favor." U.S. Const. Amend. VI; *Washington v. Texas*, 388 U.S. 14 (1967). A defendant who asserts the right to compulsory process must show how testimony would have been both material and favorable to his defense. *See United States v. Valenzuela-Bernal,* 458 U.S. 858, 867 (1982). Failure to do that may result in the denial of the application for the subpoena. *United States v. Ginsburg,* 758 F.2d 823 (2d Cir. 1985)(no violation of compulsory process right by deporting alien witness before trial where no basis to believe testimony would be helpful and material to defense). Even if Mr. Basciano's letter contained argument in the nature of surplusage, revealing his trial strategy and confidential information to the prosecution and public would infringe on his Sixth Amendment right to compulsory process and counsel. Both letters submitted explain the nature of the need for the witness and confidential matters about the witness.

There are less drastic alternatives to putting portions of our strategy out in the public arena to Mr. Basciano's prejudice. Defense counsel's letter, which in part summarizes the Basciano exhibit, may be maintained under seal and the Basciano letter returned to counsel, taken off the record at this time. Both letters might be redacted if disclosure was to be ordered over defense objection. There is no need to presently publicize the matters in the letters, and the need may never arise.

      To the extent that my letter and Mr. Basciano's deal with an issue of counsel, that would seem to be within the exception about letters from Defendant contained in Your Honor's Order. That should be maintained under seal at this time. As indicated, if there is a need for Court intervention on the counsel issue after disclosure by the government, such application for it by the defense would be made on notice to the government. We of course refer to the application for "*Curcio*" counsel. We reiterate that the issue is premature since the subpoena has not yet been served, it is not clear that the witness' counsel will accept the subpoena on the witness' behalf, and we are still negotiating for a further interview with the witness and our investigator.

      The defense hopes that this letter, which is being filed publicly, adequately addresses the Order of November 11, 2010. We remain

                                     Respectfully,

                                       George R. Goltzer
                                     Richard D. Jasper
                                     Ying Stafford

cc: Taryn Merkl, Esq.
    Assistant U.S. Attorney
    Via ECF