**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel. (212) 608-1260
Fax (212) 980-2968
george@goltzer.com

October 27, 2010

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201
**Via Facsimile**: 718/613-2546

Re: *United States v. Vincent Basciano*; 05 Cr. 60 (NGG)

Dear Judge Garaufis:

Please accept this letter as an application for an order directing that Vincent Basciano be immediately returned to the Metropolitan Detention Center in Brooklyn so that he may have contact visits with his attorneys as suggested by Magistrate Levy, fresh air and outdoor recreation for his physical and mental health, access to sufficient legal work so he may properly assist in the preparation of his defense at the upcoming capital trial, and removal from proximity to potentially hostile witnesses, Bureau of Prison employees working at MCC.

On July 23, 2010, Mr. Basciano was removed from the MDC and brought to 10 South, the "terrorist wing" of the MCC in Manhattan. He was, according to the prosecutors, being investigated for a major violation of his SAM. That investigation has been concluded and Mr. Basciano has not been found to have committed any major violation of his conditions of confinement. Indeed, he was found to have non-authorized magazines that Mr. Basciano declared were given to him by the "proper channels". However, Mr. Basciano received thirty days loss of commissary for this mide infraction. Nevertheless, he remains at MCC under harsher conditions than he suffered during years of virtual isolation at MDC. This state of affairs is unjustified, unduly punitive and intolerable. We can only seek judicial assistance.

Notably, it was after the magazine incident that the government did not renew the SAM, which indicates that even the government considered the incident minor However, the government

decided to attempt to reinstate them. As of the writing of this letter the SAM has so far not been reinstated by the Attorney General. We submit that they ought not be reinstated. There is absolutely no difference between Mr. Basciano and hundreds of thousands of inmates who are not under SAMS and in general population. In the six weeks that Mr. Basciano has not been a SAM inmate he has proved his willingness to conform to BOP policy as though he were still a SAM inmate. He voluntarily gave MCC officials a letter he never should have been permitted to receive, a letter that MCC turned over to the FBI, which is currently investigating the missive.

As soon as Mr. Basciano received and read that letter he immediately reported it to the prison staff and questioned how such a document could have passed through SIS (Special Investigative Services), or the FBI, who receive and review all incoming and outgoing mail. Mr. Basciano complained that since his cell had been searched that same evening, he could have been the victim of a "set up" by staff members hostile to him because of an earlier investigation of October 24, 2007 in which several BOP staff provided contradictory sworn declarations.

We are still concerned about Mr. Basciano's proximity to potential witnesses- staff who may seek revenge against out client due to the earlier investigation by the OIG and FBI pertaining to Cicale's false murder plot, a plot in which Cicale sought to frame Mr. Basciano with the assistance of an inmate cooperator who, thankfully, would not go along. Cicale has not even lost a day of commissary over his machinations against Basciano and a correction officer.

Mr. Basciano, not under SAM, recently lost ninety days of non-monitored visits because of his possession of a tweezer, a tweezer that had been packed in his property at MDC and was not considered contraband. Please understand that the tweezer had been in Mr. Basciano's property for years and was listed on a property inventory, which we can provide to Your Honor. This seemingly pretextual finding, however, was quite convenient for MCC's purposes.

Mr. Basciano advises that according to MCC Warden Hastings, it was her intention to send Mr. Basciano back to MDC if his SAMs were removed. Mr. Basciano refused to stipulate to monitored visits. The government is in the process of imposing SAM, and Mr. Basciano is at MCC. This is unnecessary and unfortunate. There ought be no SAM and Mr. Basciano should be returned to the MDC.

Defense counsel have requested a copy of the letter in question, to no avail. We urge Your Honor to direct the prosecution to provide the Court with a copy for *in camera* review, so Your Honor may have a true sense of our dilemma and Mr. Basciano's good faith compliance with his conditions of confinement, as well as his and our need to avoid prison misunderstandings leading to potential evidence of aggravation at a possible penalty phase of the upcoming trial.

The original predicate for the placement of SAM was what we contend is a blatantly false allegation about a so-called "hit list" from the mysterious inmate X. Years after the allegation, the government has just said that the upcoming superceding indictment will contain no new crimes and simply conform to the Second Circuit's double jeopardy direction. By not indicting Mr. Basciano

for the alleged solicitation, and not noticing it in the uncharged crimes proffer, the defense believes that the government has essentially announced its lack of confidence in the reliability and veracity of the allegation. Remarkably, the government has announced its intent to utilize the so-called "hit list" in a penalty phase. The defense has moved for a reliability hearing on the issue. Now, we would like to propose an immediate mechanism which may lead to a reliable finding about the list and Mr. Basciano's placement at MDC without SAM.

The defense proposes that the government depose Mr. Basciano about the "Santeria list", provided defense counsel, in Mr. Basciano's absence, may first depose witness X. Mr. Basciano consents to a protective order directing counsel not to disclose to him any information about inmate X, his identity and testimony, and the progress of any defense investigation of the matter, at least until the commencement of trial or such earlier time as consented to by the government and approved by the Court. We hope the government will consent to this. If not, we renew our request for the transcript of the *ex parte* proceeding before Magistrate Judge Levy under the terms of the protective order proposed. We really need to investigate this issue as trial rapidly approaches.

It is remarkable to us that SAM were not renewed for convicted Shoe Bomber Richard Reid in 2009, but Mr. Basciano presumably still needs them. There have been allegations that other pre-trial inmates wanted to harm members of law enforcement. Those inmates are not in SHU or under SAM. Mr. Basciano has been in SHU for fifty two months. Mr. Basciano has litigate these issues over the years without much success. He has maintained his dignity and sanity for over four years in some of the harshest conditions in the Bureau of Prisons. He has met his lawyers in the MDC SHU and had agents monitor his intimate conversations with loved ones. It has been very difficult for him. But now, for three months in MCC's 10 South, he has not had sunlight or fresh air. He has been unable to sit next to his lawyers in the same room to go over materials on the computer, or to listen to important tapes with them. He has had to discuss matters of life and death through a thick glass partition. Even more disturbing, Mr. Basciano has learned that his strategic conversations with counsel can be heard loud and clear from a room adjacent to the only attorney room with a computer.

Mr. Basciano urges that he should not have to stipulate to monitored visits in order to be brought back to MDC, where he can once again have fresh air, more legal work in his cell, and confer with counsel in the same room where he and they can together use the computer and listen to recordings without fear that they will be overheard by inmates or staff who will learn confidential defense strategy or seek to use a conversation against Mr. Basciano and for their own benefit.

Mr. Basciano was in MDC SHU for three years. The only adverse incident involved inconsequential men's magazines. There is no reason, now that the investigation of his conduct at MDC is over, that he cannot be returned to MDC.

If, however, the stumbling block to his returning to MDC is the issue of monitored social visits, Mr. Basciano advises that he will stipulate in writing to that condition. He requests one proviso. When information becomes available to prove that Mr. Basciano never wrote a list with

the intention to harm the persons on it, and that it was not a "recusal tool", he can revisit the issue of monitored visits and SAM.

Thank you for your consideration of this matter. We remain

Respectfully,

George R. Goltzer
Richard Jasper
Ying Stafford

cc: Office of U.S. Attorney
    Attention: Taryn Merkl
    Via electronic mail

GRG/ms