# RICHARD JASPER
**Attorney at Law**
276 FIFTH AVENUE
SUITE 501
NEW YORK, NEW YORK 10001
Phone (212) 689-3858
Fax (212) 689-0669

November 29, 2010

**BY ECF & FACSIMILE (718) 613-2546**
Hon. Nicholas G. Garaufis
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Vincent Basciano
05 Cr. 60 (S-9) (NGG)

Dear Judge Garaufis:

This letter is submitted in further support of the defendant's request for an order directing that Basciano be transferred back to the Metropolitan Detention Center, Brooklyn, New York ("MDC").

The undersigned counsel has conferred with the legal department at the Metropolitan Correctional Center, New York ("MCC") concerning contact legal visits with the defendant in the 10 South Unit. The legal department at the MCC have advised counsel that contact legal visits in the 10 South Unit is not possible given the physical layout of the unit. Consequently, we respectfully request that the defendant be transferred back to the MDC, so that he can have contact legal visits with his defense team.

On May 25th, 2007, Magistrate Levy in his Report and Recommendation ("Levy R&R"), recommend that the Court order the Bureau of Prisons to allow Basciano contact

Hon. Nicholas G. Garaufis
November 29, 2010
Page 2 of 4

visits with his counsel. In his R&R, Magistrate Levy specifically found, that MCC's policy concerning non-contact visitation between Basciano and his attorneys was unconstitutional. (See Levy R&R at 10). On January 14, 2008, this Court adopted Levy's R&R, but did not address the constitutionality of contact visits with Basciano and his attorneys because the issue was moot (the MCC had already facilitated contact legal visits).

We contend that contact legal visits are vital to the adequate defense of Basciano at his upcoming capital case. Currently counsel is presented with the same obstacles in preparing a defense as those stated in Levy's R&R to the Court:

> In the two hearings I held on this matter, Basciano's counsel vividly described the volume of documents they must review with their client during a typical meeting and the lengthy and burdensome process entailed by the requirement that this review be conducted through a screen with two sets of documents, rather than side by side. (See Mar. 22 Tr. at 6; Transcript of Apr. 16 hearing ("Apr.16 Tr."), at 24-26.) Defense counsel repeatedly emphasized that the time lost through this cumbersome procedure was impairing their ability to prepare for trial in both the 2003 and 2005 indictments. (See, e.g., Mar. 22 Tr. at 18-19.) The United States Attorney's Office does not object to Basciano's request to have contact visits with his attorneys, although it disagrees with his contention that the non-contact visits infringe upon his right to counsel. (See Mar. 22 Tr. At (See Mar. 22 Tr. At 31; April 16 Tr. at 10, 17.) The prosecution has stated that the government sees no possibility that Basciano intends to use his current counsel in criminal schemes of any kind; nor does it believe that Basciano presents a danger to his attorneys. (Apr. 16 Tr. at 18-19.) The SAMs themselves do not proscribe contact visits with counsel. (See Pet. Br., Ex. J at 3 ("Attorney/Client Privileged Visits – May be contact or

Hon. Nicholas G. Garaufis
November 29, 2010
Page 3 of 4

>> non-contact, at the discretion of the USMS/BOP/DF.").)
> (See Levy R&R 14 – 15).

However, present counsel is presented with the additional burden of preparing for a capital case. An attorney representing the accused in a death penalty case must fully investigate the relevant facts. Because counsel faces what are effectively two different trials – one regarding whether the defendant is guilty of a capital crime, and the other concerning whether the defendant should be sentenced to death – providing quality representation in capital cases requires counsel to undertake correspondingly broad investigation and preparation. (See *ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* at 5). In addition, counsel assert that jury selection alone in a capital case warrants contact visits with the defendant, because in capital cases, it is all the more critical that counsel and the defendant must devote substantial time to determining the makeup of the venire, preparing a case-specific set of *voir dire* questions, planning a strategy for *voir dire*, and choosing a jury most favorable to the theories of mitigation that will be presented.

For the foregoing reasons, we respectfully request an order directing that Basciano be transferred back to the MDC.

Hon. Nicholas G. Garaufis
November 29, 2010
Page 4 of 4

   We thank Your Honor for your courtesy and consideration.

                 Respectfully submitted,

                 _____/s/_____
                 George Goltzer
                 Richard Jasper
                 Ying Stafford
                 *Attorneys for Vincent Basciano*