**RICHARD JASPER**
ATTORNEY AT LAW
276 FIFTH AVENUE, SUITE 501
NEW YORK, NY 10001

TEL: (212) 689-3858
FAX: (212) 689-0669

December 20, 2010

**TO BE FILED EX-PARTE & UNDER SEAL**
**BY FACSIMILE (718) 613-2546**

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: *United States v Vincent Basciano*, 05Cr0060 (NGG)

Dear Judge Garaufis:

    This letter is written for two reasons: first, to bring a recent decision of the Second Circuit to the Court's attention; and, second, to seek the court's assistance in a matter of housekeeping with regard to missing entries in the docket.

    The recent Second Circuit decision, *United States v. Fuller*, Docket No. 09-1437-cr (2d Cir. November 10, 2010), 2010 U.S. App. LEXIS 24443), is pertinent to defendant's challenge to the constitutionality of the Federal Death Penalty Act. This challenge is one of the many pre-trial motions filed by defendant and argued on June 26, 2009, but not yet decided.

    *Fuller* addresses the non-delegation doctrine, the principle based on separation of powers that prohibits Congress from delegating its authority to make laws to a coordinate branch – especially the Executive branch charged with enforcing criminal laws -- unless it also provides an "intelligible principle" to guide the exercise of the delegated authority. The discussion of the non-delegation doctrine in Judge McLaughlin's main opinion, and especially in Judge Raggi's concurring opinion, further supports defendant's claim that the Federal Death Penalty Act is unconstitutional because it violates the non-delegation principle. As defendant argued (see ecf documents ## 311, 653), Congress unconstitutionally delegated to the Attorney General the power to narrow the field of offenders who are actually, as opposed to just theoretically, eligible for the death penalty

without providing an intelligible principle to guide the exercise of that authority, and without requiring that the basis for the prosecutor's decision to seek the death penalty be disclosed, charged by the grand jury, or found by the petit jury beyond a reasonable doubt.

In *Fuller*, the Court was called upon to interpret a certain provision of the Sex Offender Registration and Notification Act ("SORNA") that requires registration of convicted sex offenders after traveling interstate. At issue was whether sex offenders convicted prior to the act's enactment were required to register. The defendant argued that the Act delegated to the Attorney General the decision whether to apply SORNA's registration requirements to sex offenders who were convicted before the Act's enactment, that Ex Post Facto principles precluded prosecution based on a rule promulgated by the Attorney General after interstate travel had been completed, and, because he had traveled interstate prior to the passage of an Interim Rule by the Attorney General Attorney General prescribing his registration, he was not subject to the Act's requirements.

The Court used the non-delegation principle as an aid in its statutory construction. It reasoned that under the defendant's reading of the statute, Congress would have delegated significant legislative authority to the Attorney General without providing an intelligible principle to guide the Attorney General in exercising such putative delegated legislative authority. The Court rejected this reading, and concluded that Congress had made no such delegation. It ruled Congress itself had already made the determination that SORNA applied to all sex offenders regardless of when convicted, and merely delegated to the Attorney General authority to work out the specific manner in which that legislative determination would be enforced with respect to pre-SORNA sex offenders. As Judge Raggi wrote, "I think the alternate construction urged by defendant – identifying ambiguity as to whether § 16913(d) vests the Attorney General with authority to determine whether, and not simply how, SORNA applied to sex offenders convicted before SORNA's enactment – is, in any event, foreclosed by the rule of constitutional avoidance, as such a construction would, to my mind, raise concerns about the delegation of legislative authority to the executive branch."

In this case, by contrast, there is no ambiguity and no reading of the statute that can save it from the claim of unconstitutional delegation to the Attorney General. Unlike the SORNA provision at issue in *Fuller*, Congress has itself *not* made the determination that every defendant convicted of violating 18 U.S.C. § 1959 is eligible for the death penalty. Rather it has delegated to the Attorney General the power to determine whether "the circumstances of the offense are such that a sentence of death is justified." The determination by the Attorney General is plainly a prerequisite to the triggering of the death penalty process under 18 U.S.C. § 3593(a), but the statute does not provide the Attorney General with any meaningful guidance for the exercise of the delegated authority. The very officer charged with executive power to enforce the criminal law is thus given the legislative power to unilaterally pronounce the scope of the law. The FDPA is constitutionally infirm and should be struck down.

As for the housekeeping matter, the docket sheet does not reflect two status conferences in this case, one on December 20, 2007, and one on January 10, 2008. On both dates, the Court addressed not only the conditions of Mr. Basciano's confinement, but also the discovery of evidence relating to a witness in the Witness Security Program identified as "CW-1" and alleged misconduct by Dominick Cicale at the MCC in 2007. (This misconduct is the subject of several outstanding pre-trial motions. See ecf document ## 601, 702, 631 (at pp. 15, 18, 68, 71-74, 77, 84), and 694 (at pp. 11-12, 61).) We have obtained transcripts of these proceedings that incorrectly identify the case and docket number as "United States v. Basciano, 07 CR 421". We request whatever action is needed by the Court to correct the docket so as to accurately reflect these proceedings.

                                             Respectfully submitted,

                                             Richard Jasper, Esq.

As for the housekeeping matter, the docket sheet does not reflect two status conferences in this case, one on December 20, 2007, and one on January 10, 2008. On both dates, the Court addressed not only the conditions of Mr. Basciano's confinement, but also the discovery of evidence relating to a witness in the Witness Security Program identified as "CW-1" and alleged misconduct by Dominick Cicale at the MCC in 2007. (This misconduct is the subject of several outstanding pre-trial motions. See ecf document ## 601, 702, 631 (at pp. 15, 18, 68, 71-74, 77, 84), and 694 (at pp. 11-12, 61).) We have obtained transcripts of these proceedings that incorrectly identify the case and docket number as "United States v. Basciano, 07 CR 421". We request whatever action is needed by the Court to correct the docket so as to accurately reflect these proceedings.

Respectfully submitted,

*/s/ Richard Jasper*

Richard Jasper, Esq.
George Goltzer, Esq.
Ying Stafford, Esq.
Attorneys for *Defendant Basciano*

cc:   AUSA Taryn A. Merkl