**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel. (212) 608-1260
Fax (212) 980-2968
george@goltzer.com

December 28, 2010

**BY ECF & FACSIMILE (718) 613-2546**
Hon. Nicholas G. Garaufis
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re:* United States v. Vincent Basciano
05 Cr. 60 (S-9) (NGG)

Dear Judge Garaufis:

We respectfully submit this letter to supplement our previously filed omnibus motion. Specifically, we seek to supplement our request for an Order compelling discovery of previously requested material as well as additionally requested material.

For all the reasons stated in our omnibus motion, and detailed in this letter, we request that the Court Order the defense be provided with the transcript of Magistrate Levy's ex parte in camera hearing regarding the government's investigation of a handwritten list authored by Basciano, the government has steadfastly maintained is in

Hon. Nicholas G. Garaufis
December 28, 2010
Page **2** of **5**

fact a "hit list."[1] We also request the Court Order the defense be provided with the ex parte affidavit dated April 17th, 2007, mentioned in Levy's R&R. As we stated in our previous motion we make these requests pursuant to Rule of Criminal Procedure 16, Brady v Maryland 373 U.S. 83 (1963), Giglio v United States 405 U.S. 150 (1952), Kyles v Whitley 514 U.S. 419 (1995), Strickler v Greene, 527 U.S. 263 (1999) and the Fifth, Sixth and Eighth Amendments to the United States Constitution.

On October 8, 2010, the government disclosed by motion in limine their intent to admit evidence that Basciano solicited the murder of AUSA Greg Andres. Moreover, on September 8, 2008, the government indicated by letter to defense counsel, their intent to rely on the list to prove certain aggravating factors at a potential penalty phase in this case. Additionally, in our omnibus motion we moved in limine to allow the defense to introduce evidence relating to the list and the government's investigation of it in the guilt phase. As we asserted in our original motion, the "list and surrounding events are relevant as part of the defense to the alleged solicitation to murder Andres, and an attack on the thoroughness and good faith of the government's investigation (in general and with respect to the Andres solicitation charge in particular), an investigation that relied on unreliable informants whose unreliability the government either failed to recognize, ignored or consciously avoided." (See Def. Om. Mot. at page 60, ECF Doc. No. 631).

---

[1] Magistrate Levy indicated in his Report and Recommendation ("Levy R&R") that the government in its opposition papers and in a subsequent in camera proffer, described how it learned that Basciano had given another inmate at the MCC a list of five names with the understanding and intent that the inmate would arrange for the murders of the listed individuals. (Levy R&R at 6-7).

Hon. Nicholas G. Garaufis
December 28, 2010
Page **3** of **5**

Furthermore, the government has acknowledged the relevance of the list as it relates to the Andres solicitation charge.

> The List could become relevant in the guilt phase given that Basciano is charged in the indictment with soliciting the murder of AUSA Greg Andres, as reflected in part by his request that Bonanno boss and federal inmate Joseph Massino sanction Andres's murder. The evidence concerning the List, which also includes Andres's name, likewise indicates that Basciano later discussed murdering Andres with another federal inmate. As is evident, whether or not the List were to be pertinent in the guilt phase may hinge in substantial part on the defense position at trial regarding the charged murder solicitation. (See Govt. Ltr. Dated Feb. 2, 2008 at 2, footnote 2, ECF Doc. No. 416).

Moreover, Magistrate Levy noted in his R&R that as corroboration of its allegations regarding the murderous nature of the list, the government cited instances in taped conversations between Basciano and crime family associates in which petitioner had expressed hostility toward Andres. The Magistrate also found that the government statements described in the in camera proffer strongly indicate that the handwritten list was intended to serve as a hit list. And, that the government presented convincing evidence that it conducted an extensive investigation of the reliability of the witness and his statements. (Levy R&R at page 13).

Yet, in contradiction to their apparent representations to Magistrate Levy, the government in recent motion papers have argued against the relevance of the list, as it relates to the Andres solicitation charge, and have argued against introduction of evidence of the list at the guilt phase of Basciano's trial. And, to date, Basciano has not been indicted in connection with the list. More recently, the defense has learned that the government presented several individuals before the grand jury regarding an investigation of the list. Additionally, the defense has also learned that Reginald White - the inmate

Hon. Nicholas G. Garaufis
December 28, 2010
Page **4** of **5**

Basciano has maintained he provided the handwritten list to perform a Santeria ritual – was interviewed by the government in connection with their investigation, and that White told the government that he and Basciano were involved in Santeria together.  Because, Magistrate Levy's hearing was held ex parte and in camera the defense has been denied critical information concerning the government's investigation of the list. Thus, in addition to several significant questions that remain concerning the government's investigation and subsequent actions concerning the list, the defense is left to question if Magistrate Levy was made aware of White's interviews with the government. Particularly, given Magistrate Levy stated the following in his R&R:

> Most problematic for Basciano is the government's evidence regarding the alleged "hit list."  The government submitted an in camera affidavit outlining the details provided by the cooperating witness who gave the government the list.  I reviewed the affidavit and examined the prosecutor closely to determine the credibility and reliability of the informant's statements. (Levy R&R at page 12).

Accordingly, we contend that the ex parte transcript and affidavit is material to the defendant's adequate preparation of his defense as it relates to both the guilt and penalty phase.  As we asserted in our original motion, "the "`materiality standard [of Rule 16(a)(1)(E)] normally is not a heavy burden; rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.' United States v. Stein, 488 F. Supp. 2d 350, 356 -357 (S.D.N.Y. 2007). `Evidence that the government does not intend to use in its case in chief is material if it could be used to counter the government's case or to bolster a defense.' Id. at 357." United States v. Basciano, 2008 U.S. Dist. LEXIS 9597 (Feb. 8, 2008)." (See Def. Om.

Hon. Nicholas G. Garaufis
December 28, 2010
Page **5** of **5**

Mot. at page 71, ECF Doc. No. 631). Also, as we stated in our original motion, "defense counsel is entitled to plan his trial strategy on the basis of full disclosure by the government regardless of the defendant's knowledge or memory of the disclosed statements.")  Preparation of the defense also entails consideration of a defense strategy that attacks the thoroughness and the integrity of the government's investigation of the case including its investigation of the list.  See, Kyles v. Whitley, 514 U.S. 419, 115 S. Ct. 1555, 1569 n. 13, 1571-2, 131 L. Ed. 2d 490 (1995) (citing, Bowen v. Maynard, 799 F.2d 593, 613 (CA10 1986) ("A common trial tactic of defense lawyers is to discredit the caliber of the investigation or the decision to charge the defendant and we may consider such evidence in assessing a possible Brady violation.")). (See Def. Om. Mot. at page 82, ECF Doc. No. 631).

      We thank Your Honor for your courtesy and consideration.

                Respectfully submitted,

                _____/s/_____
                George Goltzer
                Richard Jasper
                Ying Stafford
                *Attorneys for Vincent Basciano*

cc:      All Counsel (By ECF)
          Vincent Basciano