

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JB:TM/SEF  *271 Cadman Plaza East*
F.#2005R00060  *Brooklyn, New York  11201*

December 30, 2010

**By ECF & Hand Delivery**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Vincent Basciano
 Criminal Docket No. 05-060 (NGG)

Dear Judge Garaufis:

The government respectfully submits this letter in response to the defendant's letter, dated December 10, 2010, regarding Basciano's current conditions of confinement.  In his letter, Basciano renews his request for a hearing concerning the propriety of the Attorney General's authorization of Special Administrative Measures, notwithstanding the fact that this Court has previously denied such a hearing in a decision that was affirmed on appeal by summary order.  Basciano also demands a bill of particulars setting forth the details of his improper communications while incarcerated.  For the reasons discussed herein, Basciano is not entitled either to a hearing or to a bill of particulars, and his application should be denied.

I. Background

As the Court is well aware, the defendant first filed a petition for a writ of habeas corpus challenging the imposition of Special Administrative Measures ("SAMs") more than three years ago.  Following a hearing and extensive briefing on the issue before the Honorable Robert M. Levy, this Court adopted Judge Levy's recommendation to deny the petition.  See Basciano v. Lindsay, 530 F. Supp. 2d 435 (E.D.N.Y. 2008) (adopting magistrate judge's decision in part).  The Court subsequently denied the defendant's motion for reconsideration of that decision. Basciano v. Lindsay, No. 07-CV-421, 2008 WL 1700442, at *2 (E.D.N.Y. Apr. 9, 2008).  That decision was affirmed on appeal, Basciano v. Martinez, 316 Fed. Appx. 50 (2d Cir. Mar. 20, 2009), and the defendant's petition for a writ of certiorari was denied, Basciano v. Martinez, 130 S. Ct. 539 (2009).  The defendant has

remained under SAMs restrictions since that time, save for a brief period in late September and early October 2010, when the SAMs were lifted pursuant to a negotiated agreement between the government and counsel for the defendant.

As set forth in the government's letter dated November 5, 2010 (Docket Entry No. 967), filed in response to the defendant's motion for a transfer from the Metropolitan Correctional Center ("MCC") to the Metropolitan Detention Center ("MDC"), Basciano was transferred to the MCC on July 23, 2010, following a Bureau of Prisons ("BOP") investigation. Basciano is presently housed at MCC under SAMs that were imposed pursuant to the Attorney General's directive dated October 25, 2010.

In his letter, Basciano renews his challenge to the SAMs, suggesting that the government may have had "sinister" motives in reimposing them in October (Def. Ltr. at 2), and questioning whether the government had adequate evidence to warrant the SAMs restrictions.[1]  Basciano also contends, erroneously, that as of September 19, 2010, "there was, in the government's view, inadequate evidence to justify the renewal of the prior SAM, which had been predicated, in part, on the so-called 'hit list.'"  (Def. Ltr. at 2).  Against this background, Basciano attempts to illustrate that the government "violated its own SAM," and argues that the government acted in bad faith in reimplementing the SAMs restrictions. Basciano also requests that the government particularize the "the improper communications, which the defense has no reason to believe exist, in a bill of particulars, setting forth the date and time of the communication, the nature and substance of it, to whom it was made and directed, and whether oral or in writing."  (Def. Ltr. at 3).

Basciano's entire argument is grounded on an erroneous premise. At no point has the government maintained, or represented, that there was "inadequate evidence to justify the renewal of the prior SAM," which expired on September 19, 2010. Rather, as set forth in the government's letter of November 5, the government agreed not to seek reauthorization for the SAMs after defense counsel represented that Basciano would consent to continued monitoring of his communications were the government to lift the SAMs.

---

[1] The defendant also reiterates his request that the U.S. Attorney's Office for the Eastern District of New York be recused. (Def. Ltr. at 3).  Basciano's request for recusal is without merit.

Based on that representation, the government did not seek re-authorization of SAMs in September 2010. Shortly after the SAMs expired, however, the defendant reversed course, refusing to agree to continued monitoring of his visits. The government was thus forced to seek authorization from the Attorney General to re-implement the SAMs, which it obtained on October 25, 2010.

As amply documented in the government's prior submissions, Basciano has repeatedly attempted to pass improper messages from prison – including as recently as this summer, when the government learned that he had provided another inmate with contraband items, such as stamps and pornographic and other DVDs, in exchange for having messages passed out of the MDC. In addition, as previously noted, the Federal Bureau of Investigation ("FBI") Special Agents and BOP staff assigned to monitor Basciano's visits throughout the last year of the SAMs observed that Basciano appeared to be making efforts to communicate in coded language and whispers with certain visitors, including his adult sons. The FBI agents and BOP staff also observed that Basciano and his adult sons would have discussions that appeared to start mid-stream, i.e., with references to things that they had not discussed during that visit or a prior visit. These observations caused the agents and BOP staff to question whether Basciano was succeeding in passing messages from the MDC, despite the SAMs provisions. Still more recently, after Basciano's transfer to MCC, the government learned of a handwritten letter that had been delivered to Basciano during the brief period when the SAMs were not in place, which advised Basciano of where an individual lives, and instructed Basciano to "let Fat Paulie know as soon as possible."

