

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JB:TM/SEF
F.#2005R00060

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

January 5, 2011

**By ECF & Hand Delivery**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Vincent Basciano
         Criminal Docket No. 05-060 (NGG)

Dear Judge Garaufis:

     The government respectfully submits this letter in response to the defendant's letter, dated December 28, 2010, in which Basciano renews his request that the government be ordered to produce (1) an <u>ex parte</u> affidavit submitted to Judge Levy in connection with an <u>ex parte</u> hearing related to a list on which Basciano had written the names of Your Honor, AUSA Andres, and three cooperating witnesses ("the List"); and (2) the transcript of that hearing held before Magistrate Judge Levy regarding the defendant's placement in Special Administrative Measures ("SAMs").[1]  With his letter, Basciano requests the production of certain materials that this Court has previously found that he is not entitled to in a decision that was affirmed on appeal by summary order.  For the reasons discussed herein, Basciano is not entitled to the <u>ex parte</u> materials, and his application should be denied.

I.   <u>Background</u>

     As the Court is well aware, following the government's imposition of SAMs on Basciano in the fall of 2006, a hearing was held before Magistrate Judge Levy in connection with a habeas petition filed by Basciano.  During the pendency of the habeas proceedings, the defendant repeatedly challenged the reliance on <u>ex parte</u> evidence in the judicial determinations regarding the propriety of the SAMs.  (<u>See</u>, <u>e.g.</u>, Basciano Ltr. of April 6,

_____

    [1]   The <u>ex parte</u> materials Basciano seeks are collectively referred to herein as the "<u>ex parte</u> materials."

2007, at 3, 07-CV-421, Docket Entry No. 14 (demanding the production of the cooperating witness who supplied the List for cross examination); Petitioner's Objections to the Magistrate Judge's Report and Recommendation, at 6, 07-CV-421, Docket Entry No. 24; Reply Mem. in Supp. of Def.'s Habeas Petition, 07-CV-421, Docket Entry No. 39).  Following a hearing and extensive briefing related to the habeas petition before the Honorable Robert M. Levy, this Court adopted Judge Levy's recommendation to deny the petition.  See Basciano v. Lindsay, 530 F. Supp. 2d 435 (E.D.N.Y. 2008) (adopting magistrate judge's decision in part).  The Court subsequently denied the defendant's motion for reconsideration of that decision.  Basciano v. Lindsay, No. 07-CV-421, 2008 WL 1700442, at *2 (E.D.N.Y. Apr. 9, 2008).  That decision was affirmed on appeal, Basciano v. Martinez, 316 Fed. Appx. 50 (2d Cir. Mar. 20, 2009), and the defendant's petition for a writ of certiorari was denied, Basciano v. Martinez, 130 S. Ct. 539 (2009).

Of relevance here, in Magistrate Judge Levy's Report and Recommendation, he expressly found that revealing the details of the ex parte materials to Basciano was not appropriate.  See Report & Recommendation, at 12 (07-CV-421, Docket Entry No. 12) ("I agree with the government that revealing the details of the in camera proffer and affidavit would unduly expose the government's cooperating witness to danger.").  Relatedly, in denying a motion by Basciano for a bill of particulars, the Court concluded in December 2008 that "[t]he risk of danger is a pervasive, omnipresent concern in this prosecution.").  Mem. & Order, dated December 31, 2008, at 7 (05-CR-060, Docket Entry No. 593).  With respect to the cooperating witness who provided the List, the Court denied Basciano's request for a bill of particulars, including, among others things, his request for the identity of the cooperating witness, concluding, in part, as follows: "To the extent Basciano seeks the identity of the Government's inmate informant, his request seeks discovery outside the proper scope of a bill of particulars and is also denied due to the security concerns expressed in Section II.A supra."  Id. at 22.

In addition, in Basciano v. Lindsay, the Court rejected the defendant's argument that reliance on the ex parte affidavit violated his Sixth Amendment Confrontation Clause rights, concluding that "[t]he holding in Crawford [v. Washington, 541 U.S. 36 (2004),] was explicitly limited to the right of confrontation as it applies to the use of testimonial statements of witnesses absent from trial." 530 F. Supp. 2d at 445.  The defendant now requests disclosure of the same ex parte affidavit,

and the <u>ex parte</u> hearing minutes, claiming that they are needed
to prepare his defense.

II. <u>Argument</u>

Basciano's request for the disclosure of the <u>ex parte</u>
materials is without merit, and should be denied.  First,
Basciano's instant application simply repackages his prior
arguments, made in the context of his petition for a writ of
habeas corpus, which, as noted, this Court rejected nearly three
years ago.  <u>See</u> <u>Basciano v. Lindsay</u>, 530 F. Supp. 2d at 445.

Second, although Basciano invokes various federal rules
and cases and asserts that the <u>ex parte</u> materials are material to
the preparation of his defense, he does not offer any legal
authority in support of his motion and the government is aware of
none.  Rather, Basciano's motion appears to be another effort to
require the government to disclose information that could assist
Basciano in identifying the cooperating witness who provided the
government with the List.  As Judge Levy found, such disclosure
"would unduly expose the government's cooperating witness to
danger."  Report & Recommendation, at 12 (07-CV-421, Docket Entry
No. 12).

Third, to the extent Basciano relies on Rule 16 and
other case law in support of defendants' rights to discovery, he
has failed to articulate how the <u>ex parte</u> materials are needed to
adequately prepare his defense.  As set forth in Basciano's
letter, his defense strategy with regard to the List appears to
be focused on an effort to "attack" "the thoroughness and good
faith of the government's investigation (in general and with
respect to the Andres solicitation charge in particular), an
investigation that relied on unreliable informants whose
unreliability the government either failed to recognize, ignored
or consciously avoided."  Def. Ltr. at 2.  He further argues that
"the government has acknowledged the relevance of the list as it
relates to the Andres solicitation charge."  <u>Id.</u> at 3.

