UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

VINCENT BASCIANO,

                              Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**05-CR-060 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

The Government moves for an order to empanel an anonymous and partially sequestered jury. (Gov't's Mem. in Support of the Gov't's Motion for an Anonymous and Partially Sequestered Jury ("Gov't Mem.") (Docket Entry # 1016).) Defendant Vincent Basciano ("Basciano") objects to this motion in its entirety. (Def.'s Mem. in Opp. to Gov't's Motion for an Anonymous and Partially Sequestered Jury (Def. Opp.) (Docket Entry # 1021).) In a separate motion, Basciano moves for counsel to be permitted to "question jurors individually in a sequestered setting." (Def.'s Mem. in Support of Def.'s Motion that the Court Follow Certain Methods and Means in Conducting *Voir Dire* ("Def. *Voir Dire* Mem.") (Docket Entry # 1020) at 22.) The court grants the Government's motion and denies Defendant's motion as set forth below.

**I.     BACKGROUND**

The court assumes familiarity with the background facts set forth in the Court's omnibus pretrial order of January 12, 2011. ("Pretrial Order" (Docket Entry # 1018) at 1-5.) As the court stated in that opinion, the current criminal action is referred to in this opinion as "Basciano II." United States v. Basciano, 05-CR-060 (NGG) (E.D.N.Y.). Basciano was also a defendant in an

earlier criminal action before this court ("Basciano I"), which is relevant to this opinion. United States v. Basciano, No. 03-CR-929 (NGG) (E.D.N.Y.). Following the return of the Eleventh Superseding Indictment ("S-11 Indictment") (Docket Entry # 1022) on January 13, 2011, Basciano is no longer charged with conspiring to murder Patrick DeFillipo. (See Pretrial Order at 4.) Consequently, Basciano is now charged in Counts One and Two of the S-11 Indictment with allegedly conspiring to murder and murdering Randolph Pizzolo in aid of racketeering in violation of 18 U.S.C. § 1959(a) and in Count Three with knowingly and intentionally possessing a firearm in relation to the crimes of violence charged in Counts One and Two, in violation of 18 U.S.C. § 924(c). (S-11 Indictment ¶¶ 21-26.)

The Government moves to empanel an anonymous and partially sequestered jury, requesting that "(1) the identities of all prospective jurors - including names, addresses, and places of employment - not be revealed to either the parties or their attorneys; and (2) from the time each juror is empanelled until the conclusion of the trial, the jurors be escorted by representatives of the United States Marshals Service to and from the courthouse each day and at all times during recesses." (Gov't Mem. at 1.)

The Government argues that an anonymous and partially sequestered jury is necessary in this case and is supported by at least five separate concerns. (Gov't Mem at 17.) First, Basciano is already sentenced to life in prison and now faces the death penalty, "creat[ing] significant incentives to threaten jurors." (Id. at 17-18.) Second, the evidence at trial will expose the jury to allegations that defendant was acting boss of the Bonanno crime family and will "depict a pattern of violence by the defendant and his associates such as would cause a juror to reasonably fear for his own safety." (Id. at 18.) Third, members and associates of the Bonanno crime family, in general, have the "ability to tamper with the jury and witnesses on behalf of Basciano, and may

choose to do so due to Basciano's status as an influential member of the Bonanno family or for pecuniary gain," and the Government represents that it will introduce evidence that, after his arrest, Basciano continued to send "messages from prison to members and associates of the Bonanno family regarding the maintenance and ongoing operation of the Bonanno family." (Id. at 18-20.) Fourth, the Government alleges that Basciano has "previously engaged in violence and other acts in an effort to obstruct justice" that were set forth in the Government's motion for an anonymous and sequestered jury in Basciano I. (Id. at 20-21.) Fifth, there has already been substantial media attention in this case, which is likely to continue, and "the expectation of publicity is a legitimate basis for empanelling an anonymous jury because such publicity can 'enhance the possibility that jurors' names could become public and thus expose them to intimidation by a defendant's friends or enemies, or harassment by the public." (Id. at 20.)

