FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 2 - 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

VINCENT BASCIANO,

      Defendant.
----------------------------------------------------------------X

ORDER
05-CR-060 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

  A hearing has been scheduled for tomorrow, February 3, 2011, at 2:30 PM. This hearing will address the admissibility of evidence regarding Defendant Vincent Basciano's ("Basciano's") alleged solicitation of the murder of Assistant United States Attorney Greg Andres and his alleged conspiracy and solicitation to murder Patrick DeFilippo.

  In a previous order on the Government's *in limine* motions, the court held that the Andres evidence was admissible as direct evidence of Basciano's role in the Bonanno organized crime family. (See Order on Motion *in Limine* (Docket Entry # 1019) at 13-15.) The court reached this conclusion, despite the potential for prejudice, because it found the Andres evidence to be the only other acts evidence the Government sought to admit that demonstrated that Basciano "held a position in the Bonanno family that, Basciano believed, entitled him to order murders outside the prison, and that involved asking [Bonanno family boss Joseph] Massino to approve of such murders." (Id. at 13-14.) In so ruling, the court assumed, based upon the language in the indictment, that the Government intended to present evidence at trial that Basciano participated in the charged crimes – the conspiracy to murder, and the murder of, Randolph Pizzolo, in aid of racketeering, and the weapons charge – in part *after* the time of his arrest and detention.

1

On January 14, 2011, the Government filed a motion *in limine* seeking to admit evidence of Basciano's alleged involvement in a plot to kill Patrick DeFilippo. (See Motion *in Limine* (Docket Entry # 1023).) In its motion, the Government proffers evidence that Basciano sought permission to kill DeFilippo from Massino while both were incarcerated. (Id. at 4-5.) This evidence indicates that the alleged Andres murder solicitation may not be the only evidence that Basciano's post-arrest role involved planning and/or ordering murders.

The Government should be prepared to address three issues at tomorrow's hearing.

First, the Government shall inform the court whether or not it plans to offer evidence at trial that Basciano took any action with relation to the charged crimes after his November 19, 2004 arrest and detention.

Second, the Government shall proffer what evidence it plans to introduce regarding the alleged plot to kill Andres, aside from the evidence already proffered.

Third, the Government shall proffer what evidence it plans to introduce regarding the alleged plot to kill DeFilippo, particularly regarding Basciano's involvement in the plot after the time of his arrest, aside from the evidence already proffered.

SO ORDERED.

Dated: Brooklyn, New York
February 2, 2011

s/NGG

NICHOLAS G. GARAUFIS
United States District Judge

2