```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
```

| | |
|---|---|
| UNITED STATES OF AMERICA | **MEMORANDUM & ORDER** |
| -against- | **05-CR-060 (NGG)** |
| VINCENT BASCIANO, | |
| Defendant. | |

```
-------------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

The parties have submitted a final, proposed Jury Questionnaire in which they have agreed on almost all questions. (Docket Entry # 1038.) The Defendant Vincent Basciano ("Basciano") has submitted a request to include four additional questions in the Jury Questionnaire. ("Def. Mem." (Docket Entry # 1037).)

## I. BACKGROUND

Defendant has requested that the following questions be included in the Jury Questionnaire:

### Proposed Question 1

**Variation A**
Are your views on the death penalty such that you would find it difficult to consider a sentence of life without the possibility of release for someone who planned and premeditated an intentional murder and was found to be a future danger to others?
Please explain: _____

**Variation B**
Are your views on the death penalty such that you would be unable to consider a sentence of life without the possibility of release, if that person allegedly planned and premeditated an intentional murder and was found to be a future danger to others?
Please explain: _____

### Variation C
Would the allegation that a person planned and premeditated an intentional murder, and was a future danger to others, affect your ability to be fair and impartial in considering the death penalty or life imprisonment?
Please explain: _____

**Proposed Question 2**

### Variation A
Are your views on the death penalty such that you would find it difficult to consider a sentence of life without the possibility of release for someone who solicited the murder of a federal prosecutor and cooperating witnesses and was found to be a future danger to others?
Please explain: _____

### Variation B
Are your views on the death penalty such that you would be unable to consider a sentence of life without the possibility of release, if that person allegedly sought the murder of a federal prosecutor and cooperating witnesses and was found to be a future danger to others?
Please explain: _____

### Variation C
Would the allegation that a person sought the murder of a federal prosecutor and cooperating witnesses, and was a future danger to others, affect your ability to be fair and impartial in considering the death penalty or life imprisonment?
Please explain: _____

**Proposed Question 3**

What would be important to you in making the decision to choose between a sentence of the death penalty or life in prison without the possibility of release?
Please explain: _____

**Proposed Question 4**

Do you think that life without the possibility of release is adequate punishment for a person already serving a sentence of life imprisonment for a previous intentional murder?

(Def. Mem. at 1-3.)

Defendant argues that he must be permitted to determine whether a prospective "juror can consider a sentence other than death for a defendant currently serving a life sentence, found

to be a future danger, and confronted with the allegation that he solicited the murder of a federal prosecutor and several cooperating witnesses." (Id. 4-5.)

## II. LEGAL STANDARD

"[P]art of the guarantee of a defendant's right to an impartial jury is an adequate voir dire to identify unqualified jurors." Morgan v. Illinois, 504 U.S. 719, 729 (1992). "[T]he proper standard for determining when a prospective juror may be excluded for cause because of his or her views on capital punishment is whether the juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." Id. at 728 (citing Wainwright v. Witt, 469 U.S. 412, 424 (1985)). In Morgan, the Supreme Court held that a defendant charged with a capital crime must have the ability to challenge a potential juror for cause if he would automatically vote to impose the death penalty if the defendant were convicted. 504 U.S. at 729. As the Morgan Court reasoned,

> A juror who will automatically vote for the death penalty in every case will fail in good faith to consider the evidence of aggravating and mitigating circumstances as the instructions require him to do. Indeed, because such a juror has already formed an opinion on the merits, the presence or absence of either aggravating or mitigating circumstances is entirely irrelevant to such a juror.

Id. Defendants must be permitted to ask potential jurors questions that will effectively reveal any such biases.

As this court has previously held, "certain case-specific questions can be appropriate in capital voir dire. Such questions may be proper, indeed necessary, if they deal with subject matter that would demonstrate impermissible bias on the part of a juror." United States v. Wilson, 493 F. Supp. 2d 402, 404-05 (E.D.N.Y. 2006) (citing United States v. Fell, 372 F. Supp. 2d 766, 770 (D. Vt. 2005)). As the Fell court held, "[i]f properly formed, case-specific questions help identify various forms of juror bias. For example, a juror might be excused for cause if he

3

or she could not fairly consider the death penalty where the victim was involved in drug crimes." 372 F. Supp. 2d at 771; see also United States v. Johnson, 366 F. Supp. 2d 822, 848-49 (N.D. Iowa 2005).

Accordingly, the court will permit Basciano to include case-specific questions in the jury questionnaire so long as they are phrased so as to serve a legitimate purpose. See Johnson, 366 F. Supp. 2d at 849.

## III. DISCUSSION

While the court will permit Basciano to include case-specific questions in the jury questionnaire, the court will only permit such inclusion if the questions are reformulated so as to best serve the purpose of revealing juror bias. Basciano's proposed questions ask proposed jurors to consider whether a *combination* of likely aggravating factors *together* will cause the juror to be unable to consider life in prison. A question combining aggravators together does not effectively reveal juror bias and instead requires potential jurors to prejudge and reveal how they will weigh the evidence at the penalty phase. Accordingly, the court will permit Basciano's questions to be included in the questionnaire in the following format:

### Question 1

Are your views on the death penalty such that you would be unable to consider a sentence of life without the possibility of release if the evidence at trial showed a defendant allegedly planned and premeditated an intentional murder?

Yes_____ No_____

If yes, please explain:_____

### Question 2

Are your views on the death penalty such that you would be unable to consider a sentence of life without the possibility of release if the evidence at trial showed a defendant presented a future danger to others?

Yes_____ No_____

If yes, please explain:_____

**Question 3**

Are your views on the death penalty such that you would be unable to consider a sentence of life without the possibility of release if the evidence at trial showed a defendant sought the murder of a federal prosecutor?

Yes_____ No_____

If yes, please explain:_____

**Question 4**

Are your views on the death penalty such that you would be unable to consider a sentence of life without the possibility of release, if the evidence at trial showed a defendant sought the murder of a cooperating witness?

Yes_____ No_____

If yes, please explain:_____

**Question 5**

Are your views on the death penalty such that you would be unable to consider a sentence of life without the possibility of release, if the evidence at trial showed a defendant is already serving a sentence of life imprisonment?

Yes_____ No_____

If yes, please explain:_____

**Question 6**

Are your views on the death penalty such that you would be unable to consider a sentence of life without the possibility of release, if the evidence at trial showed a defendant was previously convicted of intentional murder?

Yes_____ No_____

If <u>yes</u>, please explain:_____

The court will not include Basciano's proposed Question 3, which asks: "What would be important to you in making the decision to choose between a sentence of the death penalty or life in prison without the possibility of release?" (Def. Mem. at 2.) Given that potential jurors will not be fully instructed on the law applicable to the jury's sentencing decision or the specific facts of the case at the time the jury questionnaire is filled out, asking potential jurors to speculate on what factors will be important to their decision will not effectively reveal bias and is unduly open ended and vague to serve a permissible purpose.

In light of the court's ruling today regarding the admissibility of evidence of the alleged solicitation to murder Assistant United States Attorney Greg Andres and the court's instant order dividing Basciano's multi-factor questions into separate questions, Basciano shall notify the court and the Government by noon on Monday, February 7, 2011 which, if any, questions permitted by the court he requests be included in the Jury Questionnaire. Those questions selected by Basciano are to be incorporated into the Jury Questionnaire, after question number 112 in the final, proposed Jury Questionnaire, at the end of Part V, and submitted to the court by the end of the day on Monday, February 7, 2011.

SO ORDERED.

Dated: Brooklyn, New York  
      February 4, 2011

/S/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge