UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA

        -against-

VINCENT BASCIANO,

                    Defendant.
-------------------------------------------------------------------X

**(DRAFT) JURY QUESTIONNAIRE DISTRIBUTION INSTRUCTIONS**

**05-CR-060 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Good afternoon. I am United States District Judge Nicholas G. Garaufis. Today we are beginning the process of selecting a jury for a criminal case. You are being considered to serve on that jury. The clerk will now swear you in.

      The first step in the jury selection process will occur today. You will be asked to fill out an extensive questionnaire in connection with your possible service as a juror in this trial. The second step is that some of you will return to the courthouse individually on a specific day over the next several weeks to be asked follow-up questions. Each of you will be instructed to call the phone number on the cover sheet attached to your questionnaire on March 1, 2011 after 5:00 p.m. for further instructions as to when you will be required to return to the courthouse for follow-up questioning. In order to receive those instructions, it is important that you remember the juror number that appears at the top of your questionnaire as it is by that number alone that you will be identified.

      The trial of this case is scheduled to begin around Monday, April 4, 2011 and is expected to take about four to six weeks to complete. Trial days will generally be Monday through Thursday, with some exceptions. The trial will recess for national and major religious holidays.

Let me introduce you to the parties to this case. The United States Government is represented in this case by Assistant United States Attorneys Taryn Merkl, Nicole Argentieri, Jack Dennehy, and Stephen Frank. The Defendant in this case is Vincent Basciano. Mr. Basciano's attorneys are George Goltzer, Richard Jasper, and Ying Stafford. I will be the presiding judge in this case. My courtroom deputy is Joseph Reccoppa and my law clerks who are assigned to this case are John Fitzpatrick and Emily Chapuis.

The Defendant in this case, Vincent Basciano, is charged in an indictment with criminal offenses. An indictment listing the criminal charges against a defendant is simply the document used to advise a defendant of the accusations against him. The indictment is not evidence.

The Defendant has pleaded not guilty to all charges in the indictment. It is the Government, also called the Prosecution, that has the burden of proof under our legal system. The Government must present proof beyond a reasonable doubt that a defendant has committed crimes before a defendant can be found guilty. The Defendant has no obligation to produce any evidence or do anything else at trial. This is because the law presumes a defendant to be innocent of the charges brought against him.

The Indictment in this case charges that the Defendant was a member and associate of an organized criminal enterprise, the Bonanno organized crime family, and accuses the Defendant of committing and conspiring to commit murder in aid of that organized criminal enterprise and knowingly and intentionally possessing a firearm, which was discharged, in furtherance of such crimes of violence. In addition, the Government may assert and present evidence that after the Defendant was arrested, he continued to communicate with members and associates of the Bonanno organized crime family regarding the maintenance and ongoing operation of the organized criminal enterprise. The Government also may assert and present evidence that the

Defendant engaged in additional criminal conduct both before and after his arrest.  The Government is seeking the death penalty for the murder in aid of the organized criminal enterprise charge.

Remember that, under the law, the Defendant is presumed to be innocent of the charges described in the indictment.  If you are selected as a juror in this case, it will be your duty to determine whether, based on the evidence presented at trial, the Government has proved beyond a reasonable doubt that the Defendant is guilty of the crimes charged in the indictment.

The court is following the practice used in other cases in federal court of keeping the identities of the jurors confidential.  Thus, although you are asked to provide certain identifying information on page __ of the questionnaire, this information will be provided only to court personnel.

It is likely this case will receive media attention.  Experience has taught that in a case like this, which contains allegations of organized crime, the media and members of the public will be curious about the identity of the jurors, the witnesses, the lawyers and all other participants, and may seek to inquire into their personal affairs.  In such circumstances, courts routinely order, as has been done in this case, that jurors' names, addresses and places of employment will remain anonymous during the trial. Anonymity will ensure that the jury will not be exposed to such prying and to opinions, commentaries, and inquiries that might impair its ability to decide the case solely upon the evidence presented in court and upon the law as I instruct.  It is important to ensure that the jury will in no way be influenced by the public, by the members of the media, and by their articles and reports.  I wish to emphasize that I am taking these measures to protect your rights of privacy and to assist you in discharging your responsibility as jurors fairly and

3

impartially. If selected as a juror, your oath requires that you decide the case solely on the evidence.

It is extremely important, consistent with the oath you have just taken, that you carefully read and candidly answer all of the questions contained in the questionnaire. Should you have any questions about the process of filling out the questionnaire, representatives of the Clerk's Office will be here to assist you. Finally, it is extremely important that you follow my instruction that you not discuss this case with anyone – not your family, friends, or business associates, and not other jurors. In addition, you must not read, listen to, watch, or access on the Internet any accounts of this case nor research or seek outside information about any aspect of this case.

On behalf of the court, I thank you in advance for your participation in this important civic responsibility.