UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

        -against-

VINCENT BASCIANO,

                          Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**05-CR-060 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

       The Government moves for a protective order to allow it not to disclose information regarding prospective witnesses' places of abode. (Gov't's Motion for Protective Order as to Witness Abode Information Pursuant to 18 U.S.C. § 3432 ("Gov't Mot.") (Docket Entry # 1042).) The Government also seeks the court's approval to disclose its witness list to Defendant Vincent Basciano ("Basciano") no later than February 24, 2011, a date that it argues falls three full business days prior to the commencement of *voir dire*. (Gov't Mot. at 4.)

       As set forth below, the court grants the Government's motion as to the protective order regarding witness abode information. The court further orders the Government to disclose its witness list no later than February 11, 2011, three full days prior to the distribution of jury questionnaires.

**I.    BACKGROUND**

       On January 19, 2011, the court denied Basciano's motion for counsel to be permitted to personally conduct a portion of the *voir dire* and granted the Government's motion for an anonymous and partially sequestered jury pursuant to 18 U.S.C. § 3432. (Order as to Gov't's

1

Motion for an Anonymous and Partially Sequestered Jury ("Order as to Jury") (Docket Entry # 1025).)  Section 3432 requires that a person charged with a capital offense be provided,

> at least three entire days before commencement of trial . . . with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness, except that such list of the veniremen and witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person.

18 U.S.C. § 3432.

The Government now moves for a protective order pursuant to 18 U.S.C. § 3432 regarding the addresses of prospective witnesses, requesting that "the Court allow the government not to disclose information regarding the witnesses' places of abode as doing so could jeopardize their safety and the safety of their families." (Gov't Mot. at 1.)  The Government argues that a protective order for witness abode information is necessary in this case and is supported by the same concerns that made the court's order for an anonymous jury necessary. (Gov't Mot. at 2-3.)  The Government further contends that "[t]he danger of providing information concerning the places of abode of cooperating witnesses is even greater" than that of providing information regarding jurors, for at least two reasons: (1) because "retaliation against cooperating witnesses is a significant risk in organized crime cases, and more specifically, in this case, where [Basciano] has personally sought to murder numerous witnesses (and, in some instances, their family members)," and (2) because "some of the prospective cooperating witnesses are participating in the Witness Security Program . . . and the government is statutorily prohibited from disclosing any information regarding their whereabouts." (Gov't Mot. at 3-4 (citing 18 U.S.C. § 3521(b)(1)(G) & (b)(3)).)

2

The Government also seeks the court's approval to disclose its witness list to Basciano no later than February 24, 2011.[1] (Gov't Mot. at 4.) The Government argues that this is the appropriate time for disclosure because this date falls "three full business days prior to the commencement of *voir dire* on March 2, 2011." (Gov't Mot. at 4.)

Basciano consents to the protective order in connection with the witness abode information "provided the Government will accept subpoena service on behalf of their witnesses." (Def.'s Letter in Response to Gov't's Motion as to 18 U.S.C. § 3432 ("Def. Opp.") at 1 (Docket Entry # 1050).) The Government has agreed to accept service of subpoenas on behalf of its witnesses. (Gov't's Letter in Response to the Court's Order of February 7, 2011, Regarding the Government's Motion for a Protective Order Under 18 U.S.C. § 3432 ("Gov't Resp.") (Docket Entry # 1056).) However, with regard to the date of disclosure, Basciano argues that the defense is entitled to "the Government's witness list three full days prior to distribution of the jury questionnaires . . . [on] February 12, 2011." (Def. Opp. at 2.)

## II.   DISCUSSION

### A.   Need to Protect the Jury

"The Court has discretion under 18 U.S.C. § 3432 to withhold the names of the veniremen and witnesses in a capital case if 'the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person.'" United States v. Edelin, 128 F.Supp.2d 23, 43 (D.D.C. 2001) (quoting 18 U.S.C. § 3432); see also United States v. Henderson, 461 F.Supp.2d 140, 141 (S.D.N.Y. 2006). The court assumes familiarity with the factual findings set forth in its previous order regarding the anonymity and partial sequestration of jurors. (Order as to Jury at 6-8.) Based on the indictment and the Government's submissions,

---

[1]   Although the Government's motion mistakenly requests a deadline of February 24, 2010 (Gov't Mot. at 4-5), the court understands this request to be correctly stated as February 24, 2011.

3

the court has already found "by a preponderance of the evidence that providing the list may jeopardize the life or safety of [jurors]" in this case. (Id. at 6 (quoting 18 U.S.C. § 3432).) The reasons supporting the court's earlier finding apply with full force with regard to witnesses. Given that the allegations detail Basciano's attempts to obstruct justice by means alleged to include threats against government cooperators (see id. at 6-7), the risks are especially compelling with regard to witness safety.

For the reasons stated in the court's previous order, the court finds by a preponderance of evidence that providing potential Government witnesses' addresses to the defense may jeopardize the life and safety of the witnesses and their families. Accordingly, the Government's motion for a protective order with regard to witness abode information is granted, and the Government is directed to accept subpoena service on behalf of its witnesses.

