

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

_____

271 Cadman Plaza East
Brooklyn, New York 11201


February 14, 2011

<u>By ECF & Hand Delivery</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Vincent Basciano
      <u>Criminal Docket No. 05-060 (S-12) (NGG)</u>

Dear Judge Garaufis:

    The government respectfully submits this letter in response to the defendant's letter motion dated February 13, 2011 ("Def. Ltr."), in which he seeks to compel the government (a) to proceed at trial on the Eleventh Superseding Indictment ("S-11 Indictment"), with the striking of certain introductory language; and (b) to provide a more precise witness list. The defendant's arguments are without merit and his motion should be denied in its entirety.

I. <u>Superseding Indictment S-12 is Not Defective</u>

    The defendant first seeks an order directing the government to proceed at trial on the S-11 Indictment, rather than the recently-returned Twelfth Superseding Indictment ("S-12 Indictment"). The defendant's argument, which is grounded on a clearly erroneous understanding of the evidentiary import of an indictment, is entirely without merit and should be denied as frivolous.

  A. <u>There Was No Abuse of the Grand Jury Process</u>

    First, as the defendant concedes, he cannot meet the high bar to seek dismissal of the S-12 Indictment in this case on the ground of abuse of the grand jury process or some other grounds. Def. Ltr. at 3. On the contrary, the S-12 Indictment is entirely proper as it was returned by a properly constituted grand jury and it contains a "plain, concise, and definite

written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c).

        In addition, the defendant has not cited any authority,[1] and the government is aware of none, that prevents the government from presenting a superseding indictment to the grand jury in advance of trial to remove language from, or change the language of, an indictment.

        Rather, in the absence of prejudice to a defendant, the Second Circuit has upheld the amendment of an indictment even while a trial is already underway to correct or modify the indictment's language.  See, e.g., United States v. Milstein, 401 F.3d 53, 66-67 (2d Cir. 2005) (finding district court's use of an "unprecedented procedure," whereby defendant was arraigned on a superseding indictment that modified charging language mid-trial so as to correct jurisdictionally deficient charging language and the risk of a mistrial, "in no way" resulted in prejudice to the defendant); United States v. McGrath, 558 F.2d 1102, 1105 (2d Cir. 1977) (allowing mid-trial amendment to indictment to correct a mistake of fact in the indictment).  As the McGrath court observed:

>       The original indictment fully informed [the defendant]
>       of the crime charged and the need to prepare a defense,
>       and it would have enabled another court to determine
>       the charge for double jeopardy purposes.  When the
>       indictment was amended, none of [the defendant's]
>       rights was affected by the change, and the burden of
>       [the defendant's] defense was not increased.

Id. at 1105.  Accordingly, the court concluded that the defendant suffered no prejudice and rejected the defendant's motion to dismiss the superseding indictment.  As the McGrath court clearly explained, "[i]nasmuch as a ministerial change . . . can be made by the court or the prosecutor, it can certainly be made by the

---

        [1]    In support of his theory of prosecutorial abuse of the grand jury, the only cases the defendant cites address the limitation on the government's use of grand jury subpoenas to continue to gather evidence in order to prepare for trial.  See United States v. Sasso, 59 F.3d 341, 351-52 (2d Cir. 1995); United States v. Leung, 40 F.3d 577, 581 (2d Cir. 1994).  These cases are clearly inapposite to the facts here, in which the government simply removed introductory language from the indictment.

Grand Jury, as was done here." <u>Id.</u> (collecting cases in which
the court or prosecution made wording changes to an indictment).

As the government stated at the status conference on
February 11, 2011, "the government decided to take out the
introductory language simply to streamline and to [e]nsure that
the jury was not confused about the government's burden of proof
in this case." <u>United States v. Basciano</u>, Cr. No. 05-060 (NGG),
Status Conference Tr. at 23 (Feb. 11, 2011).

The defendant's argument that the government somehow
used the grand jury to prepare for trial is entirely without
merit.  As the Second Circuit has clearly recognized, the grand
jury "can certainly" make ministerial changes -- such as the
removal of introductory language -- to an indictment.  <u>McGrath</u>,
558 F.2d at 1105.  For this reason and because the defendant
cannot establish any prejudice caused by the S-12 Indictment, as
discussed below, his motion to compel should be denied.

