UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

VINCENT BASCIANO,

                   Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**05-CR-060 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

     Defendant Vincent Basciano moved for the Government to produce "[t]he presentence reports of Joseph Massino, Michael Mancuso, Anthony Aiello, Dominick Cicale, Salvatore Vitale, James Tartaglione, Richard Cantarella, Frank Lino, Frank Coppa, and any other person alleged to be a participant in any criminal activity upon which the government plans to rely in any potential penalty phase to argue that a sentence of death is warranted." (Docket Entry # 631 at 78.) Basciano states that this "material is requested to be submitted first to the Court for an *in camera* examination not only for exculpatory and/or impeachment material, but also (and even more importantly) for material relevant to the consideration at a potential penalty phase of the mitigating factor that 'equally culpable others' will not be sentenced to death." (Id.)

**I. LEGAL STANDARD**

     Presentence investigation reports are "generally viewed as confidential so as not to impede the free flow of information needed to assist the sentencing judge." United States v. Molina, 356 F.3d 269, 274 (2d Cir. 2004). However, this confidentiality is not absolute, and presentence reports may be turned over to a third-party defendant when required by the ends of

1

justice. See United States v. Moore, 949 F.2d 68, 72 (2d Cir. 1991). This Circuit has approved a procedure that,

> when a co-defendant requests the presentence report of an accomplice witness, the district court should examine the report *in camera* to determine if there are any statements made by the witness that contain exculpatory or impeachment material. If there is any such material, the judge should not release it unless there is a compelling need for disclosure to meet the ends of justice.

Moore, 949 F.2d at 72 (internal quotation marks omitted). "Under this 'compelling need for disclosure' test, the district court must decide whether the information is 'absolutely essential to effective presentation of a defense.'" United States v. Pena, 227 F.3d 23, 27 (2d Cir. 2000).

## II. DISCUSSION

As an initial matter, this court concludes that Basciano's request that the court perform *in camera* review of the presentence reports of all persons "alleged to be a participant in any criminal activity upon which the government plans to rely" would place an undue burden on the court by requiring the review of a substantial volume of records pertaining to numerous defendants.[1] Basciano has not made a showing specific to any of the individuals for whom presentence reports are requested as to why the presentence reports must be disclosed. "[N]o *in camera* review of a co-defendant's [presentence report] is required without a threshold showing of a good faith belief that a co-defendant's [presentence report] contains exculpatory evidence not available elsewhere." Molina, 356 F.3d at 275. Basciano has not "shown a compelling need for disclosure to meet the ends of justice" as to any of these defendants and has certainly not made a sufficient showing of need as to all alleged participants. See Moore, 949 F.2d at 72. Accordingly, Basciano has not made a sufficient showing to require the court to review any presentence report.

---

[1] In fact, Basciano has requested presentence reports for defendants who have not yet been sentenced and for whom no presentence report has yet been provided to the court, let alone the Government.

2

The court, nonetheless, has reviewed *in camera* the presentence reports submitted by the Government *ex parte* and under seal as to Joseph Massino, Generoso Barbieri, James Tartaglione, and Giuseppe Gambina and has determined that these documents contain no information which must be disclosed to the Defendant. As the Government has represented, the presentence reports contain no exculpatory evidence. Furthermore, the Government has disclosed all potential impeachment material from these four defendant's presentence reports to Basciano, and the court finds that all possible impeachment evidence in these presentence reports is available to Basciano elsewhere, through public sources. Accordingly because any impeachment evidence is "available elsewhere," in addition to being cumulative of other impeachment evidence, the court finds that the presentence reports should not be released to Basciano because there is no "compelling need for disclosure to meet the ends of justice." Moore, 949 F.2d at 72.

Consequently, Basciano's motion for disclosure as to all requested presentence reports is DENIED.

SO ORDERED.

s/NGG

Dated: Brooklyn, New York
February 22, 2011

NICHOLAS G. GARAUFIS
United States District Judge