**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel.  (212) 608-1260
Fax (212) 980-2968
george@goltzer.com

April 24 , 2011

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201
via electronic mail and ECF

Re: *United States v. Vincent Basciano*; 05 Cr. 60 (NGG)

Dear Judge Garaufis:

Please accept this letter as an application to preclude the government from introducing two tape recordings into evidence at trial, GX 401 and GX 402. On April 10, 2011, the government provided the defense with two transcripts, GX 401T and GX 402T. Both are in the government's transcript folder and respectfully incorporated by reference. A couple of days ago the government advised that it would be calling cooperating witness Salvatore Volpe this week. We expect that the government will attempt to introduce these two tapes through Mr. Volpe. For the reasons stated below, the defense respectfully objects.

GX 401 was recorded on April 29, 2008 between witness Volpe and Anthony Pipitone. an alleged member of the Bonano crime family. GX 402 was recorded between witness Volpe and Natale Terzo, an alleged associate. Both tapes contain discussions about events that transpired years before.. Both tapes are related to murder victim Pizzolo's relationship with various individuals prior to his death, and events that involved Pizzolo and might have motivated others to harm him. The defense contends that statements made to Volpe by third parties are rank hearsay and not subject to any exception to the rule.

We expect the government to offer the exhibits pursuant to Federal Rule of Evidence 801 (d)(2) (E). Reliance on that rule is misplaced. The offered conversations are mere narrative, not in furtherance of any conspiracy, let alone one in which Mr. Basciano was a member in 2008.

A trial court may only admit an alleged co-conspirator statement under Fed. R. Evid. 801 (d) (2) (E) after finding by a preponderance of the evidence that:
(1) a conspiracy existed;
(2) the declarant and the person against whom the declaration is offered were members of this conspiracy;
(3) the statement was made during the course of the conspiracy; and
(4) the statement was made in furtherance of the conspiracy.
*Bourjaily v. United States,* 483 U.S. 171, 175-76 (1987).

It is incumbent upon the government to identify which conspiracy was arguably furthered by the statements. Certainly the alleged conspiracy to murder Pizzolo terminated with the actual murder. Statements made after the completion of the conspiracy are not made during the course of the conspiracy and, therefore, are not admissible under the rule. See, e. g., *United States v. Alonzo*, 991 Fed 2nd 1422 (8th Cir. 1993) (convictions reversed because co-conspirator's statements made while he was cooperating with the police after his arrest and improperly admitted against the defendants); *United States v. Perez Garcia*, 904 F.2d 1534 (11th Cir. 1990) (error to emit co-conspirator statements made after the declarant and his co-conspirators had been arrested because the conspiracy had terminated that point); *United States v. Silverstein*, 737 F.2d 864, 867 (10th Cir. 1984) (trial court committed reversible error by admitting incriminating statement made several weeks after the victim's death; because a conspiracy ordinarily terminates when its central criminal purposes have been achieved, the statement in issue was made after conspiracy's termination and, was not admissible under rule 8019D)(2)(E). See, *United States v. Gjerde,* 110 after 595 (8th Cir. 1997) (statement was made 31/2 years after the fraudulent scheme bore fruit and the moneys were obtained; it simply was not made in furtherance of the conspiracy which had concluded and thus was inadmissible).

A statement by a co-conspirator is made "in furtherance" of the conspiracy if it is intended to promote the conspiracy's objectives, whether or not it actually has that effect. *United States v. Shores*, 33 F.3d 438, 443 (4th Cir. 1994). Generally, the nature of the statement as well as the time and circumstances under which was made are important in determining whether it was made in furtherance of the conspiracy. *Krulewitch v. United States,* 336 U.S. 440 (1949), the government alleged the defendant had engaged in a conspiracy to transport a woman across state lines to engage in prostitution in violation of the Mann Act. During trial, the government offered into evidence a conversation between the woman who allegedly had been taken across state lines and one of the codefendant's co-conspirators. This conversation, which occurred one and a half months after the Mann Act violation, implicated the defendant in the conspiracy. By the time of the conversations, the defendant, the co-conspirator, and the woman had all been arrested for the Mann Act violation. The gist of the conversation was each party assured the other that they had not talked and each agreed not to implicate the defendant in the crime. The Supreme Court held that because the purpose of the conspiracy, transporting a woman across state lines, had long since been completed, the statement offered against the defendant could not have been made to further the conspiracy. 336 US at 442-43.

Statements consisting of narratives of past activities or statements that are mere "puffing" or "idle chatter" are not in furtherance of the conspiracy and should not be admitted see, e.g., *United States v. Johnson,* 200 F.3d 529 (7th Cir. 2000) (statements that further the conspiracy must be distinguished from mere idle chatter, narrative declarations, and   superfluous casual remarks which do not further the conspiracy).

The government will not  be able to demonstrate that the statements made to witness Volpe on tape recordings more than 4 years after events discussed are anything more than mere narrative or idle chatter.

To the extent that the parties to the tape-recorded conversations may have been members of any conspiracy, the defense contends that as of 2008, Basciano could not have been a member of that  illegal combine. He had already been in virtual isolation for approximately 2 years. The government will not be able to prove this element of the rule, that the statement made furthered a conspiracy of which Basciano was a member.

Under current  precedent, the statements we seek to exclude do not appear to be "testimonial" within the meaning of the 6th Amendment's Confrontation Clause. *Davis v. Washington,* 547 U.S. 813 (2006); *United States v. Saget,* 377 F.3d 223 (2d Cir. 2004) (codefendant's statements to a confidential informant, when he had no knowledge of the informant's connection to investigators and believed    that he was having a casual conversation with a friend and potential co-conspirator, were not testimonial). Nevertheless, in the hope that this precedent will be overruled or narrowed, this capital defendant objects to the admission of the 2 exhibits on the additional grounds that introduction of the evidence would violate his rights to confrontation, cross-examination and due process of law within the meaning of the 5th and 6thAamendments to the United States Constitution.

The defense requests that the Court direct the prosecution to provide an offer of proof  with respect to the proper    foundation for admission of these tapes prior to Volpe's testimony. Thank you for consideration of this matter. We remain

                                              Respectfully,

                                              George R Goltzer
                                              Richard D Jasper
                                              Ying Stafford

cc: Taryn Merkl
    Assistant United States Atty.
    Via electronic mail and ECF