**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel.  (212) 608-1260
Fax (212) 980-2968
george@goltzer.com

April 25, 2011

**BY ECF & EMAIL**
The Honorable Nicholas Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

                    Re:    United States v Vincent Basciano
                              05 CR 060 (S-11) (NGG)

Dear Judge Garaufis:

       This memorandum is submitted in further support of our motion in limine to preclude the

admission of consensual recordings made by Government witness Salvatore Volpe on April 29,

2008 and August 19, 2008 ("Volpe recordings"). The Government states that the recordings are

admissible because (1) the statements are highly relevant and their probative value is not

substantially outweighed by the danger of unfair prejudice; (2) the statements are not offered for

their truth, but rather to show the impact of Randolph Pizzolo's murder had on members and

associates of the Bonanno crime family, and (3) if the statements constitute hearsay they are

admissible as statements against penal interest pursuant to Fed. R. Evid. 804(b)(3).

I.    Background

       On November 19, 2004 Basciano was arrested in connection with a separate indictment.

On December 1, 2004, Pizzolo was murdered in the Greenpoint section of Brooklyn, New York.

Hon. Nicholas G. Garaufis
April 25, 2011
Page **2** of **6**

On March 3, 2005, Basciano, Dominick Cicale and Anthony Aiello, were indicted for conspiracy to murder and murder in aid of racketeering of Pizzolo. Cicale later entered into a cooperation agreement with the Government and testified against Basciano regarding the Pizzolo murder as an uncharged act in Basciano's previous trials. Cicale testified Basciano initially ordered the murder of Pizzolo prior to Basciano's arrest. After Basciano was arrested, Mancuso ordered the murder of Pizzolo. Ultimately, Pizzolo was shot to death by Aiello. At Basciano's previous trials, Cicale testified extensively regarding the participants and details concerning the conspiracy to murder and the murder of Pizzolo. After that, Michael Mancuso was arrested and indicted for the conspiracy to murder and murder in aid of racketeering of Pizzolo. Mancuso eventually plead guilty to the conspiracy to murder in aid of racketeering of Pizzolo in August 2008. At both Basciano's previous trials, there was no evidence was presented concerning Salvatore Volpe, Anthony Pipitone and/or Natale Terzo's involvement regarding the conspiracy to murder and murder in aid of racketeering of Pizzolo.

II.    Argument

The Government now intends to admit the Volpe recordings to recount conversations that occurred in 2008, four years after the termination of the conspiracy to murder and murder in aid of racketeering of Pizzolo. Additionally, these conversations occur well after the alleged incidents have been reported in the media and potentially related through untold sources on the street.

It is for this reason that the statements made by Natale Terzo and Anthony Pippitone in the Volpe recordings are unreliable and should be precluded out of hand under Rule 403, without the necessity of debating whether it might otherwise be admissible as non-hearsay or as an exception to the hearsay rule. See Weinstein's Federal Evidence § 805.06 (2003 ed.)("Rule 403,

Hon. Nicholas G. Garaufis
April 25, 2011
Page **3** of **6**

however, affords trial judges discretion to exclude statements of multiple hearsay even if each

included portion meets the requirements of an exception, if they find the statements so unreliable

that their probative value is substantially outweighed by the danger of prejudice and confusion"),

citing  United States v. Lang, 589 F.2d 92, 99 (2d Cir. 1978). In addition, to the fact that Natale

Terzo and Anthony Pipitone are not in any way co-conspirators in connection with the charges in

this case, the statements are not admissible in any event, including admissibility as statements of

a co-conspirator.  First, "idle chatter among conspirators does not satisfy the 'in furtherance'

requirement of Rule 801(d)(2)(E)," United States v. Gigante, 166 F.3d 75, 82 (2d Cir. 1999), and

Terzo's and Pipitone's statements to Volpe are nothing more than quintessential "idle chatter."

Statements made during the course and in furtherance of a conspiracy "must be such as to

prompt the listener ... to respond in a way that promotes or facilitates the carrying out of a

criminal activity," including those statements "that provide reassurance, or seek to induce a

coconspirator's assistance, or serve to foster trust and cohesiveness, or inform each other as to the

progress or status of the conspiracy."  Id., citing  United States v. Maldonado-Rivera, 922 F.2d

934, 958-59 (2d Cir. 1990).  No stretch of this concept could be elastic enough to reach the

statements made by Terzo and Pipitone to Volpe years after the events and, from all indications,

based on nothing but gossip. This is all the more so since the prerequisites for admission of a co-

conspirator statement (the defense does not concede that Volpe, Terzo or Pipitone are co-

conspirators)--that a conspiracy existed which included the defendant and the declarants, and that

the statement was made during the course of and in furtherance of that conspiracy--must be

found by the Court by a preponderance of the evidence.  Gigante, 166 F.3d at 82 (citations

omitted).  There simply is no evidence that Basciano was a member of any conspiracy between

Volpe, Terzo and Pipitone. Furthermore, Terzo and Pipitone's declarations are not based on

Hon. Nicholas G. Garaufis
April 25, 2011
Page **4** of **6**

personal knowledge.   See Dutton v. Evans, 400 U.S. 74, 88-89 (1970)(admission of

coconspirator's statement did not violate Confrontation Clause where declarant's "personal

knowledge of the identity and role of the other participants in the triple murder is abundantly

established").  As the court stated in United States v. Stratton, 779 F.2d 820 (2d Cir. 1985):

> When A testifies that B told him of an event, A usually has
> personal knowledge of B's report.  It is B who has personal
> knowledge of the event.  Thus, the hearsay rules require that the
> declarant, B in our example, have personal knowledge of the
> events recounted, not that the witness have such personal
> knowledge.   Id. at 829 (emphasis in original), citing United States
> v. Lang, 779 F.2d at 98.

