

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:NMA

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

April 26, 2011

By Hand Delivery & ECF

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:  United States v. Vincent Basciano
             Criminal Docket No. 05-060 (S-12)(NGG)

Dear Judge Garaufis:

       The government respectfully submits this letter in support of the government's Requests to Charge, which were filed on April 17, 2011.  Specifically, in response to the Court's request, this letter addresses two questions raised by the Court, namely: (1) the applicability of state law and federal law in regard to the requested aiding and abetting and conspiracy instructions; and (2) whether state or federal law applies as to the government's requested charge pertaining to a finding of guilt of the substantive charges based on the defendant's membership in a criminal conspiracy, pursuant to Pinkerton v. United States, 328 U.S. 640 (1946).

       Although there is some conflicting authority on the question whether the jury must be instructed on the underlying state law elements of the murder and murder conspiracy charge that form the basis for the Section 1959 charges in this case, the Second Circuit has observed that charging the jury on these state law elements is the "best practice." United States v. Pimentel, 346 F.3d 285, 304 (2d Cir. 2003) (quoting United States v. Carrillo, 229 F.3d 177, 185 (2d Cir. 2000)).  Significantly, in Carrillo, the Second Circuit analyzed the precise question whether it may be error not to instruct the jury that New York State conspiracy law requires an overt act, indicating that a

full instruction on the underlying state law is the better course:

> If the conduct proved at trial did not satisfy the elements of the offense as defined by state law, a jury could not find that the defendant had committed the state law offense charged as a predicate act of racketeering.  Likewise, even assuming evidence from which a jury *could* find a violation of state law, if the defendant's acts as found by the jury did not include all the essential elements of the state law offense, by definition, no state offense would have been found.  It is difficult to see . . . how the defendant could be properly convicted if the conduct found by the jury did not include all the elements of the state offense since RICO requires that the defendant have committed predicate acts "chargeable under state law."  If a district judge failed to charge a jury on the state law elements of the crime constituting the racketeering act, neither we nor the district judge could know what were the factual determinations on which the jury based its verdict.

Carrillo, at 183-84 (emphasis in original).  Accordingly, the Carrillo court continued:

> [D]istrict judges conventionally instruct juries on the elements of the state law offenses charged as predicate acts.  We think in most circumstances that is the best practice. . . .  Declining to instruct the jury on the elements of state law offenses charged as predicate acts under RICO, VICAR, and similar statutes, can prejudice the defendant. . . .  The safer course is for trial judges to instruct the jury on the elements of the predicate offenses.

Id. at 184-85 (footnote omitted).  Likewise, the Second Circuit has suggested that failure to instruct the jury on the underlying applicable state law in the context of an attempt may be error.  See Pimentel, 346 F.3d at 298; see also id. at 302 ("[W]e have on more than one occasion cautioned the Government and district

judges within this Circuit against adhering to the bare bones generic instructions concerning the racketeering act elements . . . ."). In light of this precedent, the government respectfully requests that the Court instruct the jury on the required elements of the federal charges in this case, with reference to the state law elements as definitional provisions. This approach, which is consistent with the Second Circuit's guidance on the "best practice," will fully instruct the jury as to the elements of both the federal law the defendant is alleged to have violated, as well as the state law that is incorporated by reference in the charged Section 1959 offenses.[1]

With regard to the question of whether to instruct the jury on state or federal law concerning Pinkerton liability, the Second Circuit has held that district courts are not required to instruct the jury on state law in this context. United States v. Diaz, 176 F.3d 52, 100 (2d Cir. 1999) ("[The defendants] claim that the district court was obliged to look to Connecticut law to determine the propriety and language of a Pinkerton instruction. This argument is meritless. As noted above, the racketeering statutes are not meant to incorporate state procedural and evidentiary law; rather, references to state law in these statutes merely serve a definitional purpose, that is, to identify generally the kind of conduct made illegal by the federal statute."); see generally United States v. Tse, 135 F.3d 200, 206-07 (2d Cir. 1998) (holding that the district judge did not err in instructing the jury regarding substantive liability under Pinkerton where the jury was informed of all of the

---

[1] In its requests to charge, the government did not request detailed instructions on the essential elements necessary to find that the Bonanno crime family was engaged in the racketeering activity alleged in the indictment, based on the defendant's representation that he was not planning to contest that element. Should the defendant decline to stipulate that this element is proved, however, the government respectfully requests that the jury be charged in more detail regarding the essential elements of the racketeering activity alleged in the indictment, including "acts involving murder, extortion and gambling that are chargeable under New York State Penal Law and punishable by imprisonment for more than one year, and acts indictable under Title 18, United States Code, Sections 892, 893 and 894 (the making, financing and collecting of extortionate extensions of credit), Title 18, United States Code, Section 1951 (extortion), and Title 18, United States Code, Section 1955 (gambling)." Superseding Indictment S-12, ¶ 14.

elements of the VICAR conspiracy charge as a prerequisite to finding the defendant guilty of the substantive charges).

The approach approved by the Diaz and Tse courts is logical and consistent with the Pinkerton doctrine, whereby a defendant may be found guilty of the "foreseeable substantive [federal] crimes of his co-conspirators, even if he did not actually participate in the crimes himself." Id. at 206. See Pinkerton v. United States, 328 U.S. 640 (1946). In order to be found guilty of a federal crime on a Pinkerton theory, the jury must conclude that the defendant joined a conspiracy in violation of federal law, and that the substantive crimes committed by his co-conspirators were reasonably foreseeable. Instruction on state law rather than federal law would not be appropriate because, in order to convict the defendant, the jury must find that the defendant joined a conspiracy with the requisite intent as prescribed by federal law, and that the substantive federal crimes were reasonably foreseeable to the defendant.

Based on the foregoing, and in light of the facts adduced at trial, instruction to the jury on federal Pinkerton liability is appropriate in this case. The government thus respectfully requests that the government's Request No. 8 (Guilt of Substantive Offense Due to Membership in a Conspiracy) be included in the Court's final charge to the jury.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:  /S/_____
     Taryn Merkl
     Nicole M. Argentieri
     Jack Dennehy
     Stephen E. Frank
     Assistant U.S. Attorneys
     (718) 254-6064/6232/6133/6132

cc:  Clerk of Court (NGG)(by ECF)
    Defense Counsel (by Hand Delivery & ECF)