

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:JD/NMA
F.#2005R00060

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

May 17, 2011

**By ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>          Re:   United States v. Vincent Basciano
>                <u>Criminal Docket No. 05-060 (NGG)</u>

Dear Judge Garaufis:

   The government respectfully submits this letter in support of its request that the Court include a limiting instruction related to the presentation of victim impact evidence in both its preliminary and final charges to the jury during penalty phase at trial.  Such an instruction is appropriate given the Second Circuit's decision in <u>United States v. Fell</u>, 531 F.3d 197, 240 (2d Cir. 2008), holding in relevant part:

> Although we would not go so far as to require trifurcation, we encourage district courts ruling on motions to trifurcate to consider carefully the ramifications of presenting victim impact evidence, or any evidence that would otherwise be inadmissible in the guilt phase of a criminal trial, to a jury that has not yet made findings concerning death eligibility.

Here, Basciano has withdrawn his request, previously granted by the Court, for a bifurcated penalty hearing.  In light of this development, the government respectfully requests that the Court deliver a limiting instruction to the jury to ensure that no potential for spill-over prejudice exists in this case.  In <u>United States v. Bolden</u>, 545 F.3d 609, 618, the Eight Circuit affirmed a defendant's capital sentence following a single penalty phase proceeding, finding, <u>inter</u> <u>alia</u>, that the district court gave a proper limiting instruction to avoid any potential spill-over prejudice caused by the presentation of victim impact evidence, among other things.

2

Accordingly, the government respectfully submits that the Court should include the following limiting instruction in its charges to the jury:

> During the penalty phase, you will hear victim impact evidence related to how the victim Randy Pizzolo's death affected Pizzolo's family.  I instruct you now and I will remind you later that you may not consider this or any other victim impact evidence in deciding the preliminary issues of whether the government has proven beyond a reasonable doubt (1) that the defendant is at least 18 years old, (2) that the defendant acted with the requisite preliminary intent, or (3) the existence of any statutory aggravator.  Put simply, you may not permit the victim impact testimony to overwhelm your ability to follow the law.

The government will include this language in its final request to charge.

                                  Respectfully submitted,

                                  LORETTA E. LYNCH
                                United States Attorney

By:  /s/
      Taryn A. Merkl
      Nicole M. Argentieri
      Jack Dennehy
      Stephen E. Frank
      Assistant U.S. Attorneys
      (718) 254-6064/6232/6133/6143

cc:   Defense Counsel (by ECF)
       Clerk of Court (by ECF)