# RICHARD JASPER
**Attorney at Law**
276 FIFTH AVENUE
SUITE 501
NEW YORK, NEW YORK 10001
Phone (212) 689-3858
Fax    (212) 689-0669

May 17, 2011

**BY ECF & EMAIL**
The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

                Re:    United States v Vincent Basciano
                          05 CR 060 (S-11) (NGG)

Dear Judge Garaufis:

This memorandum is submitted in support of the defense request for certain mitigating factors and to address the Court's inquiry regarding the potential for taint if the penalty phase is not bifurcated. In addition, the defense renews its' request for discovery regarding the alleged hit list, authored by Basciano while incarcerated.

I.    Defendant's Proposed Mitigating Factors

On March 18th, 2011, we filed electronically our proposed mitigating factors. The defense proposed the following mitigating factors regarding Joseph Massino and Salvatore Vitale:

> 3.  Joseph "Big Joey" Massino will not be sentenced to death for his role in the murder of George "George from Canada" Sciaccia, in furtherance of the Bonnano/Massino crime family.
>
> 7.  Salvatore "Good Looking Sal" Vitale will not be sentenced to death for his role in the murder of George "George from Canada"

Hon. Nicholas G. Garaufis
May 17, 2011
Page **2** of **8**

>     Sciacca, in furtherance of the Bonnano/Massino crime family. (See
>     ECF Doc. No. 1092).

Although, Massino and Vitale are co-conspirators in the Bonanno/Massino family, they are not co-conspirators in the death eligible offense, murder in the aid of racketeering of Randolph Pizzolo. Therefore, we do not maintain that the mitigating factors regarding Massino and Vitale are permissible pursuant 18 U.S.C. § 3592(a)(4) – equally culpable defendants. However, we do assert that Basciano should be permitted to submit the mitigating factors regarding Vitale and Massino pursuant to the catch all provision of 18 U.S.C. § 3592(a)(8). This section requires the jury to consider "[o]ther factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence." 18 U.S.C. § 3592(a)(8). A defendant may rely on a non-statutory mitigating factor even if it is similar or a subset of a statutory one. See <u>United States v Mcveigh</u> 153 F.3d 1166 (10th Cir. 1996)("the government apparently believes that because <u>Mcveigh</u> cannot meet the elements of the "minor participation" mitigating factor, he is barred from presenting mitigating evidence to support his claim of a "lesser role" in the offense. We disagree.").

In addition, the United States Supreme Court has referred to mitigation as "potentially infinite"[1], and having "virtually no limits"[2]. In <u>McCleskey v. Kemp</u>, 481 U.S. 279 (1987), the Court held that a constitutional death-penalty scheme:

>     cannot limit the sentencer's consideration of any relevant
>     circumstance that could cause it to decline to impose the penalty.
>     In this respect, the State cannot channel the sentencer's discretion,
>     but must allow it to consider any relevant information offered by
>     the defendant.

---

[1] <u>Ayers v. Belmontes</u>, 549 U.S. 7, 21 (2006).
[2] <u>Tennard v. Dretke</u>, 542 U.S. 274, 285 (2004), <u>quoting</u> <u>Eddings v. Oklahoma</u>, 455 U.S. 104 (1982).

Id. at 305-06 (emphasis added); see also Green v. Georgia, 442 U.S. 95 (1979) (evidence rules may not be invoked to bar otherwise relevant mitigating evidence).

In Buchanan v. Angelone, 522 U.S. 269 (1998), Chief Justice Rehnquist, writing for a majority of the Court 20 years after Lockett, stated:

> in the [penalty] phase, we have emphasized the need for a broad inquiry into all relevant mitigating evidence to allow an individualized determination.
>
> \*     \*     \*
>
> In the [penalty] phase, our cases have established that the sentencer may not be precluded from considering any constitutionally relevant mitigating evidence.

Id. at 276 (citations omitted). In Williams v. Taylor, 529 U.S. 362 (2000), the Court noted that mitigating evidence can serve to lessen a defendant's "moral culpability" even where such evidence "does not undermine or rebut the prosecution's death-eligibility case." Id. at 398. Similarly, the leadership roles played by Massino and Vitale in the Bonanno/Massino crime family, for close two decades, and, the fact that, both Massino and Vitale will not face the death penalty, lessens Basciano's moral culpability. In particular, an element of the 1959(a) murder includes Basciano's role in the Bonanno/Massino family, a role as the acting boss lasted less than a year.

