

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:JD/NMA
F.#2005R00060

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

May 18, 2011

By ECF & Hand Delivery

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Vincent Basciano
     Criminal Docket No. 05-060 (S-12) (NGG)

Dear Judge Garaufis:

   The government respectfully submits this letter in response to the defendant's Notice of Mitigating Factors, filed May 18, 2011, and the defendant's motion of May 17, 2011.  The government moves to combine several duplicative factors to streamline the sentencing process and avoid jury confusion, strike several mitigating factors that are beyond the scope of permissible mitigation under the Federal Death Penalty Act and the United States Constitution, and strike or clarify otherwise improper mitigating factors.  The government also moves to preclude certain evidence from the penalty phase of the trial pursuant to 18 U.S.C. § 3593(c).

I. Applicable Law

   Pursuant to the Eighth Amendment to the United States Constitution, generally a sentencing jury may not be precluded from considering as a mitigating factor

> any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death

Lockett v. Ohio, 438 U.S. 586, 604 (1978).  Similarly, the Federal Death Penalty Act permits a defendant to allege as a mitigating factor a variety of statutory mitigating factors relating to the defendant's background and the offense, or generally any "[o]ther factors in the defendant's background,

record, or character or any other circumstances of the offense that mitigate against imposition of the death sentence." 18 U.S.C. § 3592(a)(1)-(8).

To effect those constitutional and statutory principles, a capital defendant is afforded wide latitude to submit evidence in support of mitigating factors. See 18 U.S.C. § 3593(c); Payne v. Tennessee, 501 U.S. 808, 822 (1991) (defendant cannot be precluded from submitting "any relevant mitigating evidence"). The defendant is not entitled, however, to present evidence that is not relevant to a valid mitigating factor. 18 U.S.C. § 3593(c) ("The defendant may present any information relevant to a mitigating factor.") (emphasis added); Lockett, 438 U.S. at 604 n.12 ("Nothing in this opinion limits the traditional authority of a court to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense.").

In general, evidence may be excluded from the penalty phase if "its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). This standard is more restrictive than that of Federal Rule of Evidence 403. See United States v. Pepin, 514 F.3d 193, 204 (2d Cir. 2008). Specifically, evidence should be excluded if it encourages the jury to decide the case based on undue sympathy or passion rather than reasoned deliberation on the basis of the offense and the defendant's character and background. See, e.g., Booth v. Maryland, 482 U.S. 496, 508 (1987) ("[A]ny decision to impose the death sentence must be, and appear to be, based on reason rather than caprice or emotion.") (internal quotation marks omitted) (overruled in part on other grounds, Payne, 501 U.S. at 825); Sand et al., Modern Federal Jury Instructions, Form Instruction 12.11 ("In engaging in the weighing process, you must avoid any influence of passion, prejudice, or undue sympathy. Your deliberations should be based upon the evidence you have seen and heard and the law on which I have instructed you.").

Nor may a defendant confuse the jury by alleging the same mitigating factor multiple times, or breaking down one mitigating factor into multiple components simply to increase the total number of mitigating factors alleged. See, e.g., United States v. Wilson, 493 F. Supp. 2d 520, 523 (E.D.N.Y. 2007) (observing that "the parties' efforts to list aggravating and mitigating factors should not turn into an arms race" and that

"[t]he court is concerned . . . that . . . a juror or jurors may be swayed by the quantity of the factors offered rather than by their quality").

The government respectfully moves to strike the defendant's proposed mitigating factors One, Two, Three, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen and Sixteen, because they do not relate to the defendant's character, background, or the circumstances of the offense and would not, even if found by the jury, mitigate the defendant's crime in any way. Furthermore, the government respectfully submits that the defendant's proposed mitigating factors Four through Six should be consolidated into one mitigating factor and that Fourteen and Fifteen should similarly be consolidated into one mitigating factor. Finally, the government moves to preclude (a) opinions as to the impact of the defendant's execution on others and (b) opinions by witnesses as to the appropriate punishment in this case.

