

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:NMA/SEF

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

May 27, 2011

<u>By ECF</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  <u>United States v. Vincent Basciano</u>
>      <u>Criminal Docket No. 05-060 (S-12)(NGG)</u>

Dear Judge Garaufis:

Pursuant to the Court's order, the government respectfully submits that the following language should be included in the charge to the jury related to the preliminary intent factor:

> When determining whether intent or knowledge has been proven, you may consider any statements and acts of the Defendant and any other facts and circumstances in evidence that may aid in your determination.  You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or committed.
>
> In order to find the Defendant had the required mental state, you must find that the defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and that Randolph Pizzolo died as a direct result of the act undertaken by the Defendant.

In satisfying this element, it is enough under the law if the Defendant aided and abetted another person in the commission of the offense.  That is, if the Defendant willfully associated himself with the plan to kill Randolph Pizzolo and willfully participated in it as something he wanted to bring about, then the Defendant knowingly and willfully aided and abetted another person in the commission of a crime and is as guilty as if he personally committed it.

For this element, as I previously instructed you during the guilt phase, you must also assess whether the Defendant's conduct actually and proximately caused the death of Randolph Pizzolo.  "Actual cause" means that the Government must, at least, prove that the Defendant's conduct forged a link in the chain of causes that brought about the death of Randolph Pizzolo.  That is, the Defendant's actions must have actually contributed to the death.  If you find that they did, the Defendant is not relieved of responsibility because other causes may have also contributed.

"Proximate cause" means that there is a sufficient causal connection between the act of the Defendant and the death of the victim.  Proof of proximate causation requires evidence that the Defendant's act was a substantial factor in bringing about or actually causing death, that is, if the death was a reasonably foreseeable consequence of the Defendant's actions.  A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of a death.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause a death.  The Defendant's act is not a proximate cause of a death if the death was not the reasonably foreseeable consequence of the Defendant's actions, or if the death was caused by an unforeseeable intervening event

3

    that was the sole proximate cause of the victim's death.

    Therefore, to summarize my instructions, you can find the preliminary intent factor satisfied if you find that the Defendant participated in an act contemplating that the life of Randolph Pizzolo would be taken or that lethal force would be used against him, and if you find that the Defendant's actions contributed to Randolph Pizzolo's death and that his death was a reasonably foreseeable consequence of the Defendant's actions.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                By:   /S/
                      Taryn Merkl
                      Nicole M. Argentieri
                      Jack Dennehy
                      Stephen E. Frank
                      Assistant U.S. Attorneys
                      (718) 254-6064/6232/6133/6132

cc:   Clerk of Court (NGG)(by ECF)
      Defense Counsel (by Email & ECF)