UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

**FINAL PENALTY-
PHASE JURY CHARGE
05-CR-060 (NGG)**

v.

VINCENT BASCIANO,

Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

## I.      Introduction

Members of the jury, now that the evidence in the penalty phase of this case has been
presented and the attorneys for the Government and Mr. Basciano have concluded their closing
arguments, it is my responsibility to instruct you as to the law that governs this phase.

Regardless of any opinion you may have as to what the law may be or should
be, it would be a violation of your oaths as jurors to base your sentencing decision upon any view
of the law other than that given to you in these instructions.

Some of the legal principles that you must apply in this phase are the same as those you
followed in reaching your verdict as to the guilt of this Defendant.   Others are different.   The
instructions I am giving you now are a complete set of instructions about the law applicable to
the penalty phase.   I have prepared them to ensure that you clearly understand your duties during
this extremely serious phase of the case.   I have also prepared a Special Verdict Form that you
must complete.   The Special Verdict Form details special findings you must make in this phase
of the case.   It will help you perform your duties properly.

1

COURT'S
EXHIBIT NO. 31
IDENTIFICATION/EVIDENCE
DKT.# _____
DATE: _____
PENGAD 800-631-6989

## II.   Burden of Proof

As I instructed you at the beginning of this phase of the trial, the Government must meet its burden of proving the preliminary intent factor, at least one statutory aggravating factor, and any non-statutory aggravating factors beyond a reasonable doubt. A "reasonable doubt" is a doubt based upon reason and common sense, after careful and impartial consideration of all the evidence. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

The Defendant does not have the burden of disproving the existence the preliminary intent factor, or any of the statutory or non-statutory aggravating factors. The burden of proof regarding those factors is wholly upon the Government; the law does not require the Defendant to produce any evidence about those factors at all.

In addition, the Defendant is not required to assert or prove any mitigating factors. However, because the Defendant has asserted mitigating factors in this case, I instruct you that the Defendant bears the burden to prove these mitigating factors by a preponderance of the evidence. "By a preponderance of the evidence" is a lesser standard of proof than "beyond a reasonable doubt." To prove a factor by a preponderance of the evidence means to prove that it is more likely true than not true. You should make this determination by considering all of the evidence and deciding what evidence you find believable.

The existence of an aggravating or mitigating factor is not necessarily determined by the sheer number of witnesses or exhibits presented by the Government and the Defendant. Rather, it is the quality and persuasiveness of the evidence that controls.

2

As I indicated to you during jury selection, your decision regarding whether to impose a sentence of death or life imprisonment is a personal, moral decision that each of you must make individually. I instruct you that the Government must prove to each of you, individually and beyond a reasonable doubt, that a sentence of death should be imposed in this case. Life imprisonment is presumed to be the appropriate sentence unless the Government meets this burden. If even one of you votes to impose a sentence of life imprisonment, the penalty will be life imprisonment without the possibility of release.

**III.    Evidence**

In making all the determinations you are required to make in the penalty phase, you may consider any evidence that was presented during the trial phase as well as evidence that was presented during the penalty phase.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. In deciding whether to believe a witness's testimony, you should consider, among other things, the witness's intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, any motives the witness may have for testifying a certain way, the manner of the witness while testifying, whether the witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

I cannot stress to you enough the importance of giving your careful and thorough consideration to all the evidence you have seen and heard.

3

## IV.     The Deliberative Process

I remind you that Count Two of the Superceding Indictment, the murder of Randolph Pizzolo in aid of racketeering, is the only capital count in this case.   Let me now discuss with you the deliberative steps you should follow in considering the penalty for this count.   I will first list and briefly describe each of these deliberative steps.   I will then elaborate upon each of them.

First, you must consider whether the Government has proven, beyond a reasonable doubt and to your unanimous agreement, that the Defendant was at least eighteen years old at the time he committed the capital offense of which you have found him guilty.

Second, you must consider whether the Government has proven, beyond a reasonable doubt and to your unanimous agreement, the "preliminary intent factor" established by Congress as to the capital offense of which you have found the Defendant guilty.

