UNOFFICIAL COPY
FOR JURORS' REFERENCE ONLY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

VINCENT BASCIANO,

                Defendant.
-------------------------------------------------------------X

SPECIAL VERDICT

05-CR-060 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

## I. Defendant's Age

We, the jury, unanimously find that the Government has established beyond a reasonable doubt that Defendant Vincent Basciano was at least 18 years of age on November 30, 2004.

YES ____

NO ____

If you indicated "yes" that the Government has established that Vincent Basciano was at least 18 years of age on November 30, 2004, proceed to Section II.

If you indicated "no" that the Government has not established that Vincent Basciano was at least 18 years of age on November 30, 2004, then stop your deliberations, cross out Sections II, III, IV, V, and VI of this form, and proceed to Section VII.

## II. Preliminary Intent Factor

We, the jury, unanimously find that the Government has established beyond a reasonable doubt that Defendant Vincent Basciano intentionally participated in an act, contemplating that the life of Randolph Pizzolo would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Randolph Pizzolo died as a direct result of the act.

YES ____

NO ____



1

If you indicated "yes" that the Government has established the Preliminary Intent Factor set forth in Section II, proceed to Section III, which follows.

If you indicated "no" that the Government has not established the Preliminary Intent Factor set forth in Section II, then stop your deliberations, cross out Sections III, IV, V, and VI of this form, and proceed to Section VII.

### III. Statutory Aggravating Factors

    A. Previous Conviction of Violent Felony Involving Firearm

        1. 1987 Conviction

We, the jury, unanimously find that the Government has established beyond a reasonable doubt that Defendant Vincent Basciano was previously convicted in 1987 in Bronx County of criminal possession of a weapon in the third degree, and that this offense was punishable by a term of imprisonment of more than one year, and involved the use or attempted or threatened use of a firearm against another person.

        YES_____

        NO_____

        2. 2008 Conviction

We, the jury, unanimously find that the Government has established beyond a reasonable doubt that Defendant Vincent Basciano was convicted in 2008 in the Eastern District of New York of racketeering with a predicate act of murder and murder conspiracy related to the murder of Frank Santoro, and that this offense was punishable by a term of imprisonment of more than one year, and involved the use or attempted or threatened use of a firearm against another person.

        YES_____

        NO_____

2

**UNOFFICIAL COPY**
**FOR JURORS' REFERENCE ONLY**

B. <u>Substantial Planning and Premeditation</u>

We, the jury, unanimously find that the Government has established beyond a reasonable doubt that Defendant Vincent Basciano committed the murder of Randolph Pizzolo, as charged in Count Two, after substantial planning and premeditation to cause the death of Randolph Pizzolo.

      YES_____

      NO_____

If you indicated "yes" for any question in Section III, proceed to Section IV, which follows.

If you indicated "no" for all questions in Section III, then stop your deliberations, cross out Sections IV, V and VI of this form, and proceed to Section VII of this form.

IV. **<u>Non-Statutory Aggravating Factors</u>**

    A. <u>Future Dangerousness of Defendant</u>

We, the jury, unanimously find that the Government has established beyond a reasonable doubt that Defendant Vincent Basciano is likely to commit criminal acts of violence in the future, while incarcerated, that would constitute a continuing and serious threat to the lives and safety of others. (In order to find this aggravating factor, you must unanimously agree that the Government has proven the same theory or theories of future dangerousness beyond a reasonable doubt.)

      YES_____

      NO_____

    B. <u>Murder to Increase Standing within an Organized Criminal Enterprise</u>

We, the jury, unanimously find that the Government has established beyond a reasonable doubt that Defendant Vincent Basciano sought Randolph Pizzolo's death in order to increase his standing in and leadership of the Bonanno organized crime family of La Cosa Nostra, a criminal enterprise as defined in Title 18, United States Code, Section 1959(b)(2).

      YES_____

      NO_____

    C.    <u>Obstruction of Justice</u>

We, the jury, unanimously find that the Government has established beyond a reasonable doubt that Defendant Vincent Basciano, to attempt to obstruct justice, has engaged in conduct involving violence and threats of violence, including but not limited to murder conspiracy and murder solicitation.

