**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel.  (212) 608-1260
Fax (212) 980-2968
george@goltzer.com

June 10, 2011

**BY ECF & EMAIL**
The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

                Re:  United States v Vincent Basciano
                    05 CR 060 (S-12) (NGG)

Dear Judge Garaufis:

      We respectfully submit this letter in opposition to the request by the media to unseal transcripts of <u>ex parte</u> proceedings with the Court, the defendant and his counsel.

      The defense objects for the following reason, although the "trial is over" because, the jury rendered a verdict in this case, Basciano must file post-trial motions and prepare a sentencing memorandum for the Court. Therefore, counsel is concerned that any statements made by Basciano and/or counsel during the <u>ex parte</u> proceedings may prejudice Basciano. In particular, counsel is concerned that those statements would be made available to the Government prior to Basciano's post-trial motions are filed and his appeal filed in the Court of Appeals.  Especially, given that at the time Basciano addressed the Court, he did not contemplate that the proceedings would be made available to the Government or the media. And, Basciano's <u>ex parte</u> meetings with the Court involved discussion of the defense investigation and defense strategy concerning

Hon. Nicholas G. Garaufis
June 10, 2011
Page **2** of **2**

the case. Of particular concern, is that some of the witnesses interviewed by the defense and discussed with the Court have serious security concerns because, they were formerly part of the witness security program.  The defense has not found any case law that directly supports our request to keep the <u>ex parte</u> transcripts under seal, however certain courts have found that although there is "a strong presumption in favor of public access to materials submitted in evidence in open court,  they also have said that it does not apply to judicial documents traditionally treated as confidential and placed under seal. <u>See</u> <u>United States v. Graham</u>, 257 F.3d 143 (2d Cir.2001) (as to evidence that has been revealed in a public proceeding, in contrast to evidence submitted under seal, there is a strong presumption favoring public inspection and copying, but that presumption varies according to the role of the records in the exercise of judicial power and "the resultant value of such information to those monitoring the federal courts"; pre-sumption favoring disclosure especially strong as to evidence or documents that have been material to a court ruling and not as strong as "to documents such as preliminary settlement documents, which have not yet been submitted to a court for ratification").

      For the foregoing reasons, we respectfully request that the Court deny the media's request to unseal transcripts of ex parte meetings held during this trial. Furthermore, counsel would request that the Court keep the <u>ex parte</u> proceedings under seal until Basciano's counsel have been appointed for appeal.

                                      Respectfully submitted,

                                      _____/s/_____
                                      George Goltzer
                                      Richard Jasper
                                      Ying Stafford
                                      *Attorneys for Vincent Basciano*