-1-

7-30-11

Dear Judge Garaufis

FILED
CLERK
2011 AUG 19 PM 2:03
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

I am considering withdrawing my appeal that is currently pending before the second circuit in 10-3548-cr.

I have spoken to Michael Bachrach - one of the attorneys on that appeal - and explained to him that there is additional new information that was revealed during the '05 proceedings that plainly gives an unobstructed view on how this new information was exploited in the governments case in chief and in their summation during my '03 trials.

This new information is additional Brady material that was intentionally withheld from the '03 team.

My '05 attorneys are also aware of this information and called it "shocking"

Mr. Bachrach agrees that withdrawing the appeal in 10-3548-cr and consolidating it with a 2255 for 03 cr 929 due in January 2012 would be in my best interest.

Since my 2255 is due in January 2012, my major concern irrespective of consolidating the above matters is my ability to meet that deadline.

That ability, under my current conditions

of confinement make it virtually impossible to write a 2255 on my own.

I respectfully ask the court if it can appoint a lawyer familiar with the facts of my cases - '03 and '05 - since my ability to communicate with a new attorney and go over the myriad amount of issues will be severely hampered by my conditions of confinement due to SAMS, and my designation, ADX, to write a 2255 that is due in January 2012 pertaining to 03 CR 929.

Any additional information that the court may need to determine if my claims are meritorious can be substantiated if the court would be kind enough to contact Ms. Stafford, Richard Jasper or the attorneys assigned to the 10-3548-cr appeal.

I have absolutely no guidance, knowledge or ability to write a 2255. Especially under my current conditions of confinement.

It should be noted that this "new information" has not been addressed in the District Court or the Second Circuit Court of Appeals.

I hope the court will be understanding and appoint an attorney to help with these very important matters that I

addressed above.

On an unrelated matter the court needs to be aware that George Goltzer refuses to speak to me. Richard Jasper could attest to this.

It has been brought to my attention that an interview was conducted by George Goltzer and Ressie White's attorney Marc DeMarco.

That interview may have serious implications that need to be addressed in my 2255 pertaining to 03 CR 929.

During a legal call yesterday - 7-29-11 at 12:30 pm - Richard Jasper again confirmed that Goltzer did indeed interview White's attorney.

Thus far the fruits of that interview have been intentionally withheld from me which may further exacerbate any conflict issues between Goltzer and myself that may need to be addressed in my 2255.

If the court remembers Goltzer specifically requested the government "to respond whether they have any notes or memoranda of interviews with Mr. White that negate the notion that he (Basciano) committed misconduct while he (Basciano) was in custody"

The government responded by telling the court that they "have" met all their Brady obligations - TR. 9141 -

Subsequent to the above statement Ron Dwyer attempted to interview Reggie White at MDC Brooklyn.

White explained to Dwyer that he could not speak to him because white got "into alot of trouble" for speaking to Dwyer and Goltzer during a previous interview. Presumably white got "into alot of trouble" with the government because white disclosed that he was interviewed by the government about the "hit-list". White, during that interview - with the government in 2006 - claimed that he had no knowledge of any "hit-list" but was involved in Santeria with me. Hence that interview should have been disclosed as part of the governments Brady obligation when we were litigating the "hit-list". It never was.

White told Dwyer to speak to his attorney - Marc DeMarco - and he will explain why white got "into alot of trouble."

The attorney client privilege is the clients privilege to waive. White waives that privilege when he told Dwyer to have his

attorney - Marc DeMarco - explain why White - as a cooperating witness - got "into alot of trouble" when he spoke to both Goltzer and Dwyer on a previous occasion. However Goltzer not Dwyer spoke to White's lawyer. Goltzer did not conduct that interview in the presence of one of the two investigators that the court assigned to my -05 case.

From the onset there has been speculation - by the defense - that it was indeed Reggie White who initially made a false claim to the government that an innocuous Santeria list was a "hit-list". It was also the belief of the defense that White recanted his earlier statement which put him in the bad graces of the government. The defense also firmly believes that the government has covered-up the truth in-order to use that "list" to their full advantage.

Goltzer obviously is under the impression that any information which was given to him from White's lawyer regarding the "list" could put the lawyer in a compromising position. I disagree for the reasons I stated above.

However, Irrespective of my thoughts Goltzer's ethical obligation is supposed to be

to me.

Furthermore, while I sat at the defense table prior to being sentenced on July 20th 2011, I specifically asked Goltzer about his interview with White's attorney. Goltzer told me that he "didn't speak to him"

That statement by Goltzer was a bold-face lie! Jasper told me during a legal visit at the court-house prior to sentencing that Goltzer indeed spoke to DeMarco

I have no moral obligation towards cooperating witnesses or the attorneys that defend them when it comes to defending myself during litigation.

The Court was correct when it states that information — pertaining to white — should have been obtained "two years ago". And the Court had a reason to be angry when it states: "Mr. White was made available to the Defense about two years ago" and "you could have done this — (with an investigator) — two years ago, a year ago, six months ago, three months ago" - TR. 9144-45.

The Court was correct. But I am suffering the consequences of Goltzer's terrible lapses in judgment — while I sit in SHU — and Goltzer sits on the beach. Where he is today

and will be until Sunday July 31st.

I have been informed that Mr. Goltzer will ask to be removed from my '05 appeal due to obvious conflict issues that I raised during my ex-parte meetings with the court.

Since Mr. Goltzer has made himself a potential witness in any future litigation relating to the "list", regardings to information that was told to him by Reggie White's lawyer, could the court please appoint investigator Ron Dwyer — who had intentions of interviewing Marc DeMarco but was told not to — for the specific purpose of interviewing both Goltzer and Marc DeMarco to obtain what Reggie White's role was regarding this so-called "hit-list", why white got "into a lot of trouble" for disclosing what he said during his interview with the gov't. in 2006, and to reveal the bad-faith of the governments investigation.

In the alternative could the court order Goltzer to fully disclose what was said and what Goltzer learned about Reggie White — a cooperating witness — during Goltzer's defense interview with White's attorney.

If Mr. Goltzer refuses to speak to Ron Dwyer, myself and chose to take the

Fifth - During any judicial proceeding that may arise out of the issues I have raised above - would also have implications regarding ineffective assistance of counsel.

Ms. Stafford recently told me that she will not bring Dwyer in to see me since the court would not pay Dwyer for his visit.

I do not believe Ms. Stafford or Mr. Jasper could help with the above matters due to conflict issues.

The '03 Appellate team were assigned specifically to work on the '03 habeas.

My conditions of confinement leave me unable to defend myself.

I am on the mercy of the court and respectfully ask the court to please extend me the courtesies I requested above or any guidance the court could offer me would be greatly appreciated.

Respectfully Yours
- Vincent J. Basciano -

*(signature)*



Vincent J. Basciano - 30694.054
Metropolitan Correctional Cen)
150 Park Row
New York, New York

THE Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Legal Mail
Legal Mail
Legal Mail