As the foregoing facts make clear, Basciano's contention that there was inadequate evidence to seek the reimposition of the SAMs after they were briefly lifted is without merit. Recent events simply reconfirm that the SAMs are needed – as they have been since they were first imposed – to prevent Basciano from passing criminal messages from prison.

II. Argument

Basciano's request for a hearing and a bill of particulars is both procedurally improper and without merit, and should be denied.

First, the instant application simply repackages Basciano's petition for a writ of habeas corpus, which, as noted, this Court rejected nearly three years ago. See Basciano v. Lindsay, 530 F. Supp. 2d at 435. As set forth above and in the government's November 5 letter, the SAMs that are currently in place were re-imposed after Basciano reneged on an agreement to allow his communications to be monitored. The SAMs are thus not "new," as Basciano contends, but rather an extension of the SAMs that were previously imposed, and which this Court has concluded were a reasonable response to the Government's legitimate security concerns. See id. at 449.[2]

In reaching that conclusion, the Court noted that "there is ample evidence to support the conclusion that Basciano has sought to conduct criminal activity, including acts of violence, from prison." Id. at 446. The Court noted that the government had "offered evidence not of a single such instance, but rather of a pattern of discussions and actions that suggest an intent to cause harm to individuals and conduct criminal activity from inside the prison walls." Id. The Court cited, inter alia, Basciano's "murderous intentions" toward Patrick DeFilippo, his plot to kill Assistant United States Attorney Greg Andres, and his participation in the conspiracy to murder Michael Mancuso. Id. The Court explained that "Basciano is on record saying that he has used several sources to pass messages from prison to his associates regarding the affairs of the Bonanno organized crime family, known for committing violence in furtherance of its criminal enterprise." Id. And it noted that it had "presided over two trials of Basciano, at which the court heard extensive testimony of Basciano's position in the Bonanno family, his capacity to commit acts of violence, his attempts to run the Bonanno family from prison and quite possibly order murders from prison." Id. at 446-47. On the basis of all these facts, the Court denied not only Basciano's petition for a writ

---

[2] Should the Court accept Basciano's contention that the SAMs are "new" – and that they therefore provide a legitimate basis for a new round of litigation – then the Court should nonetheless deny his application because he has failed to exhaust the administrative remedies available to him, depriving the Court of jurisdiction to consider his claim. See, e.g., United States v. Yousef, 327 F.3d 56, 165 (2d Cir. 2003); United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008).

5

of habeas corpus, but also his request for an evidentiary hearing to challenge the government's basis for the SAMs.  Id. 447-48.

As noted above, the Court also denied Basciano's subsequent motion for reconsideration, in which he contended – as he does here – that "he received inadequate notice of the basis for his removal from general prison population." Basciano v. Lindsay, 2008 WL 1700442, at *2.  That decision was, in turn, affirmed by the Second Circuit, which likewise rejected Basciano's contention that he had received inadequate notice of the basis for the SAMs, concluding that he had "at this point, received both notice and the opportunity to be heard." Basciano v. Martinez, 316 Fed. Appx. at 51.

In light of this extensive litigation history, Basciano's renewed request for a hearing, and his contention that he once again requires more information concerning the nature and timing of the improper communications in which he engaged, must again be denied.  As the litigation surrounding the SAMs makes clear, Basciano has received ample notice of the basis for the SAMs, and multiple courts have concluded that those measures are justified.

Second, Basciano is not, in any event, entitled to a bill of particulars, and he does not, because he cannot, cite any authority in support of his request.  To the contrary, the regulation that authorizes the Attorney General to impose SAMs also provides, on its face, that the notice provided to a prisoner concerning the basis for SAMs "may be limited in the interest of prison security or safety or to protect against acts of violence or terrorism."  28 C.F.R. § 501.3(b) (emphasis added).

Third, even if Basciano were entitled to receive detailed notice concerning the basis for the Attorney General's decision to reauthorize the SAMs, he has, as discussed above, already received it.  The government's November 5 letter provided multiple additional reasons for the reimposition of the SAMs, and the government has reiterated those reasons here.[3]  These reasons

---

[3]   The government's November 5 letter also made clear why Basciano's contention that the government "violated its own SAM" is baseless.  As the government's letter noted, the handwritten letter that was delivered to Basciano at the MCC was received by

supplement the earlier justifications for the imposition of the SAMs – all of which have been considered by this Court on multiple occasions – and confirm that the government's original security concerns have not diminished with time.

III. Conclusion

For the foregoing reasons, the government respectfully submits that the defendant's application for a hearing and a bill of particulars should be denied. The government also encloses herewith a letter from the MCC legal counsel concerning the conditions of the defendant's confinement.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:  /s/
Taryn A. Merkl
Jack Dennehy
Stephen E. Frank
Assistant U.S. Attorneys
(718) 254-6064/6133/6143

cc:  Defense Counsel w/ encl. (by email)
     Clerk of Court w/o encl. (by ECF)

---

the MCC and given to Basciano during the window after the September 2009 SAMs had been lifted and before the Attorney General had authorized their reimposition – a period when he was thus not subject to SAMs restrictions.