As the Court is aware, however, Basciano is no longer
charged with the Andres solicitation, as the racketeering charge
that included that predicate act was dismissed by the Second
Circuit in <u>United States v. Basciano</u>, 599 F.3d 184 (2d Cir.
2010).  In light of that procedural development, Basciano's

arguments as to the List's relevance are not apposite.[2]
Moreover, Basciano entirely fails to articulate how the
government's allegedly negligent investigation into the List
allegations is relevant to the charges for which he is facing
trial, which are limited to charges related to the Pizzolo murder
in 2004 and a solicitation to murder Patrick Defilippo in 2003-
2004, both of which are alleged to have occurred more than two
years prior to the revelation of the List.  Accordingly, Basciano
has failed to demonstrate how the ex parte information he seeks
is relevant – much less material – to his defense.  See Fed. R.
Crim. P. 16(a)(1)(E)(i).[3]

        Fourth, as set forth in detail in the Government's
April 2009 Opposition to Basciano's Pre-Trial Motions (05-CR-060,
Docket Entry No. 668), at 35-37, the List is not admissible by
Basciano at trial as it is hearsay, not relevant to the charges,
and could confuse and mislead the jury.

        Finally, Basciano's additional arguments as to why he
is entitled to additional discovery regarding the list because of
the capital nature of his case should be rejected.[4]  As
persuasively analyzed by Magistrate Judge Cheryl Pollak in United

---

[2]     Indeed, Basciano's position regarding the List's
relevance and admissibility is extremely difficult to discern, as
he has taken inconsistent positions regarding the List.  For
example, in his February 2009 Pre-Trial Motion, Basciano argues
both that the list should be precluded entirely from the trial,
but also argues that he should be permitted to admit it during
the guilt phase of trial.  See Mem. in Support of Pre-Trial
Mots., at 59-65, 05-CR-060, Docket Entry No. 631.

[3]     Should the government seek to introduce the List at
trial, the identity of the cooperating witness who provided the
List, all pertinent Section 3500 material and other impeachment
material to which Basciano is entitled will of course be produced
prior to the witness's testimony.

[4]     As the government noted in its April 2009 Opposition to
Basciano's Pre-Trial Motions, the government does not intend to
introduce the List in its case-in-chief, but that position could
change if Basciano is permitted to introduce the List as evidence
in the guilt phase, as Basciano has moved in limine to do.  (05-
CR-060, Docket Entry No. 668).

States v. James, No. 02 CR 778, 2007 WL 914242, at *4-6, *14, *22
(E.D.N.Y. Mar. 21, 2007), the Supreme Court's capital
jurisprudence does not impose any heightened discovery
obligations on the government:

> Defendant reiterates his earlier
> argument that because the Court in Rompilla
> v. Beard, 125 S. Ct. 2456 (2005), held that
> defense counsel bears a heightened
> responsibility to investigate and obtain
> mitigating evidence in defendant against
> capital charges, so must the government be
> held to heightened discovery obligations
> with respect to proof of aggravating
> factors . . . . None of these cases,
> however, addressed the scope of the
> prosecution's obligation to provide
> discovery of certain material otherwise not
> generally subject to production under the
> Federal Rules of Criminal Procedure, nor do
> these cases provide a basis for ignoring
> established statutory guidelines for
> discovery. . . .

> Similarly, to the extent that defendant
> seeks disclosure of the overt acts that the
> government intends to prove during the
> penalty phase, these cases do not speak to
> the government's obligation to disclose at
> this time the overt acts or the evidence
> supporting these overt acts. Rompilla,
> Wiggins, Williams, and Kimmelman establish
> minimum requirements for the diligence of
> death penalty counsel in investigating facts
> relevant to sentencing, but they neither
> broaden the scope of discovery nor alter the
> responsibilities of the prosecution. . . .

> In response, the government correctly
> notes that the Supreme Court in Rompilla did
> not impose a heightened duty on the
> prosecutor, nor did it indicate that the
> rules governing discovery in non-death
> penalty cases no longer apply when the
> government has filed a notice of intent to

6

seek the death penalty under 18 U.S.C. 3593(a).  It is well-established that while a defendant has a "right to notice of the charges against which he must defend," <u>Gray v. Netherland</u>, 518 U.S. 152, 167-68 (1996) (citing cases), there is " 'no general constitutional right to discovery in a criminal case.'" <u>Id.</u> at 168. . . .

Moreover, to the extent that defendants seek an order compelling the immediate production of Jencks Act material, their motions should be denied because no authority has been cited to support a deviation from Second Circuit precedent. While the Court recognizes the heightened responsibility placed on the defense by <u>Rompilla</u>, the Court finds no basis in that decision for ignoring the explicit provisions of 18 U.S.C. § 3500 and its interpreting caselaw.

In sum, the fact that Basciano is charged with a capital offense does not impose a heightened discovery obligation on the government, nor does it entitle him to additional discovery materials.  For all of these reasons, his request for the materials is without merit and should be denied.

III. <u>Conclusion</u>

For the foregoing reasons, the government respectfully submits that the defendant's application requiring the government to disclose the <u>ex parte</u> affidavit submitted to Judge Levy and the minutes of the <u>ex parte</u> hearing held before Judge Levy should be denied.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:  /s/
Taryn A. Merkl
Nicole M. Argentieri
Jack Dennehy
Stephen E. Frank
Assistant U.S. Attorneys
(718) 254-6064/6232/6133/6143

cc: Defense Counsel (by ECF)
    Clerk of Court (by ECF)