The Government also points to the fact that this court granted the Government's motion for an anonymous and partially sequestered jury in Basciano's previous two trials in Basciano I. (Id. at 4.) In Basciano I, the Government made allegations that Basciano had attempted to obstruct justice both in the aftermath of his attempted murder of David Nunez and that "Basciano sought permission to murder family members of cooperating witnesses who testified at the 2004 trial of Bonanno family boss Joseph Massino." (Basciano I, Order of Nov. 17, 2005 (Docket Entry # 354) at 3.) The court found that Basciano had "a history of obstruction of justice, that the trial evidence will depict a pattern of violence that could cause a juror to reasonably fear for his or her own safety, and that media attention may jeopardize the jurors' privacy. As a result, the public interest in a fair trial will be best served by empanelling an anonymous and partially sequestered jury." (Id. at 3.)

In response, Basciano argues generally that "[e]mpaneling an anonymous jury in this case would be to impose a procedure recognized to endanger the presumption of innocence and deny Basciano a fair trial guaranteed by the United States Constitution." (Def. Opp. at 2.) Defendant argues that "[t]he invocation of words such as 'organized crime,' 'mob,' and 'the Mafia,' unless there is something more, does not warrant an anonymous jury." (Id. (quoting United States v. Vario, 943 F.2d 236, 241 (2d Cir. 1991).) Basciano points to the fact that much of the obstruction of justice by the Bonanno crime family that is cited by the Government was committed by members of the Bonanno crime family, other than Basciano; however, Basciano does little to address why the specific facts of his case do not justify ordering an anonymous and partially sequestered jury. Basciano also argues that an anonymous jury should not be ordered because 18 U.S.C. § 3432 requires a person charged with a capital offense be provided,

> at least three entire days before commencement of trial . . . with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness, except that such list of the veniremen and witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person.

(See Def. Opp. at 2 (quoting 18 U.S.C. § 3432).)

## II.  DISCUSSION

### A.  Applicable Law

It is well settled that "when genuinely called for and when properly used, anonymous juries do not infringe a defendant's constitutional rights." United States v. Quinones, 511 F.3d 289, 295 (2d Cir. 2007) (citation and internal quotation marks omitted). An anonymous jury may be empanelled upon "(a) concluding that there is strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." United States v. Gotti, 459

F.3d 296, 345 (2d Cir. 2006) (citation omitted).  In reaching its conclusion, a district court must "balance the defendant's interest in conducting meaningful *voir dire* and in maintaining the presumption of innocence, against the jury's interest in remaining free from real or threatened violence and the public interest in having the jury render a fair and impartial verdict."  Quinones, 511 F.3d at 295 (internal citation omitted).

The Second Circuit has identified certain factors for the court to consider in this balancing, including (1) the dangerousness of the defendant as demonstrated by the seriousness of the charged crimes, the defendant's criminal history, and whether the defendant or his associates have engaged in past attempts to interfere with the judicial process, for example through jury tampering and threatening or killing witnesses, that would demonstrate a willingness to commit such acts in the present case, see e.g., Thai, 29 F.3d at 801; Paccione, 949 F.2d at 1192; (2) whether the defendant has access to means to harm the jury, see e.g., United States v. Melendez, 743 F. Supp. 134, 137 (E.D.N.Y. 1990); and (3) whether the trial is likely to attract media attention, as may be illustrated by the nature and degree of pretrial publicity, see e.g., Paccione, 949 F. 2d at 1192; United States v. Vario, 943 F.2d 236, 240 (2d Cir. 1991).  The decision whether or not to empanel an anonymous and partially sequestered jury is left to the district court's discretion.  See Quinones, 511 F.3d at 295.

As the Second Circuit in Vario held,

> The invocation of the words "organized crime," "mob," or "Mafia," unless there is something more, does not warrant an anonymous jury. This "something more" can be a demonstrable history or likelihood of obstruction of justice on the part of the defendant or others acting on his behalf or a showing that trial evidence will depict a pattern of violence by the defendant[] and his associates such as would cause a juror to reasonably fear for his own safety.  Such proof would be sufficient in and of itself in an appropriate case to warrant an anonymous jury regardless of whether the defendant was a reputed mobster or associated with a recognized organized crime family.