### B. Date of Disclosures

Section 3432 requires the government to provide a defendant charged with a capital offense with a witness list "at least three entire days before commencement of trial." 18 U.S.C. § 3432. Neither the Supreme Court nor the Second Circuit has yet interpreted "commencement of trial" within the meaning of § 3432. Within the context of felony criminal proceedings, the Supreme Court has generally held that "the trial commence *at least* from the time when the work of empanelling the jury begins." Gomez v. United States, 490 U.S. 858, 872-73 (1989) (quoting Lewis v. United States, 146 U.S. 370, 374 (1892)) (emphasis added). And, with regard to a number of other statutes, the Second Circuit has construed "before trial" to mean before the commencement of jury selection. United States v. White, 980 F.2d 836, 841 (2d Cir. 1992) (collecting cases and noting the "general understanding that the term 'trial' includes jury selection").

4

Here, both parties assume that the commencement of trial for § 3432 purposes includes some portion of jury selection, but dispute what event marks the beginning of the jury selection process. (See Gov't Mot. at 4; Def. Opp. at 1-2.) Pursuant to the court's scheduling order of December 30, 2010 (Docket Entry # 1011), jury questionnaires will be distributed beginning on February 15, 2011. The defense contends that jury selection—and therefore trial—commences within the meaning of § 3432 on this date. (Def. Opp. at 1-2.) The Government, however, contends that the trial will commence on March 2, 2011, when in-person *voir dire* of individual jurors will begin. (Gov't Mot. at 4; see also Order of Dec. 30, 2010 (Docket Entry # 1011).)

In the absence of controlling authority on this question, the court finds that the purposes of the statute are better served by the former interpretation.[2] Courts have variously described the purpose of 18 U.S.C. § 3432 as "'to inform the defendant of the testimony which he will have to meet, and to enable him to prepare his defense,' 'to eliminate any element of surprise,' and 'to prevent trial by ambush where a defendant's life is at stake.'" United States v. Barrett, 496 F.3d 1079, 1116 (10th Cir. 2007) (citations omitted). On its face, the statute contemplates that the Government will disclose the indictment, witness list and venire information at once. 18 U.S.C. § 3432 (requiring production of "a copy of the indictment and a list of the veniremen, and of the witnesses"). The statute further contemplates that the defense will have access to this information at the time when they are making strategic decisions about venire. See United States v. Williams, No. 100-CR-1008 (NRB), 2005 WL 664791, at *1 (S.D.N.Y. Mar. 22, 2005) ("Section 3432's limited statutory language suggests that the purpose of the statute is to provide

---

[2] The court is aware that courts in other jurisdictions have reached a contrary conclusion with regard to the time at which jury selection begins. United States v. Barrett, 496 F.3d 1079, 1116-17 (10th Cir. 2007) (finding that jury qualification process was not part of *voir dire* for purposes of § 3432); United States v. O'Driscoll, 229 F.Supp.2d 370, 374-75 (M.D. Pa. 2002) (finding that the distribution of jury questionnaires does not mark the beginning of *voir dire*). But see United States v. Williams, No. 100-CR-1008, 2005 WL 664791, at *1-3 (S.D.N.Y. Mar. 22, 2005). The contrary decisions are not binding on this court; and, for the reasons stated below, their reasoning does not persuade the court that this approach best effectuates the statute's purpose.

information to enable the defense to exercise their juror challenges."). In this case, the court has ordered the parties to advise it of their for-cause strikes no later than February 25, 2011. (Order of Dec. 30, 2010 (Docket Entry # 1011).) If both juror information and a witness list were to be disclosed in this case, providing information mandated by § 3432 prior to the date of for-cause strikes would enable the defense to adequately prepare to exercise their juror challenges as envisioned by the statute.[3] Therefore, disclosure prior to February 25, 2011 is appropriate under the statute.

Furthermore, the distribution of questionnaires is a critical part of the jury selection process in this case. In some instances, the jury selection process begins when jurors appear in court for in-person *voir dire*.[4] But in Basciano II, a complex and heavily publicized case, questionnaires are an effective tool for the initial screening of potential jurors. On February 15, potential jurors will appear in person in court, they will be sworn in, and their initial questioning will begin. That this initial questioning will be conducted in writing rather than orally does not change the fact that the selection process begins at this stage. See generally United States v. Williams, No. S100 CR 1008 (NRB), 2005 WL 664791, at *2 n.4 (finding "support for the position that jury selection commenced [on the day questionnaires were distributed] . . . when the entire venire panel was sworn in by the Court in the presence of counsel and the defendants"). Accordingly, § 3432 disclosures are due on February 11, 2011, three days prior to the commencement of this process.[5]

---

[3]  The Government would have the court order disclosure on February 24, 2011, only one day before for-cause strikes are due. (Gov't Mot. at 4.) This timeline would not provide Basciano with adequate time "to enable him to prepare his defense" or to make decisions regarding jury selection.

[4]  It is unclear whether juror questionnaires were used in one of the § 3432 cases that the Government cites, United States v. Young, 533 F.3d 453 (6th Cir. 2007). In any case, this precedent—like the other cases the Government cites—is not binding on this court.

[5]  The defense has requested disclosures by February 12, 2011. (Def. Opp. at 1-2.) The court finds that disclosure by the end of the day on February 11, 2011 will provide the defense with the "three entire days" required by the statute. See 18 U.S.C. § 3432.

## III.     CONCLUSION

For the foregoing reasons, the Government's motion for a protective order for information regarding witnesses' places of abode is GRANTED, and the Government is ordered to accept subpoena service on behalf potential witnesses as agreed.  The Government is further ordered to disclose its witness list, without abode information, no later than February 11, 2011. SO ORDERED.

|  |  |
|---|---|
|  |  /s/ Nicholas G. Garaufis  |
| Dated: Brooklyn, New York | NICHOLAS G. GARAUFIS |
| February 9, 2011 | United States District Judge |