    B.    Proceeding on the S-12 Indictment
          <u>Will Not Prejudice Basciano</u>

          1.    Indictments Are Not Evidence or
                <u>Admissions of the Government</u>

It is axiomatic that the allegations in an indictment
are not evidence.  In addition, as the Second Circuit has
recognized since 1928, indictments are not admissions of the
government.  <u>United States v. Falter</u>, 23 F.2d 420, 425 (2d Cir.
1928) ("[A]n indictment is not a pleading of the United States,
but the charge of a grand jury, and a grand jury is neither an
officer nor an agent of the United States, but a part of the
court.").  As the court unequivocally held more recently: "An
indictment is not admissible as an admission of a party-
opponent." <u>United States v. Salerno</u>, 937 F.2d 797, 811 (2d Cir.
1991) (quoting <u>Falter</u>), <u>rev'd on other grounds</u>, 505 U.S. 317
(1992).  <u>See also</u> <u>United States v. Adams</u>, 216 F.3d 1073 (2d Cir.
2000) (quoting <u>Salerno</u>) (accord).

          2.    The Defendant's Claim of Prejudice is
                <u>Premised on Legally Improper Arguments</u>

In his letter, the defendant concedes that his reason
for objecting to the S-12 Indictment is his belief that the
government's "sole or dominant purpose in returning to the grand
jury was to remove language advantageous to the defendant in
preparation for trial." Def. Ltr. at 2.  In order to somehow
utilize the introductory language from an indictment to his

advantage, however, Basciano must have intended to argue to the jury that the indictment's language was somehow evidence or a statement of the government.  Either proposition is legally inaccurate and runs a substantial risk of confusing the jury.

Basciano's transparent motive for objecting to the S-12 Indictment is further evidenced by his claim that the removal of the language from the indictment "was done to insulate the petite jury from reading an indictment that accurately reflected the history of acting bosses of the Bonanno family being elevated when their predecessor was arrested."  Def. Ltr. at 2. Basciano's letter thus makes clear that he was apparently hoping that the jury would ignore this Court's instruction that the indictment is not evidence and that the jury would give this introductory allegation some weight in the context of Basciano's anticipated arguments to the jury.

Accordingly, in his letter, the defendant strategically suggests that the Court should proceed on the S-11 Indictment, but should still strike all of the introductory language removed by the return of the S-12 Indictment, except for the language regarding a succession of acting bosses of the Bonanno organized crime family.[2]  From that language, Basciano apparently was planning to mount a legally improper argument to the jury. Basciano's lost opportunity to confuse the jury does not constitute legally cognizable prejudice and his brazen arguments should thus not be countenanced by this Court.

As discussed above, the S-12 Indictment is legally sufficient and was returned by a properly constituted grand jury. In addition, the ministerial changes made to the S-12 Indictment, namely, the removal of potentially confusing factual allegations that the government is not required to prove, were clearly within the province of the grand jury.  Accordingly, the government respectfully submits that Basciano should be arraigned

---

[2]     By proposing to remove certain introductory language from the indictment, the defendant concedes the appropriateness of striking surplusage – he simply wishes to force the government to strike only surplusage of his own choosing.  The defendant would thus place this Court in the unprecedented, and untenable, position of allowing a defendant to craft his own charging document, in contravention of the Grand Jury Clause of the Fifth Amendment to the United States Constitution.  U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . .").

expeditiously on the S-12 Indictment and that the S-12 Indictment should be utilized as the operative indictment for the trial. See Fed. R. Crim. P. 10 (arraignment procedures) & 11(a)(4) (providing that the court "must enter a plea of not guilty" if a "defendant refuses to enter a plea").

II.   The Government's Witness List

The defendant next seeks an order directing the Court to require the government to provide a "more specific and realistic" witness list.  Def. Ltr. at 4.  As the Court is aware, the government is statutorily required to provide the defendant with the names of all potential government witnesses in advance of trial in this case, or run the risk of not being permitted to call that witness.  The defendant's objection to the list does not seem to be to its actual length, but to the fact that the list includes the names of multiple cooperating witnesses.  Def. Ltr. at 3; Status Conference Tr. at 28-29 (defense counsel expressing concern about the number of cooperating witnesses).

The defendant has cited no authority for the proposition that the government be required to provide a more narrow list, thus limiting the proof available to the government in both guilt and penalty phases of the trial.  Given the nature of the case, and the possibility of a penalty phase during which the government may call cooperating witnesses that are not called during guilt phase, the government's witness list complies with the requirements of 18 U.S.C. § 3432.  The defendant's request for a more "specific and realistic" witness list should be denied.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   _____
      Taryn A. Merkl
      Nicole M. Argentieri
      Jack Dennehy
      Stephen E. Frank
      Assistant U.S. Attorneys
      (718) 254-6064/6232/6133/6143

cc:  Defense Counsel (by ECF and email)