In this case, Terzo and Pipitone do not have any personal knowledge of the events recounted in

the Volpe recordings. And, further, both, Terzo and Pipitone's basis of knowledge, whatever it

may be, is completely unknown.    Thus, the reliability of Terzo's statement or Pipitone's cannot

be established.  Thus, introduction of the Volpe recordings should be precluded under Fed. Evid.

Rule 403, given the extreme prejudice flowing from the recordings that include declarations,

twice removed regarding Pizzolo, as well as the conspiracy to murder, and the murder of Pizzolo.

        The Government in the alternative seeks to introduce the Volpe recordings under Federal

Rule of Evidence 804(b)(3), the proponent must establish that: (1) the delarant is unavailable as a

witness, (2) the statement was against the declarant's interest when made, and in criminal cases,

(3) corroborating circumstances clearly suggest that the statement is trustworthy.  The proponent

of the evidence bears the burden of showing that the declarant is unavailable. In this case, the

Government did not provide any indication that Natale Terzo and Anthony Pippitone are

unavailable within the meaning of 804(b)(3).  However, in the interest of expediting this issue,

the defense has conferred with the Government, and they have represented to the defense,

Pipitone and Terzo, were issued subpoenas by the Government, and both, have through counsel,

Hon. Nicholas G. Garaufis
April 25, 2011
Page **5** of **6**

refused to testify. Therefore, the defense for purposes of this response, will not address, the Government's failure to meet the specific requirement of Federal Rule of Evidence 804(b)(3) – the declarant is unavailable as a witness.

Addressing that situation, the Supreme Court in <u>Williamson v. U.S</u>., 512 U.S. 594, 599-600, 114 S. Ct. 2431, 2435, 129 L. Ed. 2d 476 (1994), noted "[t]he fact that a person is making a broadly, self-inculpatory confession does not make more credible the confessions non-self-inculpatory parts. One of the most effective wasy to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature." The <u>Williamson</u> Court also recognized that "the arrest statements of a co-defendant have traditionally been viewed with special suspicion. Due to his strong motivation to implicate the defendant and to exonerate himself, a co-defendant's statements about what the defendant said or are less credible than ordinary hearsay evidence." <u>Williamson</u>, 512 U.S. at 601 (citations omitted). As a result, the Court concluded that before any portion of the accomplice's statement may be introduced under this hearsay exception, the trial court must examine each part of the statement in light of all surrounding circumstances. When that is done, only those parts that are truly self-inculpatory will fall within this exception. <u>See</u> also <u>U.S. v. Valenzuela</u>, 53 F. Supp. 2d 992 (N.D. Ill. 1999) (finding co-defendant's statement indicating defendant was ringleader of drug operation was not admissible as statement against interest). Thus, under <u>Williamson</u>, each portion of the proposed statements on the recordings must be considered and determined are truly self- inculpatory as to each declarant. 512 U.S. at 604.

The Government cites <u>U.S. v. Saget</u>, 377 F. 3d 223 (2d Cir. 2004) in support of the admission of the Volpe recordings. Yet, the <u>Saget</u> case concerned the admission of statements made by declarant to someone he thought was his friend and confidant but turned out to be a

Hon. Nicholas G. Garaufis
April 25, 2011
Page **6** of **6**

confidential informant. Again, that is not the circumstance of this case.   Notwithstanding, an

assertion against interest, though excepted from the hearsay rule, may be excluded if it appears

that the declarant lacked knowledge of the facts related.  U.S. v. Lanci, 669 F. 2d 391 (6th Cir.

1982) (the requirement of firsthand knowledge has always been inherent in the statement against

interest exception); U.S. v. Lang, 589 F. 2d 92 (2d Cir. 1978).  That is precisely what is the

situation in this case.  Concededly Volpe was present for an incident that is described on the

Volpe recordings concerning the Napa & Sonoma restaurant.  However, neither Terzo nor

Pipitone possess any knowledge concerning the conspiracy to murder and murder of Pizzolo.

Finally, the Volpe recordings are simply bolstering of Volpe's anticipated testimony. A review

of the Volpe recordings indicates that Volpe does not most of the talking while Terzo and/or

Pipitone simply affirm Volpe's statements. And, as argued previously, these conversations – idle

chatter – occur well after the events have been reported in the media, internet and any other

untold sources.

III.    Conclusion

        For the foregoing reason, we respectfully request that our motion be granted.

                                        Respectfully submitted,

                                        _____/s/_____
                                        George Goltzer
                                        Richard Jasper
                                        Ying Stafford
                                        *Attorneys for Vincent Basciano*