The line of cases supporting liberal admission of mitigating evidence is unbroken, and was extended in Tennard v. Dretke, 542 U.S. 274 (2004), where the Court rejected the notion, originating with the Texas Court of Criminal Appeals and repeatedly endorsed by the Fifth Circuit, that evidence is not mitigating unless there is a nexus between the evidence and the crime. In Tennard, a six-member majority of the Court reversed the Fifth Circuit and bluntly criticized that court's longstanding practice of imposing a restrictive standard of

relevance for mitigating evidence at the penalty-phase of Texas capital cases. <u>Tennard</u> reiterated that the threshold of relevance for mitigating evidence is minimal, stating:

> When we addressed directly the relevance standard applicable to mitigating evidence in capital cases in <u>McKoy v. North Carolina</u>, 494 U.S. 433, 440-441, 108 L. Ed. 2d 369, 110 S. Ct. 1227 (1990), we spoke in the most expansive terms. We established that the "meaning of relevance is no different in the context of mitigating evidence introduced in a capital sentencing proceeding" than in any other context, and thus the general evidentiary standard – "'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence'"– applies. <u>Id</u>., at 440, 108 L. Ed. 2d 369, 110 S. Ct. 1227 (<u>quoting</u> <u>New Jersey v. T. L. O.</u>, 469 U.S. 325, 345, 83 L. Ed. 2d 720, 105 S. Ct. 733 (1985)). We quoted approvingly from a dissenting opinion in the state court: "'Relevant mitigating evidence is evidence which tends logically to prove or disprove some fact or circumstance which a fact-finder could reasonably deem to have mitigating value.'" 494 U.S., at 440, 108 L. Ed. 2d 369, 110 S. Ct. 1227 (<u>quoting</u> <u>State v. McKoy</u>, 323 N. C. 1, 55-56, 372 S.E.2d, 12, 45 (1988) (opinion of Exum, C. J.)). Thus, a State cannot bar "the consideration of. . . evidence if the sentencer could reasonably find that it warrants a sentence less than death." 494 U.S., at 441, 108 L. Ed. 2d 369, 110 S. Ct. 1227.
>
> Once this low threshold for relevance is met, the "Eighth Amendment requires that the jury be able to consider and give effect to" a capital defendant's mitigating evidence. <u>Boyde v. California</u>, 494 U.S. 370, 377-378, 108 L. Ed. 2d 316, 110 S. Ct. 1190 (1990) (<u>citing</u> <u>Lockett v. Ohio</u>, 438 U.S. 586, 57 L. Ed. 2d 973, 98 S. Ct. 2954 (1978); <u>Eddings v. Oklahoma</u>, 455 U.S. 104, 71 L. Ed. 2d 1, 102 S. Ct. 869 (1982); <u>Penry I</u>, 492 U.S. 302, 106 L. Ed. 2d 256, 109 S. Ct. 2934 (1989)); see also <u>Payne v. Tennessee</u>, 501 U.S. 808, 822, 115 L. Ed. 2d 720, 111 S. Ct. 2597 (1991) ("We have held that a State cannot preclude the sentence from considering 'any relevant mitigating evidence' that the defendant proffers in support of a sentence less than death. . . .[V]irtually no limits are placed on the relevant mitigating evidence a capital defendant may introduce concerning his own circumstances." (quoting <u>Eddings</u>, supra, at 114, 71 L. Ed. 2d 1, 102 S. Ct. 869)).

Hon. Nicholas G. Garaufis
May 17, 2011
Page **5** of **8**

Id. at 284-85.  In Smith v. Texas, 543 U.S. 37 (2004), decided five months after Tennard, the Court reiterated its rejection of the "nexus" requirement that the Texas Court of Criminal Appeals, as endorsed by the Fifth Circuit, had erected as a barrier to the admission of mitigating evidence, stating, "[w]e rejected the Fifth Circuit's 'nexus' requirement in Tennard . . . ." Smith v. Texas, 543 U.S. at 45.  Even more recently, the Supreme Court reiterated this point in an opinion authored by Justice Alito:

> [O]ur cases have firmly established that sentencing juries must be able to give meaningful consideration and effect to all mitigating evidence that might provide a basis for refusing to impose the death penalty on a particular individual, notwithstanding the severity of his crime or his potential to commit similar offense in the future.