II. <u>Argument</u>

    A. <u>The Court Should Strike Proposed Mitigating Factors One, Two, Three, Seven, Eight, Nine, Ten, Eleven, Twelve and Thirteen</u>

        1. <u>Mitigating Factors One and Two: Life Sentence Without Possibility of Release</u>

The defendant's first proposed mitigating factor is that "[i]f not sentenced to death, Mr. Basciano will be imprisoned for the remainder of his life with no possibility of release. (This mitigating factor <u>must</u> be accepted as proven and <u>must</u> be considered and weighed in your deliberations.)." The defendant's second proposed mitigating factor is that "[t]he Federal Bureau of Prisons is capable of fashioning conditions of confinement that will control Mr. Basciano's activities while he is in prison." These facts do not in any way relate to the defendant's background, character, or the circumstances of the offense. That the defendant will spend the rest of his life in prison certainly does not mitigate his crime. Submitting a possible sentencing option to the jury as a mitigating factor – with the instruction that it <u>must</u> be accepted – is simply illogical. See, e.g., <u>United States v. Johnson</u>, 223 F.3d 665, 675 (7th Cir. 2000) ("The argument that life in prison without parole, especially if it is spent in the prison's control unit and thus in an approximation to solitary confinement, sufficiently achieves the objectives aimed at by the death penalty . . . . is . . . illogical . . . . [a]nd its illogic

shows that it is really an argument against the death penalty, period . . . ."). Similarly, although the Bureau of Prisons' ability to incapacitate the defendant may be admissible to rebut the aggravating factor of future dangerousness, such evidence does not constitute a mitigating factor to be submitted to the jury. Cf. United States v. Chandler, 996 F.2d 1073, 1086 (11th Cir. 1993) (holding that the jury is not required to be informed of the "possibility" that the defendant would receive a sentence of life imprisonment without parole); accord Byrne v. Butler, 845 F.2d 501, 507 (5th Cir. 1988).

The fact that the defendant will spend the rest of his life in prison if not sentenced to death is relevant to the jury's ultimate weighing process should it find the requisite gateway and statutory aggravating factors. By itself, however, the defendant's alternative punishment bears no relation to the offense, his character, or his background. Rather, the factor will likely result either in jury confusion or in double-counting. Johnson, 223 F.3d at 675. Accordingly, the government moves to strike these factors.

    2.   Mitigating Factors Three, Seven, Eight and Nine Are Improper and Should Be Stricken

Defendant's mitigating factors Three, Seven, Eight and Nine are as follows:

    3. Joseph Massino will not be sentenced to death for his role in the murder of George Sciascia and others, in furtherance of the Bonanno/Massino crime family.

    7. Salvatore Vitale will not be sentenced to death for his role involving multiple murders for the Bonanno crime family.

    8. Patrick DeFilippo will not be sentenced to death for his role involving the death of George Sciascia.

    9. The favorable plea agreements offered to cooperating witnesses: Joseph Massino, Salvatore Vitale, Michael Mancuso, Anthony Aiello and James Tartaglione is something that weighs against imposition of a death sentence for Mr. Basciano.[1]

---

[1] As an initial matter, this proposed factor is duplicative of factor Five to the extent that it reiterates that defendant Mancuso will not face the death penalty for the murder of the victim in this case. In addition, the fact that allegedly equally culpable co-defendants will be released from prison

In his motion of May 17, 2011, the defendant acknowledges that factors Three and Seven are not admissible pursuant to 18 U.S.C. § 3592(a)(4) as evidence of the punishment of "equally culpable defendants," but asserts that they should be admitted under the "catch all" provision 18 U.S.C. § 3592(a)(8). Presumably, the defendant intended to make the same argument with regard to mitigating factor Nine as it relates to Tartaglione and Massino.

As set forth above, Section 3592(a)(8) permits a finder of fact to consider "[o]ther factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence." On its face, this so-called "catch all provision" is limited to circumstances related to either the defendant's personal background or the actual underlying capital offense. It is clear that Tartaglione's, Massino's and Vitale's sentences for crimes other than the capital offense charged here - the Pizzolo murder - are irrelevant and inadmissible under this provision.

While the defendant is correct that the Supreme Court has held that the government must allow the sentencer to consider "any relevant information offered by the defendant," McCleskey v. Kemp, 481 U.S. 279 (1987), the defendant ignores the limiting principle that _all_ information presented, regardless of the identity of the party offering it at the penalty phase, must be _relevant_ to the determination to be made by the jury. In Lockett, the Supreme Court considered the meaning of "relevant" mitigation evidence in capital cases, concluding that what the Constitution required was that the sentencer "not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or records and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." Lockett, 438 U.S. at 604-05.

In his submission, the defendant does not demonstrate the relevance of evidence related to Vitale's and Massino's sentences; he merely argues, without more, that their leadership roles in the Bonanno family "lessen[] Basciano's moral culpability." However, these factors are not proper mitigation evidence in that they do not relate to the defendant's personal

---

someday is irrelevant and misleading to the jury. See, e.g., Miniel v. Cockrell, 339 F.3d 331, 337 n.1 (5th Cir. 2003) ("A co-defendant's lesser sentence does not constitute a mitigating factor as defined by the Supreme Court.").