Third, you must consider whether the Government has proven, beyond a reasonable doubt and to your unanimous agreement, one or more "statutory aggravating factors" as to the capital offense of which you have found the Defendant guilty.

Fourth, you must consider whether the Government has proven, beyond a reasonable doubt and to your unanimous agreement, any "non-statutory aggravating factors" as to the capital offense of which you have found the Defendant guilty.

Fifth, you must consider whether any of you finds that the Defendant has proven, by a preponderance of the evidence, any mitigating factors as to the capital offense of which you have found the Defendant guilty.

Sixth, each of you must weigh the aggravating factors you have all found to exist against the mitigating factors you have individually found to exist.   If you have found that any

4

mitigating factors exist, then you must decide whether all the aggravating factors unanimously found sufficiently outweigh any mitigating factors you have individually found so as to justify a sentence of death. Regardless of whether you have found any mitigating factors exist, you must decide whether the aggravating factors you found unanimously are sufficient to justify a sentence of death.

## V.    Age of the Defendant

Title 18, United States Code, Section 3591, provides that "no person may be sentenced to death who was less than 18 years of age at the time of the offense." Thus, before you may consider whether or not to impose the death penalty, you must first unanimously determine beyond a reasonable doubt that the Defendant was eighteen years of age or older at the time of the offense.

If you unanimously make that finding, you should so indicate in Section I of the Special Verdict Form and continue your deliberations. If you do not unanimously make that finding, you should so indicate in Section I of the Special Verdict Form, and no further deliberations will be necessary.

The parties agree that the Defendant Vincent Basciano was born on November 14, 1959 and became eighteen years old on November 14, 1977, and that the capital offense charged in this case was committed on or about November 30, 2004.

## VI.    The Preliminary Intent Factor

Before you may consider the imposition of the death penalty, you must unanimously find beyond a reasonable doubt that the Defendant killed Randolph Pizzolo with the mental state described below. If you unanimously make this finding as to the murder of Randolph Pizzolo,

5

you should so indicate on the Special Verdict Form and continue your deliberations. If you do not unanimously make this finding, you should so indicate in Section II of the Special Verdict Form. No further deliberations will be necessary.

The Government alleges that:

The Defendant intentionally participated in an act, contemplating that the life of Randolph Pizzolo would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Randolph Pizzolo died as a direct result of the act.

When determining whether intent or knowledge has been proven, you may consider any statements and acts of the Defendant and any other facts and circumstances in evidence that may aid in your determination. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or omitted.

In order to find the Defendant had the required mental state, you must find that the defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and that Randolph Pizzolo died as a direct result of the act undertaken by the Defendant.

It is enough under the law if the Defendant aided and abetted another person in the commission of the offense. That is, if the Defendant willfully associated himself with the plan to kill Randolph Pizzolo and willfully participated in it as something he wanted to bring about, then the Defendant knowingly and willfully aided and abetted another person in the commission of a crime and is as culpable as if he personally committed it.

As I previously instructed you during the guilt phase, you must also assess whether the

6

Defendant's conduct actually and proximately caused the death of Randolph Pizzolo. "Actual cause" means that the Government must, at least, prove that the Defendant's conduct forged a link in the chain of causes that brought about the death of Randolph Pizzolo. That is, the Defendant's actions must have actually contributed to the death. If you find that they did, the Defendant is not relieved of responsibility because other causes may have also contributed.

"Proximate cause" means that there is a sufficient causal connection between the act of the Defendant and the death of the victim. Proof of proximate causation requires evidence that the Defendant's act was a substantial factor in bringing about or actually causing death, that is, if the death was a reasonably foreseeable consequence of the Defendant's actions. A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of a death. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause a death. The Defendant's act is not a proximate cause of a death if the death was not the reasonably foreseeable consequence of the Defendant's actions.

Therefore, to summarize my instructions, you can find the preliminary intent factor satisfied if you find that the Defendant aided and abetted in the murder of Randolph Pizzolo, contemplating that the life of Randolph Pizzolo would be taken or intending that lethal force would be used in connection with him, and Randolph Pizzolo died as a direct result of Defendant's act—that is, Defendant's act was the actual and proximate cause of Randolph Pizzolo's death.