        YES_____

        NO_____

    D.    <u>Participation in Additional Uncharged Homicides, Attempted Homicides or Other Serious Crimes of Violence</u>

We, the jury, unanimously find that the Government has established beyond a reasonable doubt that Defendant Vincent Basciano has participated in uncharged murders, attempted murders, murder conspiracies, murder solicitations and murder authorizations, and other serious crimes of violence. (In order to find this aggravating factor, you must unanimously agree on which uncharged crime or crimes the Government has proven beyond a reasonable doubt.)

        YES_____

        NO_____

Regardless of whether or not you found that the Government has established one or more of the Non-Statutory Aggravating Factors in Section IV, proceed to Section V, which follows.

## V.   **Mitigating Factors**

For each of the following mitigating factors, you should indicate, in the space provided, the number of jurors who have found the existence of that mitigating factor to be proven by a preponderance of the evidence.

Your vote with respect to a mitigating factor need not be unanimous. A finding with respect to a mitigating factor may be made by one or more of the members of the jury, and any member of the jury who finds the existence of a mitigating factor may consider that factor established in considering whether or not a sentence of death shall be imposed, regardless of the number of other jurors who agree that the factor has been established.

    1.    If not sentenced to death, Mr. Basciano will be imprisoned for the remainder of his life with no possibility of release. (This factor must be accepted as proven.)

Number of jurors who so find: _____

2. The Federal Bureau of Prisons is capable of fashioning conditions of confinement that will control Mr. Basciano's activities while he is in prison.

    Number of jurors who so find: _____

3. Dominick Cicale, Michael Mancuso, and/or Anthony Aiello are/is equally culpable in the murder of Randolph Pizzolo, and will not be punished by death.

    Number of jurors who so find: _____

4. By voluntarily choosing to engage in violent criminal conduct, the victim in this case, Randolph Pizzolo willingly participated in dangerous and illegal activities, a circumstance that contributed to his death.

    Number of jurors who so find: _____

5. If Mr. Basciano is executed, others will suffer grief and loss, including his family and friends.

    Number of jurors who so find: _____

6. Mr. Basciano has proven himself to be capable of acts of generosity and kindness.

    Number of jurors who so find: _____

7. Mr. Basciano's life will have value to others if he is sentenced to spend the rest of his life in prison without the possibility of release.

    Number of jurors who so find: _____

8. Other relevant circumstances weigh against imposition of a sentence of death.

    Number of jurors who so find: _____

**UNOFFICIAL COPY
FOR JURORS' REFERENCE ONLY**

The following extra spaces are provided to write in additional mitigating factors, if any, found by any one or more jurors pursuant to factor 8. If none are found, write "NONE" and cross out the extra spaces with a large "X."

_____

_____

    Number of jurors who so find: _____

_____

_____

    Number of jurors who so find: _____

_____

_____

    Number of jurors who so find: _____

_____

_____

    Number of jurors who so find: _____

_____

_____

    Number of jurors who so find: _____

Regardless of your answers in Section V, proceed to Sections VI and VII, which follow.

### VI. Determination of Sentence

Based upon your consideration of whether the aggravating factor or factors found to exist are themselves sufficient to justify a sentence of death and sufficiently outweigh any mitigating factor or factors found to exist, render your verdict below for Count Two, the murder of Randolph Pizzolo in aid of racketeering.

    A.    Death Sentence

We, the jury, determine by unanimous vote that a sentence of death shall be imposed.

        YES_____

        NO_____

If you indicate "yes," sign your juror numbers here and then proceed to Section VII. If you indicate "no," the foreperson alone should sign on this page, and you should proceed to Section VI.B, which follows.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____
                                                                FOREPERSON

Date: _____, 2011

**UNOFFICIAL COPY**
**FOR JURORS' REFERENCE ONLY**

**B.     Sentence of Life in Prison without the Possibility of Release**

We, the jury, determine by unanimous vote that a sentence of life imprisonment without possibility of release shall be imposed.

       YES\_\_\_\_\_

       NO\_\_\_\_\_

If you indicate "yes," sign your juror numbers here and proceed to Section VII. If you indicate "no," the foreperson alone should sign on this page, and you should proceed to Section VII.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____
                                                                          FOREPERSON

Date: _____, 2011

UNOFFICIAL COPY
FOR JURORS' REFERENCE ONLY

## VII. Certification

By signing below using his or her juror number, each juror certifies that consideration of the race, color, religious beliefs, national origin, or sex of Defendant or the victim was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crime or crimes in question regardless of the race, color, religious beliefs, national origin, or sex of Defendant, or the victim.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                                                                          FOREPERSON

Date: _____, 2011