5

Vario, 943 F.2d at 241. As required by Vario, this court has not looked to the activities of the Bannano crime family, generally, but to the past crimes and alleged crimes of Basciano, specifically.

  B.  Application

    1.  Need to Protect the Jury

Basciano is charged with extraordinarily serious and violent crimes in this case, principally, murder in aid of racketeering and conspiracy to commit murder in aid of racketeering. The Indictment also alleges that Basciano was a longtime member of the Bonanno crime family, serving as its acting boss, from January 20, 2004 until his arrest in November 19, 2004. (S-11 Indictment ¶ 12.)

While the indictment does not charge crimes that necessarily involve obstruction of justice, much of the evidence that the government has stated it intends to present in this case will involve claims of serious acts of violence, many of which were alleged to be planned for the purpose of interfering with the prosecution of Basciano and the Bananno crime family. For example, the Government asserts that it will introduce evidence that Basciano allegedly ordered the murder of Randolph Pizzolo, as charged in Counts One and Two of the S-11 Indictment, because Basciano had heard that Pizzolo was a "rat" who may be cooperating with law enforcement. (Gov't Mem. at 8.) Further, the Government intends to introduce evidence that, after Basciano was arrested on November 19, 2011, he solicited to murder Assistant United States Attorney Greg Andres ("AUSA Andres"), the lead prosecutor in Basciano I. (See Order of Jan. 12, 2011 ("*In Limine* Order") (Docket Entry # 1019) at 13-15.) Furthermore, the Government intends to introduce evidence that Basciano solicited the murder of Salvatore Vitale because Basciano feared Vitale would become a cooperating witness. (*In Limine* Order at 10.)

6

This charge was previously found by a jury beyond a reasonable doubt as a predicate act to the substantive racketeering count in Basciano I. (Id. at 11.) Thus, in the guilt phase, the jury will hear evidence that Basciano has allegedly murdered and solicited to murder for the purpose of interfering with law enforcement efforts. A sufficient showing has been made that, without protecting the jury, Basciano and the Bonanno crime family present a risk to jurors' safety, and jurors would reasonably fear for their safety if measures were not taken to protect them.

If a penalty phase is reached in this trial, the Government will introduce evidence that Basciano allegedly solicited to kill individuals on a list in order to interfere with his prosecution in Basciano I. The list that will be introduced at trial includes the names of AUSA Andres and three witnesses in Basciano I. (Pretrial Order at 82-83 (ruling that the list may be admitted at the penalty phase but my name and title will be redacted from the list).) Furthermore, in order to prove the charged Non-Statutory Aggravating Factors of obstruction of justice (see id. at 77-78) and future dangerousness (see id. at 73-75) at the potential penalty phase, the Government will almost certainly present additional evidence of Basciano's alleged misconduct in prison and other attempts to obstruct justice. Consequently, substantial evidence of alleged attempts to obstruct justice, in some cases through the use or attempted use of violence, will be admitted at both the guilt phase and the potential penalty phase of this trial. This evidence will almost certainly cause jurors to fear for their safety if measures are not in place to protect the jurors' anonymity and safety.

Furthermore, the court notes that this case has already received significant media attention and this coverage will likely increase as the trial moves forward. This coverage makes it more likely that jurors' identities will become known and that jurors will fear that their identities will become known.

7

Finally, even under 18 U.S.C. § 3432, the court finds that an anonymous and partially sequestered jury is permissible. "The Court has discretion under 18 U.S.C. § 3432 to withhold the names of the veniremen and witnesses in a capital case if 'the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person.'" United States v. Edelin, 128 F.Supp.2d 23, 43 (D.D.C. 2001) (quoting 18 U.S.C. § 3432). In light of the fact that Basciano has previously been found by a jury to have committed murder and attempted murder in Basciano I (Pretrial Order at 3), that Magistrate Judge Levy "previously determined that sufficient indicia of reliability suggested that [the list] was a hit list aimed at a judge, federal prosecutor, and cooperating witnesses,"(Pretrial Order at 81) and in light of the evidence that the Government has presented in support of the alleged solicitation to murder AUSA Andres, among other factors, the court finds "by a preponderance of the evidence that providing the list may jeopardize the life or safety of [jurors]." 18 U.S.C. § 3432.