Abdul-Kabir v. Quartermain, 127 S.Ct. 1654, 1664 (2007). Given, that the case law firmly establishes that sentencing juries must be able consider all mitigating evidence, the jury in this case, should be permitted to consider and evaluate the circumstances involving Massino and Vitale's, avoidance of the death penalty. The jury has already heard testimony regarding Massino and Vitale's involvement in the murder of George Sciaccia.  And, the jury heard testimony that both Massino and Vitale will not face the death penalty for the murder of George Sciaccia, because of their cooperation with the Government. In particular, Massino's cooperation was almost entirely dependent upon information provided concerning Basciano. Furthermore, Vitale testified for the Government at both of Basciano's previous trials. Thus, in fairness the jury should be permitted to consider those same circumstances at a penalty phase, as mitigation against a sentence of death.  Likewise, the jury has already heard extensive testimony of the multiple homicides committed by Massino and Vitale, in furtherance of the Bonanno/Massino criminal enterprise.  Basciano is now facing the ultimate punishment of death for his role in the

murder of Randolph Pizzolo, a murder committed in furtherance of the Bonanno/Massino enterprise. The Government contends that Basciano killed Pizzolo in order to maintain or enhance his position in the Bonanno/Massino family. Again, these circumstances concerning the offense should be considered by the jury at the penalty phase of this case, as it was during the guilt phase.

II.     Defendant's Application To Withdraw Trifurcation Motion

The Court granted the defendants' motion to bifurcate the penalty phase in light of the Second Circuit's opinion in United States v Fell, 531 F.3d 197, 239 (2d Cir. 2008).  The Court requested the defenses' view of potential taint caused by evidence admissible at the penalty phase, which might be presented before a jury at single penalty phase proceeding. The defense withdrew the application for a bifurcated penalty phase, because it is now apparent following the trial evidence, that the jury is sufficiently focused on causation in this case. Part of the defense concern, regarding possible taint and the direct cause determination, has been alleviated in light of the way the evidence has unfolded at the trial phase. Additionally, the jury has already been presented with evidence of the Santoro homicide, and numerous other uncharged crimes. The Court permitted the jury to be extensively questioned regarding the solicitation to murder a law enforcement official, and the fact that Basciano is serving a life sentence for a previous murder. Notwithstanding the Court's reliability finding regarding the Government's aggravating evidence in support of the death penalty, the defense has moved to withdraw its' motion to trifurcate based on the evidence adduced at the trial phase. In addition, the defense will be provided with a victim impact statement to be presented at the penalty phase, which will alleviate the taint from that particular aggravating factor.

Hon. Nicholas G. Garaufis
May 17, 2011
Page **7** of **8**

III.  <u>Defense Request For Discovery Of The List</u>

In preparation of the penalty phase, the defense requests on behalf of the defendant, the Court order the production of the transcript and affidavits of Magistrate Levy's <u>ex parte in camera</u> hearing.  Additionally, the defense requests the identity of the inmate that provided the Government with the handwritten list authored by Basciano, and alleged that the handwritten list was in fact, a hit list ("the List").  Although, the Government has informed the defense that it does not intend to introduce evidence pertaining to the List, that does not discharge the Government of their obligation under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995), <u>Giglio v. United States</u>, 405 U.S. 150 (1952), and the Federal Rule of Criminal Procedure 16. Furthermore, notwithstanding the Government's intention regarding the alleged the List, the defendant is entitled to, any and all discovery pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution. Due process requires the Government to disclose not only evidence that would be favorable to the defense at trial, but also evidence that would be favorable at sentencing, i.e., that would help establish mitigating factors or to weaken or counter aggravating ones.  Indeed, <u>Brady</u> itself was a case about discovery for capital sentencing.  <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  <u>See</u> <u>also</u> <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).

On September 22nd, 2008, in response to the defendant's motion for a bill of particulars, the Government indicated by letter, their intent to rely on the List with respect to the notice of special findings in the Indictment i.e. the aggravating factors. (<u>See</u> Govt.Ltr.Dated Sept. 22, 2008 (ECF Do. No. 528)). The Government's decision not to introduce evidence regarding the List at a potential penalty phase, calls into question, the allegation that the List was in fact a hit list. On the eve of the penalty phase of this case, the defense most respectfully request, the Court provide

counsel with the evidence concerning the List, so that counsel may evaluate and investigate, if the Government's investigation in connection with the List, was conducted in bad faith, or at the very least was flawed.  And, most importantly, the defense should be permitted to determine is the evidence surrounding the List constitutes Brady/Giglio. The defense contends that the security concerns articulated by Magistrate Levy were not intended to override Basciano's due process right to present a case in defense of the ultimate punishment of death.

IV.     Conclusion

For foregoing reasons the defense respectfully requests that the Court grant our inclusion of the mitigating factors regarding Vitale and Massino and grant the defense request for discovery concerning the List.

Respectfully submitted,

_____/s/_____
George Goltzer
Richard Jasper
Ying Stafford
*Attorneys for Vincent Basciano*