6

circumstances or the circumstances surrounding the Pizzolo murder, as is required by Section 3592(a)(8). They are, accordingly, irrelevant.

Notably, even if these individuals were co-defendants of Basciano charged with other crimes, evidence about their sentences would not be admissible under Section 3592. Courts have repeatedly held that the "culpability calculus" in the statutory mitigating factor refers <u>only</u> to the co-defendants' culpability in the <u>charged</u> murder or murders:

> Section 3592(a)(4) provides that the jury may consider whether "another defendant or defendants, equally culpable <u>in the crime</u>, will not be punished by death." The plain language of section 3592(a)(4) limits the jury's consideration to co-defendants, co-conspirators, or accomplices of the defendant in the capital crime before the jury, not any <u>similar</u> crime.

<u>United States v. Regan</u>, 221 F. Supp. 2d 659, 660 (E.D. Va. 2002) (emphasis in original; citation and alteration omitted); <u>see also</u> <u>United States v. Beckford</u>, 962 F. Supp. 804, 814-15 (E.D. Va. 1997) (interpreting the identically worded statutory mitigating factor at former 21 U.S.C. § 848(m)(8)). Under well-settled law, Section 3592(a)(4) does not invite the jury to weigh all potentially provable aggravating and mitigating factors for each co-defendant, including evidence that co-defendants have committed other crimes unrelated to their participation in the charged capital offense. "The sentencing hearing should not be an evidentiary free-for-all." <u>United States v. Feliciano</u>, 998 F. Supp. 166, 172 (D. Conn. 1998) (internal quotation marks omitted). As the <u>Feliciano</u> court noted:

> The admission of evidence [about co-defendants] not related to the act with which defendants are charged with a death-penalty eligible offense . . . presents a grave risk that the penalty phase will become a series of 'mini-trials' regarding the aggravating and mitigating factors [present with respect to co-defendants].

<u>Id.</u> at 172 n.10.

7

Accordingly, the government moves to preclude any evidence offered pursuant to Section 3592(a)(8) or otherwise that Massino, Vitale, DeFilippo, Tartaglione, or any other co-defendant is culpable for crimes or acts other than the capital murder at issue here.

### 3. Mitigating Factor Ten: Evidence Related to the Victim's Culpability

The defendant's tenth proposed mitigating factor states that "[b]y voluntarily choosing to engage in violent criminal conduct, the victim in this case, Randolph Pizzolo, willingly participated in dangerous and illegal activities, a circumstance that contributed to his unfortunate death." This proposed "blame the victim" mitigator is inappropriate and should be struck.

The Federal Death Penalty Act permits a defendant to allege as a mitigating factor a variety of statutory mitigating factors relating to the defendant's background and the offense, or generally any "[o]ther factors in the defendant's background, record, or character or any other circumstances of the offense that mitigate against imposition of the death sentence." 18 U.S.C. § 3592(a)(1)-(8). Conduct of the victim is not, nor could it be, relevant evidence of the "defendant's background, record or character." Indeed, the language of the proposed mitigator ignores the fact that the jurors will have already convicted the defendant of Pizzolo's deliberate and intentional murder. Pizzolo's own conduct has no relevance to the jury's determination of a proper sentence for that crime. Accordingly, the government moves to strike proposed mitigating factor Ten.

### 4. Mitigating Factor Eleven: The Evidence is Insufficient to Justify a Sentence of Death

The defendant's eleventh proposed mitigating factor is that "[t]he evidence does not establish Mr. Basciano's guilt of the capital offense, the murder of Randolph Pizzolo, with sufficient certainty to justify the imposition of a sentence of death." This is not a mitigating factor – it improperly states to the jury an erroneous standard of proof. By returning a verdict of guilty on Count Two, the jury has already determined that the evidence "establishes Mr. Basciano's guilt" under the actual standard of proof beyond a reasonable doubt. Because proposed mitigating factor Eleven is vague and improperly suggests to the jury that a burden of proof higher than proof beyond a reasonable doubt applies in this case, it should be stricken.

8

### 5. Mitigating Factor Twelve: Suffering of Others

The defendant's twelfth proposed mitigating factor is that "[i]f Mr. Basciano is executed, others will suffer grief and loss, including his family and friends." The government moves to strike this proposed factor because it is not relevant to the defendant's background or character or to the circumstances of the offense.

The effect on others of executing the defendant bears no rational relation to the circumstances of the offense, and is at best indirectly related to the defendant's character and background. See, e.g., Stenson v. Lambert, 504 F.3d 873, 892 (9th Cir. 2007) (upholding, on deferential review, exclusion of mitigating factor relating to the impact on others of executing the defendant); Jackson v. Dretke, 450 F.3d 614, 618 (5th Cir. 2006) (same, denying certificate of appealability). But see United States v. Fell, 2005 WL 1634067, at *2 (D. Vt. July 5, 2005) (permitting mitigating factor). In Stenson, the defendant sought to introduce evidence about "the impact of [his] execution on his family, particularly on his three young children and his father, who suffered from a heart condition." Stenson, 504 F.3d at 891. The trial court excluded the testimony, but permitted "extensive testimony from Stenson's family members and friends about their relationships with Stenson and whether they would continue those relationships while Stenson was in prison." Id. at 892. The Ninth Circuit affirmed the denial of the defendant's 28 U.S.C. § 2254 petition, observing as follows:

> The testimony the trial court excluded encompassed a very narrow swath of evidence, revealing only what Stenson's family members' opinions were as to the sentence Stenson should receive. Although mitigating evidence need not relate directly to the offense, the evidence Stenson argues should have been admitted simply does not relate to "any aspect of his character or record" that was not addressed by the testimony given. Stenson cannot point to any federal case requiring admission of "execution impact" testimony because there are no such cases.

Id. at 892 (quoting Lockett, 438 U.S. at 604 (alteration omitted)). Similarly, in Jackson, the defendant sought to introduce testimony from his friends and family as to "(1) whether they wanted him to die and (2) what the impact on

them would be if he were executed." <u>Jackson</u>, 450 F.3d at 615. The trial court excluded the evidence. On appeal of the denial of his subsequent Section 2254 petition, the Fifth Circuit denied a certificate of appealability, holding as follows:

> Evidence of impact on friends and family does not reflect on Jackson's background or character or the circumstances of his crime, so Jackson's proffer of that evidence does not [merit Section 2254 relief]. As the district court put it, "The testimony Jackson wished to present is not relevant either to the degree of harm Jackson's crime caused or to Jackson's moral culpability for the crime."

<u>Id.</u> at 618 (alteration and formatting omitted).

Although a court in the District of Vermont ruled otherwise in <u>Fell</u>, that court's reasoning is instructive. The court acknowledged that "[t]hird party impact testimony" could easily elide into an improper argument for sympathy, but permitted such testimony because it might "shed light on Fell's background and character by providing testimony about any 'positive qualities,' 'his capacity to be of emotional value to others' and the nature of his interpersonal relationships." <u>Fell</u>, 2005 WL 1634067, at *2.

The government respectfully submits that the principles underlying the <u>Fell</u> court's decision can be vindicated without reaching the same result. To the extent that aspects of the defendant's character and background are the underlying causes of the grief and loss that his family members would experience should he be executed, those attributes can be established and argued. Indeed, the defendant has already alleged those factors directly: In mitigating factor Fifteen, the defendant alleges that "his life has value." In mitigating factor Fourteen, the defendant alleges that he "has proven himself to be capable of acts of generosity and kindness."

By contrast, as even the <u>Fell</u> court noted, focusing on the grief and loss that others would experience should the defendant be executed would encourage the jury to decide this case based on sympathy and passion rather than on reason. <u>See id.</u> (holding that "[t]estimony regarding the effect of Fell's execution should be limited to the extent it relates to his background, record or character . . . . [S]ympathy for a

defendant's family should not be considered by the jury in mitigation.").

Indeed, although the law permits a victim's family member to testify about the impact of the defendant's offense, victim's family members may not opine concerning the sentence the defendant should receive or what effect the defendant's execution or non-execution would have on their family. See Booth, 482 U.S. at 508-09.[2] Such opinions would inexorably lead the jury away from reason and toward sympathy. Basic principles of fairness thus counsel against permitting the defense to offer such opinions. As the Supreme Court stated in Payne:

> We reaffirm the view expressed by Justice Cardozo in Snyder v. Massachusetts: "Justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true."

Payne, 501 U.S. at 826-27 (internal quotation marks and citation omitted).

Accordingly, the government respectfully submits that the defendant should not be permitted to allege "execution impact" evidence as proposed in mitigating factor Twelve.

### 6. Defendant Basciano Suffered an Abusive Childhood

In mitigating factor Thirteen, the defendant alleges that "Mr. Basciano suffered an abusive childhood." This factor appears on its face to allege mental health mitigation. The defendant has not given any notice of mental health mitigation, and has, to the contrary, repeatedly indicated that he will not offer mental health evidence. Accordingly, the government moves to strike this factor or to rephrase it in an admissible way.

---

[2] In Tennessee v. Payne, the Supreme Court overruled that part of Booth's holding precluding evidence of the victim's character and the harm caused by the defendant's commission of the offense. Payne, 501 U.S. at 825. The Court, however, specifically preserved that part of Booth's holding precluding victims' family members from opining about the defendant and the appropriate sentence. Id. at 830.

    B.    The Court Should Consolidate Certain of the
           Defendant's Mitigating Factors

        1.    Mitigating Factors Four Through Six Are
             Duplicative and Should Be Consolidated
             Into a Single Factor

The defendant's mitigating factors Four through Six are as follows:

    4. Dominick Cicale will not be sentenced to death for his role in the murder of Randolph Pizzolo.

    5. Michael Mancuso will not be sentenced to death for his role in the murder of Randolph Pizzolo.

    6. Anthony Aiello will not be sentenced to death for his role in the murder of Randolph Pizzolo.

These three statements relate to the same ultimate mitigating factor -- the claim that other persons are equally culpable for the charged crime and will not be punished by death. The defendant has separated out various components of that factor into multiple mitigating factors in a transparent attempt to present a larger number of mitigating factors to the jury. The government thus submits that the defendant's proposed mitigating factors Four through Six should properly be restated in one mitigating factor.

        2.    Mitigating Factors Fourteen Through Sixteen Are
             Duplicative and Should Be Consolidated
             Into a Single Factor

The defendant's fourteenth proposed mitigating factor is that "Mr. Basciano has proven himself to be capable of acts of generosity and kindness." His fifteenth proposed mitigating factor is that "Mr. Basciano's life has value." His sixteenth proposed mitigating factor is that "[o]ther relevant circumstances weigh against imposition of a sentence of death." Each of these three proposed factors states essentially the same thing -- alleged more succinctly in factor Fifteen -- that Mr. Basciano's life has value. Mitigating factors Fourteen and Sixteen are simply the "facts" that underlie the "factor" expressed in mitigating factor Fifteen. See Wilson, 493 F. Supp. 2d at 523.

The government does not object to the factor "Mr. Basciano's life has value," or some variation thereof. As currently phrased, however, mitigating factors Fourteen, Fifteen and Sixteen encompass the whole of the jury's required decision-making process. That is, the conclusion that the defendant's human qualities make his life worth saving is one that can be drawn only after weighing the defendant's human qualities, along with the other mitigating factors, against the aggravating factors, and then determining whether the aggravating factors sufficiently outweigh the mitigating factors to merit a sentence of death. See 18 U.S.C. § 3593(e). The proposed mitigating factors, as currently phrased, are therefore too broad and encourage the jury to weigh other factors in a manner inconsistent with the methodical procedures prescribed by law.

Lastly, proposed mitigating factor Sixteen is not a mitigating factor at all – it simply repeats what the jury will be told during the court's instructions. As the statute indicates, any juror may consider "[o]ther factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence." 18 U.S.C. § 3592(a)(8). Because proposed mitigating factor Sixteen is vague and merely repeats the jury instruction, it should be stricken.

   C.   Evidence Offered in Support of Execution Impact
        Mitigating Factors and Opinions Regarding
        Appropriate Punishment

The government moves, pursuant to the statutory and case law discussed above, and pursuant to 18 U.S.C. § 3593(c), to preclude (a) opinions as to the impact of the defendant's execution on others and (b) opinions by witnesses as to the appropriate punishment in this case. See 18 U.S.C. § 3593(c); Charge of the Hon. Raymond J. Dearie, United States v. Martin Aguilar, 01-CR-1367 (E.D.N.Y.), at 5 ("Because the law does not permit any witness to state whether he or she personally favors or opposes the death penalty in this case, you should draw no inference either way from the fact that no witnesses have testified as to their views on this subject.").

As discussed above, the defendant may properly introduce evidence about the value of his relationships with his friends and family through testimony on that topic. The Court should permit "extensive testimony from [the defendant's] family members and friends about their relationships with [the defendant] and whether they would continue those relationships while [he] was in prison." Stenson, 504 F.3d at 892. There is

13

no need, however, to shroud otherwise admissible testimony in layers of prejudicial testimony aimed at securing the jury's sympathy.

III. Conclusion

For the foregoing reasons, the government respectfully requests that the Court strike the defendant's proposed mitigating factors One, Two, Three, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen and Sixteen, and that the defendant's proposed mitigating factors Four through Six be consolidated into one mitigating factor and that factors Fourteen and Fifteen similarly be consolidated into one mitigating factor.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____
Taryn A. Merkl
Nicole M. Argentieri
Jack Dennehy
Stephen E. Frank
Assistant U.S. Attorneys
(718) 254-6064/6232/6133/6143

cc:  Defense Counsel (by ECF)