Any finding that the preliminary intent factor has been proven unanimously and beyond a reasonable doubt must be based upon the Defendant's actions and intent. You may not rely

7

solely upon your previous verdict of guilt or your factual determinations therein when determining whether the preliminary intent factor has been proven.   Instead, you must now each decide this issue for yourselves again.

**VI.   Introduction to Statutory Aggravating Factors**

If, and only if, you unanimously find that the preliminary intent factor has been proven beyond a reasonable doubt, then you must proceed to consider whether any statutory aggravating factors exist.

The Government alleges two statutory aggravating factors.   They are:

1.     That the Defendant has previously been convicted of an offense punishable by a term of imprisonment of more than one year, and involving the use or attempted or threatened use of a firearm against another person, and

2.     That the Defendant committed the murder of Randolph Pizzolo after substantial planning and premeditation.

I remind you that to find the existence of a statutory aggravating factor, your decision must be unanimous and beyond a reasonable doubt.

During your deliberations, you may consider and find more than one statutory aggravating factor, but your finding as to each must be unanimous and beyond a reasonable doubt.

In deciding whether the evidence establishes the existence of a statutory aggravating factor beyond a reasonable doubt, you should consider all of the relevant evidence in this case. At this stage of your deliberations, you may consider only the two statutory aggravating factors cited by the Government, not the non-statutory aggravating factors that I will describe later in these instructions.

8

A.    **The First Statutory Aggravating Factor: Previous Conviction of a Violent Felony Involving a Firearm**

The Government alleges that the Defendant has previously been convicted of a violent felony involving a firearm.   To establish the existence of this factor, the Government must prove that the Defendant previously committed an offense punishable by a term of imprisonment of more than one year, and involving the use or attempted or threatened use of a firearm against another person.   The Government alleges that, in two prior proceedings, the Defendant has been convicted of two crimes, either one of which establishes this statutory aggravating factor:

(1)    Defendant's 1987 Conviction: Criminal Possession of a Weapon

The Government alleges that the Defendant was convicted for criminal possession of a weapon in the third degree on June 19, 1987, in connection with the attempted murder of David Nunez.   To find this statutory aggravator on the basis of Defendant's 1987 conviction, you must unanimously find that the Government has proven beyond a reasonable doubt that the Defendant was previously convicted of criminal possession of a weapon in the third degree, and that this offense involved the use, attempted use, or threatened use of a firearm against another person.   If you are convinced that the Government has, in fact, proven beyond a reasonable doubt that the defendant was previously convicted of criminal possession of a weapon in the third degree, you are instructed that that offense is, in fact, a felony.

(2)    Defendant's 2008 Conviction

a.    Substantive Racketeering—Murder of Frank Santoro

The Government also alleges that, on April 7, 2008, Defendant was convicted on a charge of substantive racketeering, with included a violent predicate (the murder of Frank Santoro).   To

9

find the statutory aggravator on the basis of this conviction, you must unanimously find that the Government has proven beyond a reasonable doubt that the Defendant was previously convicted of substantive racketeering based, in part, on the predicate act of murder.  You must also find that this offense involved the use, attempted use, or threatened use of a firearm against another person.  If you are convinced that the Government has, in fact, proven beyond a reasonable doubt that the defendant was previously convicted of substantive racketeering with the predicate act of murder, you are instructed that that offense is, in fact, a felony.

I further instruct you that in order to find that the Defendant has previously been convicted of a violent felony involving a firearm, you must unanimously agree on which offense or offenses establish this factor.  In other words, all twelve of you must agree that the Government has proven, beyond a reasonable doubt, that statutory aggravator is present because of (a) the Defendant's 1987 conviction for criminal possession of a firearm in the third degree, or (b) the Defendant's 2008 conviction for substantive racketeering with the predicate act of murder.  You may also unanimously find that more than one of these previous convictions establish the first statutory aggravator.  However, it is not sufficient that some of you find this statutory aggravator is present due to one previous conviction and some of you find that this statutory aggravator is present due to a different previous conviction.

Your finding as to whether the Defendant has previously been convicted of a violent felony involving a firearm must be indicated in the appropriate space in Section II of the Special Verdict Form.  In that same Section, you must indicate which of Defendant's previous convictions, if any, establish this factor.

10

**B.     The Second Statutory Aggravating Factor: Substantial Planning & Premeditation**

The second statutory aggravating factor that the Government alleges with regard to the capital count is that the Defendant committed the offense after substantial planning and premeditation.   To establish the existence of this factor, the Government must prove beyond a reasonable doubt that the Defendant engaged in substantial planning and premeditation to cause the death of Randolph Pizzolo.

"Planning" means mentally formulating a method for doing something or achieving some end.   "Premeditation" means thinking or deliberating about something and deciding whether to do it beforehand.   "Substantial" planning and premeditation means a considerable or significant amount of planning and premeditation.

To find this statutory aggravator, you must unanimously agree.   Your finding as to whether the Defendant engaged in "substantial planning and premeditation" must be indicated in the appropriate space in Section III of the Special Verdict Form.

If you do not unanimously find that the Government has proven beyond a reasonable doubt at least one statutory aggravating factor, your deliberations are concluded.   Please mark your finding on Section III of the Special Verdict Form.

If, however, you do unanimously find that one or more of the statutory aggravating factors has been proven beyond a reasonable doubt, then you should record your findings on the Special Verdict Form and proceed to consider non-statutory aggravating factors.

**VII.   Non-Statutory Aggravating Factors**

If, and only if, you have unanimously found that the Government has proven the

11

existence of the preliminary intent factor and the existence of one or more statutory aggravating factors beyond a reasonable doubt, you must then consider whether the Government has proven the existence of any non-statutory aggravating factors.

As with statutory aggravating factors, you must unanimously find that the Government has proven beyond a reasonable doubt the existence of a non-statutory aggravating factor before you may consider that factor in your deliberations as to the appropriate punishment for the Defendant.

In addition to any statutory aggravating factors you have found, the law permits you to consider and discuss the non-statutory aggravating factors specifically claimed by the Government and listed below.   You are not free to consider any other aggravating factors that you conceive of on your own.   You may not consider the relative cost to taxpayers of executing Mr. Basciano rather than incarcerating him in prison pursuant to a sentence of life without the possibility of release.

During your deliberations you may consider and find more than one non-statutory factor, but your finding as to each must be unanimous and beyond a reasonable doubt.   Any finding that one or more of the non-statutory aggravating factors have been proven unanimously and beyond a reasonable doubt must be based upon the Defendant's actions, knowledge, or intent.

The non-statutory aggravating factors alleged by the Government are:

1.  Future Dangerousness of the Defendant:  The Defendant represents a continuing danger to the lives and safety of other persons, that is, the Defendant is likely to commit criminal acts of violence in the future, while incarcerated, that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following.   I

12

instruct you that in order to find that the Defendant represents a future danger, you must unanimously agree on at least one of the possible theories.   It is not sufficient if some of you find that this aggravator has been proven based on one theory and some find that it has been proven based on another.   In other words, all twelve of you must agree that the Government has proven the same theory or theories of future dangerousness beyond a reasonable doubt.

       (a)    <u>Membership in an Organized Criminal Enterprise</u>:   The Defendant has demonstrated a sworn allegiance to, active membership in, and leadership of the Bonnano organized crime family of La Cosa Nostra, a criminal enterprise as defined by statute, and the Defendant has continued his participation in that criminal enterprise despite incarceration.

       (b)    <u>Continuing Pattern of Violence</u>:   Throughout his life, the Defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including the crimes charged in the indictment and other murders, attempted murders, murder conspiracies, murder solicitations, and murder authorizations.

       (c)    <u>Low Rehabilitative Potential</u>:   The Defendant has demonstrated a low potential for rehabilitation as evidenced by his longstanding involvement in violent criminal activities leading up to the capital offense charged in the Superseding Indictment, and his continued participation in criminal activities despite incarceration.

       (d)    <u>Lack of Remorse</u>:   The Defendant has demonstrated a lack of remorse for the capital offense committed in this case, as indicated by Defendant's statements and actions during the course of and following the offense.

   2.  <u>Murder to Increase Standing within an Organized Criminal Enterprise</u>:   The Defendant sought Randolph Pizzolo's death in order to increase his standing in and leadership of

the Bonanno organized crime family of La Cosa Nostra, a criminal enterprise as defined by statute.

3.  Obstruction of Justice:  To attempt to obstruct justice, the Defendant has engaged in conduct involving violence and threats of violence, including but not limited to murder conspiracy and murder solicitation.

4.  Participation in Additional Uncharged Homicides or Other Serious Crimes of Violence:  The Defendant has participated in uncharged murders, attempted murders, murder conspiracies, murder solicitations and murder authorizations, and other serious crimes of violence.  I instruct you that in order to find this aggravator, you must unanimously agree on which uncharged crime or crimes the Government has proven beyond a reasonable doubt.

During the closing arguments, the Government stated that you could consider the alleged attempted murder of David Nunez and the alleged murder of Frank Santoro in determining whether the non-statutory aggravating factor "Participation in Additional Uncharged Homicides, Attempted Homicides, or Other Serious Crimes of Violence" has been proven.  I instruct you that you may not consider evidence of the Defendant's alleged participation in these two crimes of violence as evidence of this particular non-statutory aggravating factor.  You may, however, consider evidence of the Defendant's alleged participation in these two crimes for the purpose of establishing other statutory and non-statutory aggravating factors, such as previous convictions of crimes of violence involving a firearm and future dangerousness.

5.  Victim Impact Evidence:  As reflected by the victim's personal characteristics as a human being and the impact of the offense on the victim and the victim's family, the Defendant caused loss, injury, and harm to the victim and the victim's family.

14

This concludes the list of the non-statutory aggravating factors alleged by the Government. You must record whether you unanimously find that the Government has proven beyond a reasonable doubt the existence of any of these non-statutory aggravating factors. Please enter that finding in Section IV of the Special Verdict Form.

In the event that you unanimously find, beyond a reasonable doubt, that a particular non-statutory aggravating factor applies to the capital count in this case, you should indicate that finding on the Special Verdict Form. If you do not unanimously find that a non-statutory aggravating factor has been proven beyond a reasonable doubt with regard to the capital count, then you should indicate that finding on the Special Verdict Form.

Unlike the requirement regarding statutory aggravating factors, the jury is not required to find the existence of any non-statutory aggravating factors before proceeding to the weighing process. In other words, regardless of whether or not you unanimously find that any of the non-statutory aggravating factors were proven beyond a reasonable doubt, you are to continue your deliberations.

## VIII.  Introduction to Mitigating Factors

If you unanimously find that the preliminary intent factor and at least one statutory aggravating factor have been proven beyond a reasonable doubt, you must also decide whether the Defendant has established the existence of any mitigating factors. A mitigating factor is a factor that would suggest that a sentence of death is not justified. Mitigating factors can be statutory or non-statutory. As I instructed you before, mitigating factors need not be matters that excuse or justify the death-penalty-eligible crime. Further, the Defendant's mitigating evidence need not have a nexus to the death-penalty-eligible crime. It is for you alone to decide what

15

weight, if any, to give particular mitigating and aggravating factors.   To the extent that you have heard any arguments that are inconsistent with this instruction, please disregard them and follow only my instructions.

Unlike aggravating factors, which you may consider only if you unanimously find them proven beyond a reasonable doubt, the law does not require unanimity with regard to mitigating factors.   Any juror persuaded of the existence of a mitigating factor, whether statutory or non-statutory, must consider it in his or her final weighing of aggravating and mitigating factors.

It is the Defendant's burden to establish any mitigating factors, but he must do so by a "preponderance of the evidence," a lesser standard of proof than "beyond a reasonable doubt." A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so.   In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is more likely true than not true.

## IX.   **Mitigating Factors Enumerated**

The mitigating factors the Defendant asserts are:

1.      If not sentenced to death, Mr. Basciano will be imprisoned for the remainder of his life with no possibility of release.   This factor must be accepted as proven.

2.      The Federal Bureau of Prisons is capable of fashioning conditions of confinement that will control Mr. Basciano's activities while he is in prison.

3.      Dominick Cicale, Michael Mancuso, and/or Anthony Aiello are/is equally culpable in the murder of Randolph Pizzolo, and will not be punished by death.

16

4.      By voluntarily choosing to engage in violent criminal conduct, the victim in this case, Randolph Pizzolo, willingly participated in dangerous and illegal activities, a circumstance that contributed to his death.

5.      If Mr. Basciano is executed, others will suffer grief and loss, including his family and friends.

6.      Mr. Basciano has proven himself to be capable of acts of generosity and kindness.

7.      Mr. Basciano's life will have value to others if he is sentenced to spend the rest of his life in prison without the possibility of release.

8.      Other relevant circumstances weigh against imposition of the death penalty.

Mitigating factor 8, which derives from the Federal Death Penalty Act, permits you to consider anything else about the commission of the crime or about the Defendant's background or character or any other relevant circumstance that would mitigate against the imposition of the death penalty.  If any of you find any such mitigating factors, even ones not specifically argued by the defense, to be established by a preponderance of the evidence, you are permitted by law to consider them in your deliberations.

Your discretion in considering mitigating factors is much broader than your discretion in considering aggravating factors.  This was a choice expressly made by Congress in enacting the Federal Death Penalty Act.

You may find that one or more mitigating factors have been established; or you may find that no mitigating factors have been established.  Regardless of whether or not you find that any of the mitigating factors has been proven, you are to continue your deliberations.  If there are any mitigating factors that are established by a preponderance of the evidence, any juror, either

individually or with other jurors who find such mitigating factors proven, must consider them during your deliberations. In Section V of the Special Verdict Form, you are asked to identify any mitigating factors that any one or more of you finds has been proven by a preponderance of the evidence.

**X.     Weighing Aggravating and Mitigating Factors**

After you determine whether the Defendant proved the existence of any mitigating factors, you will engage in a weighing process. That means that each of you must weigh, in your own mind, any aggravating factor or factors that the jury unanimously finds to exist against any mitigating factor or factors that you individually find to exist. You shall then consider whether you are unanimously persuaded that the aggravating factor or factors proven sufficiently outweigh the mitigating factor or factors proven; or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death. As I previously instructed you, no jury is ever required to impose the death penalty.

As to aggravating factors, both statutory and non-statutory, all jurors must consider the aggravating factors that the jury unanimously found to be proven beyond a reasonable doubt. No juror, however, may consider any aggravating factor, statutory or non-statutory, that the jury has not unanimously found to be proven beyond a reasonable doubt.

As to mitigating factors, each juror must consider the mitigating factors that the juror individually found to be proven by a preponderance of evidence, regardless of whether or not other jurors found those mitigating factors proven. No juror, however, may consider a mitigating factor that he or she did not find to be proven by a preponderance of the evidence.

Although I have previously instructed you that you must unanimously find that the

18

preliminary intent factor was proven beyond a reasonable doubt for the Defendant to be eligible for a sentence of death, I instruct you now that you may not consider the preliminary intent factors when you weigh the aggravating and mitigating factors. Once again, you must weigh only the aggravating factor or factors that you unanimously find to exist beyond a reasonable doubt, whether statutory or non-statutory, and each of you must weigh any mitigating factors that you individually, or with others, have found to exist. Even if you determine that no mitigating factors have been proven to exist, however, you must consider whether the aggravating factors that have been proven are themselves sufficient to justify imposing a sentence of death.

In engaging in the weighing process, you must avoid any influence of passion, prejudice, or undue sympathy. Your deliberations should be based upon the evidence you have seen and heard and the law on which I have instructed you. Passion, prejudice, and arbitrary considerations have no role to play in your efforts to reach a just result in this case. In carefully weighing the various factors at issue in this case, you are called upon to make a unique, individualized judgment about the appropriateness of imposing the death penalty on the Defendant. Again, whether or not the circumstances in this case justify a sentence of death or life imprisonment without the possibility of release is a decision that the law leaves entirely to you.

The process of weighing aggravating and mitigating factors against each other in order to determine the proper punishment is not a mechanical process. In other words, you should not simply count the number of aggravating and mitigating factors and reach a decision based on which number is greater. Rather, you should consider the weight and value of each factor.

The law contemplates that different factors may be given different weights or values by

different jurors.   Thus, you may find that one mitigating factor outweighs all aggravating factors combined, or that the aggravating factors proven do not, standing alone, justify imposition of a sentence of death.   Or, you may unanimously find that a particular aggravating factor sufficiently outweighs all mitigating factors combined to justify a sentence of death.   Each juror must decide what weight or value to give to each aggravating and mitigating factor.

## XI.   Sentence of Death

If you unanimously determine that the aggravating factor or factors found to exist sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death, or that the aggravating factor or factors alone are sufficient to justify a sentence of death, you shall then record your determination that death is justified in Section VI of the Special Verdict Form.

## XII.   Sentence of Life

If you unanimously determine that the aggravating factor or factors found to exist do not sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death, or that the aggravating factor or factors alone are not sufficient to justify a sentence of death, then you shall record your determination that the Defendant be sentenced to life imprisonment without possibility of release in Section VI of the Special Verdict Form.

## XIII.   Consequences of Deliberation

At the end of your deliberations, if you unanimously determine the Defendant should be sentenced to death, the Court is required to impose that sentence for that count.   If you determine that the Defendant should not be sentenced to death for this count, then the Court will impose a sentence of life imprisonment without possibility of release.   These are the only two options

available as penalties for the murder of Randolph Pizzolo in aid of racketeering.

## XIV.   Duty to Deliberate

As stated in these instructions, it is your duty to consult with one another and to deliberate with a view to reaching unanimous agreement if you can do so while exercising your individual judgment.   Of course, you must not surrender your honest convictions as to the weight or effect of the evidence because of the opinions of other jurors or for the mere purpose of returning a verdict.   Each of you must decide the case for yourself, but you should do so only after thorough consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to re-examine your own views or to change your opinion if you are convinced it is wrong.   You must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to re-examine your own views.

Remember that you are not partisans.   Rather, you are judges—judges of the facts. Your sole interest is to seek the truth from the evidence.   You are the judges of the credibility of the witnesses and the weight of the evidence.

You may conduct your deliberations as you choose.   But I suggest that you carefully consider all the evidence bearing upon the questions before you.   You may take all the time that you feel is necessary.

## XV.   Justice without Discrimination

In considering whether a sentence of death is justified, you must not consider the race, color, religious beliefs, national origin, or sex of the Defendant or the victim.   You are not to return a sentence of death unless you would return a sentence of death for the crime in question

without regard to the race, color, religious beliefs, national origin, or sex of the Defendant or the victim.

To emphasize the importance of this consideration, Section VII of the Special Verdict Form contains a certification statement.   Each of you should carefully read the statement and, if it accurately reflects the manner in which you reached your decision, you should sign it using your juror number.

## XVI.   Special Verdict Form

I have prepared a "Special Verdict Form" to assist you during your deliberations.   You are required to record your decisions on this form.   In addition, you are each required to sign the Special Verdict Form.   You will do so using your juror numbers rather than your names.

Section I of the Special Verdict Form contains space to record your findings regarding the Defendant's age.   Section II of the Special Verdict Form contains space to record your findings regarding the preliminary intent factor.   Section III contains space to record your findings regarding statutory aggravating factors.   Section IV contains space to record your findings regarding non-statutory aggravating factors.   Section V contains space to record your findings regarding mitigating factors.   Section VI contains space to record your decision regarding the sentence.   Section VII of the Special Verdict Form contains space for you to certify that considerations of race, color, religious belief, national origin, and sex played no role in your decision.

## XVII.   Concluding Instruction

I will be giving each of you a copy of these instructions to take with you to the jury room. If you should desire to communicate with me at any time during your deliberations, please write

down your message or question and pass the note to the marshal, who will bring it to my attention.   I shall respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.

I caution you, however, with any message or question you might send, that you should not tell me any details of your deliberations or how many of you are voting in a particular way on any issue.

Let me remind you again that you should not interpret anything I have said in these instructions—or anything that I have said or done during the trial—to suggest what I think sentence should be imposed on the Defendant.   Making that decision is your exclusive duty and responsibility.

You may now go to the jury room and begin your deliberations.