Accordingly, maintaining the anonymity of the members of the jury and sequestering the jury as they travel to and from the courthouse and during recesses is necessary to adequately protect them.

  2.  <u>Reasonable Precautions</u>

Despite an anonymous and partially sequestered jury being warranted in this case, the court recognizes the need to take measures to protect Basciano's constitutional rights to a fair trial and an impartial jury. See United States v. Bellomo, 263 F. Supp. 2d 557, 559 (E.D.N.Y. 2003) (It is important "that a balance be struck between the government's interest in the integrity of the judicial process and the defendant's interest in preserving and safeguarding the presumption of innocence."). In order to fairly balance Basciano's interests with the "jury members' interest in remaining free from real or threatened violence and the public interest in

8

having the jury render a fair and impartial verdict," reasonable precautions must be taken to minimize any potential prejudice, particularly with respect to Basciano's right to a meaningful *voir dire* and Basciano's right to maintain a presumption of innocence. See United States v. Amuso, 21 F.3d 1251, 1264 (2d Cir. 1994).

As to meaningful *voir dire*, the court will provide each potential juror with an extensive questionnaire, developed in consultation with the parties. Pedigree information that identifies potential jurors will be removed from the questionnaire and placed in safekeeping with the Clerk of Court. Neither party nor counsel will have access to this protected information. Each prospective juror will be questioned in person by the court, in open court, in an individually sequestered setting, in the presence of Defendant and counsel to uncover any potential bias. Through the questionnaire and the individual questioning, the parties will be apprised of all relevant information concerning each potential juror, despite the fact that the name, address, and place of employment of jurors will not be disclosed. This process will ensure that Defendant has a meaningful opportunity to conduct *voir dire* and make informed choices during jury selection. See United States v. Barnes, 604 F.2d 121, 140 (2d Cir. 1979) ("As long as a defendant's substantial rights are protected by a *voir dire* designed to uncover bias as to issues in the cases and as to the defendant himself, then reasonable limitations on the questioning should not be disturbed on appeal.")

Drawing upon experience presiding over a previous federal-death-penalty trial, the court believes that *voir dire* should be conducted by it, alone. This will best ensure the integrity of the jury selection process by permitting the court to review questions presented by the parties before posing them to individual prospective jurors. It will also ensure that questions are asked in an appropriate manner so as not to potentially taint jurors with bias. Accordingly, Basciano's

motion for counsel to be permitted to personally conduct a portion of the *voir dire* is DENIED. (See Def. *Voir Dire* Mem. at 22.) However, the court will welcome the parties to submit proposed questions to the court in advance of *voir dire* and to provide the court at sidebar with proposed follow-up questions to individual prospective jurors during *voir dire*.

In order to protect Basciano from being tried before a jury prejudiced as to his guilt or violent nature, prospective jurors will be given a neutral explanation for the security measures. The court will instruct the prospective jurors that the reason for their anonymity and partial sequestration is to maintain their personal privacy and to secure their ability to render a fair verdict in light of the media and public attention that this trial is likely to receive. The court will instruct the jurors that transportation is being provided to protect their privacy and to ensure a timely start to each day of what promises to be a long trial. These explanations are plausible, appropriate, and non-prejudicial. See United States v. Aulicino, 44 F.3d 1102, 1116 (2d Cir. 1995).

With these reasonable precautions in place, the Government's motion for an anonymous and partially sequestered jury, as provided above, is GRANTED.

## III. CONCLUSION

For the foregoing reasons, the Government's motion for an anonymous and partially sequestered jury is GRANTED and Basciano's motion for counsel to be permitted to question jurors individually in a sequestered setting is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      January 19, 2011

/S/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge